Charles B. Christensen, Esq. (SBN 56728)
Sean D. Schwerdtfeger, Esq. (SBN 179521)
Anna R. Salusky, Esq. (SBN 222484)
CHRISTENSEN SCHWERDTFEGER & SPATH, LLP
550 West "C" Street, Suite 1660
San Diego, CA 92101
Tel. (619) 236-9343
Fax. (619) 236-8307

Attorneys for Plaintiff GRACE E. LA

FILED

08 MAR 21 PM 2:04

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CP

BY:                          DEPUTY

# UNITED STATE DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

GRACE E. LA,

               Plaintiff,

               v.

ANDRÁ LEONARD ALLEN; FOREVER
DIAMONDS, a business entity of unknown
origin, and DOES 1 through 50, inclusive,

               Defendants.

CASE NO.: **08 CV 0532 WQH WMc**

**COMPLAINT FOR:**

| | |
|---|---|
| (1) | **Violation of the Securities Act of 1933 [15 U.S.C. §§ 77a, et seq.] and the Securities Exchange Act of 1934 [15 U.S.C. §§ 78j, et seq.];** |
| (2) | **Violation of the Racketeer Influenced and Corrupt Organization Act [18 U.S.C. § 1965(a)];** |
| (3) | **Breach of Contract;** |
| (4) | **Account Stated;** |
| (5) | **Intentional Misrepresentation;** |
| (6) | **Negligent Misrepresentation;** |
| (7) | **Rescission of Sale of Security Induced by Seller's Misrepresentation or Omission of Material Fact;** |
| (8) | **Violation of Nevada Revised Code § 90.660;** |
| (9) | **Accounting; and** |
| (10) | **Declaratory Relief.** |

**[DEMAND FOR JURY TRIAL]**

## INTRODUCTORY ALLEGATIONS

Plaintiff, GRACE LA, alleges as follows:

1.    Plaintiff GRACE E. LA (hereinafter "Plaintiff"), an individual, is a citizen of the city

of San Diego, state of California.

///

///

2.      Plaintiff is informed and believes and thereon alleges that Defendant, ANDRÁ LEONARD ALLEN (hereinafter "ALLEN"), is and at all times herein mentioned was, an individual, who is a citizen of the state of Texas.

3.      Defendant, FOREVER DIAMONDS, is and at all times herein mentioned was, a business entity of unknown origin, with its principal place of business in the state of Nevada.

4.      The amount in controversy, exclusive of interest and costs, exceeds the amount of Seventy Five Thousand and No/100 Dollars ($75,000.00).

5.      Plaintiff's claim for relief arises under federal statutory law, specifically the Securities Act of 1933 ("SA") [15 U.S.C. §§ 77a, et seq.]; the Security Exchange Act of 1934 [15 U.S.C. §§ 78j, et seq.]; and the Racketeer Influenced and Corrupt Organization Act ("RICO") [18 U.S.C. § 1965(a)], as more fully described below.

6.      Plaintiff's remaining claims against Defendants for Breach of Contract, Account Stated, Intentional Misrepresentation, Negligent Misrepresentation, Rescission of Sale of Security Induced by Seller's Misrepresentation or Omission of Material Fact, Violation of Nevada Revised Code § 90.660 and Declaratory relief are related to Plaintiff's claim under RICO, to the extent that the claims form part of the same case under Article III of the United States Constitution. Supplemental jurisdiction over the claims for Breach of Contract, Account Stated, Intentional Misrepresentation, Negligent Misrepresentation, Rescission of Sale of Security Induced by Seller's Misrepresentation or Omission of Material Fact, Violation of Nevada Revised Code § 90.660 and Declaratory relief are therefore proper under United States Code, Title 28, Section 1367(a).

7.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive; and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was the agent, partner or employee of the other Defendants, and in doing

1  the things and making the representations herein alleged was acting in the course and scope of the

2  agency, partnership or employment, and with the knowledge and consent of its fellow Defendants.

**FIRST CAUSE OF ACTION**

**(Violation of the Securities Act of 1933 and the Securities Exchange Act Against**

**Defendants ALLEN, FOREVER DIAMONDS and DOES 1 through 50)**

6    9.    Plaintiff realleges paragraphs 1 through 8, inclusive, as though fully set forth herein.

7    10.    This claim arises under the Securities Act of 1933 and the Securities Exchange Act

8  of 1934.

9    11.    On or about February 5, 2007, Plaintiff entered into an oral agreement with Defendant

10  ALLEN, who represented that he had the authority to act as the agent for Defendant FOREVER

11  DIAMONDS. Pursuant to the terms of the agreement, Plaintiff agreed to purchase shares of stock

12  with FOREVER DIAMONDS for a total sum of One Hundred Five Thousand and No/100 Dollars

13  ($105,000.00).

14    12.    Sometime prior to February 5, 2007, Defendant ALLEN made the following

15  misrepresentations of material facts to Plaintiff:

16        a.    ALLEN offered to sell Plaintiff shares in FOREVER DIAMONDS in

17              exchange for Plaintiff paying him a total sum of One Hundred Five Thousand

18              and No/100 Dollars ($105,000.00).    When ALLEN made these

19              representations on behalf of FOREVER DIAMONDS, he had no intention of

20              ever giving Plaintiff documented proof of her ownership of shares in

21              FOREVER DIAMONDS.

22        b.    Furthermore, ALLEN represented to Plaintiff that investing in FOREVER

23              DIAMONDS would be a sound investment decision for her.

24    13.    Defendant ALLEN knowingly or with reckless disregard for the truth thereof, made

25  the misrepresentations of material facts, as outlined in Paragraph 12 herein. Defendant ALLEN

26  made these material misrepresentations with the intent to deceive or defraud Plaintiff.

27    14.    Defendants ALLEN and FOREVER DIAMONDS, for the purpose of executing the

28  scheme and artifice to defraud Plaintiff of her money, transmitted and caused to be transmitted

1   communications by means of wire or telephone in interstate commerce. Such interstate commerce

2   communications by wire or telephone included, without limitation, telephone calls between ALLEN

3   and Plaintiff prior to and after February 5, 2007. Such telephone conversations took place daily,

4   from at least January 17, 2007 through July 6 ,2007.

5      15.   As an officer and agent of FOREVER DIAMONDS, Defendant ALLEN owed

6   Plaintiff a duty to disclose the truth.

7      16.   Plaintiff reasonably relied upon Defendant ALLEN's representations.

8      17.   From and after February 5, 2007, Plaintiff has made multiple requests to ALLEN for

9   written documentation confirming the ownership of her shares in FOREVER DIAMONDS.

10  However, to date, Defendants have failed and refused, and continue to fail and refuse to provide

11  Plaintiff with any such documentation.

12     18.   As a direct and proximate result of the conduct by Defendants ALLEN and

13  FOREVER DIAMONDS, Plaintiff has been damaged in a total sum of One Hundred Eighty

14  Thousand and No/100 Dollars ($180,000.00).

15              **SECOND CAUSE OF ACTION**

16  **(Violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") Against**

17      **Defendants FOREVER DIAMONDS, ALLEN and DOES 1 through 50)**

18     19.   Plaintiff realleges paragraphs 1 through 8, 11 through 12, and 14, inclusive, as though

19  fully set forth herein.

20     20.   Defendant FOREVER DIAMONDS is an "enterprise" as that term is defined in 18

21  U.S. C. § 1961, engaged in interstate commerce and carrying on activities that affect interstate

22  commerce. Such activities in and affecting interstate commerce include, among other things, the

23  purchase and sale of shares that have moved in interstate commerce.

24     21.   Sometime prior to February 5, 2007, Defendants ALLEN and FOREVER

25  DIAMONDS devised a scheme and artifice to deprive Plaintiff of her property by convincing

26  Plaintiff to invest a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00),

27  for the purpose of enabling Defendants to personally profit from such sums without actually granting

28  Plaintiff any shares in FOREVER DIAMONDS.

22.     Defendants ALLEN and FOREVER DIAMONDS, for the purpose of executing the scheme and artifice to defraud Plaintiff of her money, used and cause to be used the mails of the United States. Such use of the United States mails for purposes effectuating the scheme to deprive plaintiff of her money, included, without limitation, soliciting monies from Plaintiff on numerous occasions prior to February 5, 2007.

23.     Defendants ALLEN and FOREVER DIAMONDS, for the purpose of executing the scheme and artifice to defraud Plaintiff of her money, transmitted and caused to be transmitted communications by means of wire or telephone in interstate commerce. Such interstate commerce communications by wire or telephone included, without limitation, telephone calls between ALLEN and Plaintiff prior to and after February 5, 2007. Such telephone conversations took place daily, from at least January 17, 2007 through July 6 ,2007.

24.     The use of the mails for the purposed of effectuating the above-mentioned scheme to defraud Plaintiff, which occurred on more than one (1) occasion in the past ten (10) years, or the transmission of interstate communications by wire or telephone to effectuate the scheme, which occurred on more than one (1) occasion in the past ten (10) years, constitutes, for the purposes of this action, a pattern of racketeering activity in violation of 18 U.S.C. § 1962, for which treble damages, costs of the suit and attorneys' fees may be sought under 18 U.S.C. § 1964©).

25.     Defendant ALLEN and FOREVER DIAMONDS' unlawful conduct is in violation of 18 U.S.C. § 1962 subd. (a) through (c).

26.     Plaintiff became a victim of Defendants' unlawful conduct in that she tendered a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) to ALLEN for the purpose of purchasing a securities in FOREVER DIAMONDS and she tendered a total sum of Seventy Five Thousand and No/100 Dollars ($75,000.00) to ALLEN for the purpose of investing the monies in certificates of deposit and other investment products in the state of Texas.

27.     From and after February 5, 2007, Defendants ALLEN and FOREVER DIAMONDS engaged in a pattern of racketeering by engaging in fraud in the sale of securities. ALLEN represented to Plaintiff that he had the authority to act on behalf of FOREVER DIAMONDS. ALLEN offered to sell Plaintiff shares in FOREVER DIAMONDS in exchange for Plaintiff paying

1  him a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00).  Furthermore,

2  ALLEN represented to Plaintiff that investing in FOREVER DIAMONDS would be a sound

3  investment decision for her.  When ALLEN made these representations on behalf of FOREVER

4  DIAMONDS, he had no intention of ever giving Plaintiff an shares in FOREVER DIAMONDS.

5       28.    In addition, on or about February 26, 2007, Defendant ALLEN offered to invest in

6  certificates of deposit and other investment instruments on Plaintiff's behalf, if she tendered him a

7  sum of Seventy Five Thousand and No/100 Dollars ($75,000.00).  ALLEN represented to Plaintiff

8  that he was a knowledgeable and savvy businessman, capable of making good investment decisions

9  on her behalf.  When ALLEN made these representations, he had no intention of actually investing

10  the money in certificates of deposit or any other type of investment instrument on Plaintiff's behalf.

11       29.    To date, there has been no criminal conviction for a violation of any of the predicate

12  acts by Defendants, as stated in paragraphs 21, 22, 23 and 24.

13       30.    Plaintiff is informed, believes and thereon alleges that to date, no civil litigation has

14  resulted in a judgment with regard to any predicate act by Defendants, as described in paragraphs

15  21, 22, 23 and 24.

16       31.    The predicate acts by Defendants ALLEN and FOREVER DIAMONDS form a

17  pattern of racketeering activity.

18       32.    The predicate acts related to each other as part of a common plan to steal money from

19  Plaintiff.  Neither ALLEN nor FOREVER DIAMONDS ever intended to grant Plaintiff any shares

20  in FOREVER DIAMONDS.

21       33.    The racketeering enterprise includes ALLEN and FOREVER DIAMONDS.

22  Defendant ALLEN claims to be an employee/officer/director of FOREVER DIAMONDS, the

23  enterprise.

24       34.    As a direct and proximate result of the conduct by Defendants ALLEN and

25  FOREVER DIAMONDS, Plaintiff has been damaged in a total sum of One Hundred Eighty

26  Thousand and No/100 Dollars ($180,000.00).

27       35.    Plaintiff's pendent state claims include breach of contract, account stated, intentional

28  misrepresentation, negligent misrepresentation, accounting and declaratory relief.

**THIRD CAUSE OF ACTION**

**(Pendent Claim - Breach of Contract Against All Defendants)**

36.     Plaintiff realleges paragraphs 1 through 8, and 11, inclusive, as though fully set forth herein.

37.     On or about November 14, 2006, Plaintiff entered into an oral agreement with Defendant ALLEN, whereby she agreed to loan him Five Hundred and No/100 Dollars ($500.00) as a personal loan.  Thereafter, on or about June 29, 2007, Plaintiff entered into an oral agreement with Defendant ALLEN, whereby she agreed to loan him an additional sum of Five Hundred and No/100 Dollars ($500.00).

38.     On or about February 5, 2007, Plaintiff entered into an oral agreement with Defendant ALLEN, whereby she agreed to and contemporaneously tendered to him One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of investing it in FOREVER DIAMONDS.  ALLEN represented himself as an agent of FOREVER DIAMOND when he formed this agreement.

39.     On or about February 26, 2007, Plaintiff entered into an oral agreement with Defendant ALLEN, whereby she agreed to and contemporaneously tendered to him Seventy Five Thousand and No/100 Dollars ($75,000.00) for the purpose of investing it in certificate of deposit on Plaintiff's behalf, in Texas.

40.     Plaintiff has performed all terms and conditions of the agreement that she was obligated to perform.

41.     On or after February 5, 2007, Defendant ALLEN breached the agreement by cashing the check for One Hundred Five Thousand and No/100 Dollars ($105,000.00) and failing to invest it on behalf of Plaintiff as he promised.  Plaintiff is informed and believes and thereon alleges that Defendant ALLEN failed to deposit the funds with FOREVER DIAMONDS; failed to invest the funds on Plaintiff's behalf; and failed to inform Plaintiff of the whereabouts of her money despite repeated inquiries.

42.     On or about February 26, 2007, Defendant ALLEN further breached the agreement by cashing the check for Seventy Five Thousand and No/100 Dollars ($75,000.00) and failing to

1   invest it on behalf of Plaintiff as he promised. Plaintiff is informed and believes and thereon alleges

2   that Defendant ALLEN failed to deposit the funds in a certificate of deposit; failed to invest the

3   funds on Plaintiff's behalf; and failed to inform Plaintiff of the whereabouts of her money despite

4   repeated inquiries.

5       43.    On or about July 28, 2007, and afterward, Plaintiff made repeated oral and written

6   demands to Defendant ALLEN to reimburse her for the two (2) personal loans that she tendered to

7   ALLEN, totaling One Thousand and No/100 Dollars ($1,000.00). Defendant ALLEN failed and

8   refused, and continues to fail and refuse to repay the loan amount to Plaintiff.

9       44.    As a direct and proximate result of the breaches by Defendant ALLEN, acting as the

10  agent of FOREVER DIAMONDS, Plaintiff has been damaged in a total sum in excess of One

11  Hundred Five and No/100 Dollars ($105,000.00).

12      45.    As a further direct and proximate result of the breaches by Defendant ALLEN,

13  Plaintiff has been damaged in an additional total sum of Seventy Six Thousand and No/100 Dollars

14  ($76,000.00), plus interest at the legally permissible rate per annum from and after February 26,

15  2007.

16                          **FOURTH CAUSE OF ACTION**

17      **(Pendent Claim - Account Stated As Against Defendants ALLEN and DOES 1-50)**

18      46.    Plaintiff realleges paragraphs 1 through 8, 11, and 36 through 45, inclusive, as though

19  fully set forth herein.

20      47.    On or about July 28, 2007, an account was stated in writing by and between Plaintiff

21  and Defendant ALLEN and on such statement a balance of One Hundred Eighty One Thousand and

22  No/100 Dollars ($181,000.00) was found due to Plaintiff from Defendant ALLEN.

23      48.    Although demanded by Plaintiff from Defendant, no portion of the owed sum as been

24  repaid.

25      49.    There is now due, owing, and unpaid from Defendant to Plaintiff the sum of One

26  Hundred Eighty One Thousand and No/100 Dollars ($181,000.00), together with interest thereon at

27  the rate of seven percent (7%) per annum, from and after February 26, 2007.

28  ///

50.     Plaintiff has incurred attorneys' fees in connection with this matter, in an amount to be determined at trial, which fees Plaintiff is entitled to recover from Defendant pursuant to California Civil Code § 1717.5.

## FIFTH CAUSE OF ACTION

### (Pendent Claim - Intentional Misrepresentation As Against Defendants ALLEN and DOES 1-50)

51.     Plaintiff realleges paragraphs 1 through 8, 11 through 12, 14 through 18, 21 through 23, 26, 28 and 34, inclusive, as though fully set forth herein.

52.     On or about February 5, 2007, Defendant ALLEN made the following representations to Plaintiff:

    a.    Defendant stated that he was knowledgeable in the jewelry business;

    b.    Defendant stated that held an ownership interest in a company called FOREVER DIAMONDS, located in Carson City, Nevada;

    c.    Defendant offered Plaintiff an interest in FOREVER DIAMONDS if she gave him a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00); and

    d.    Defendant agreed to invest the money in FOREVER DIAMONDS on Plaintiff's behalf.

53.     Thereafter, on or about February 26, 2007, Defendant ALLEN made the following representations to Plaintiff:

    a.    Defendant stated that he was knowledgeable in investing money for other persons;

    b.    Defendant offered to invest money in certificates of deposit and other investment instruments on Plaintiff's behalf if she gave him a total sum of Seventy Five Thousand and No/100 Dollars ($75,000.00); and

    c.    Defendant ALLEN agreed to invest the money on Plaintiff's behalf.

54.     In addition, on two separate occasions, Defendant ALLEN made the following representations to Plaintiff:

1    a.    On or about November 14 ,2006, Defendant stated that he was short on cash

2          and agreed to repay Plaintiff if she loaned him a total sum of Five Hundred

3          and No/100 Dollars ($500.00);

4    b.    Thereafter, on or about June 29, 2007, Defendant again stated that he was

5          short on cash and agreed to repay Plaintiff if she loaned him an additional

6          sum of Five Hundred and No/100 Dollars ($500.00).

7    55.   The representations made by Defendant ALLEN were in fact false.

8    56.   When Defendant ALLEN made these representations, he knew them to be false and

9    made these representations with the intent to deceive, defraud and induce Plaintiff to act in reliance

10   of these representations in the manner hereinafter alleged.

11   57.   Plaintiff, at the time these representations were made by Defendant, and at the time

12   Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations,

13   and believed them to be true. In reliance on these representations, Plaintiff was induced to and did

14   give Defendant One Hundred Eighty Thousand and No/100 Dollars ($180,000.00) to invest on her

15   behalf, plus One Thousand and No/100 Dollars ($1,000.00) as a personal loan, to be repaid to

16   Plaintiff. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's

17   reliance on Defendant ALLEN's representations was justified because ALLEN held himself out as

18   a financial advisor, investor and knowledgeable entrepreneur.

19   58.   As a proximate result of the fraudulent conduct of Defendant ALLEN as herein

20   alleged, Plaintiff was induced to give Defendant ALLEN a total sum of One Hundred Eighty One

21   Thousand and No/100 Dollars ($181,000.00). However, Plaintiff has received no documentation

22   that any sum of money was ever invested with FOREVER DIAMONDS, on Plaintiff's behalf. In

23   addition, Plaintiff has received no documentation that Defendant ALLEN ever opened any

24   certificates of deposit or investment accounts on her behalf. Furthermore, despite repeated demands

25   for reimbursement of the One Thousand and No/100 Dollars ($1,000.00) that Plaintiff loaned

26   Defendant, he has failed and refused, and continues to fail and refuse to repay any portion of the loan

27   and now claims that it was a gift. Based upon the foregoing, Plaintiff has been damaged in a sum

28   of One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00), plus interest at the legally

1  permissible rate per annum.

2      59.    The aforementioned conduct of Defendant ALLEN was an intentional

3  misrepresentation, deceit, or concealment of a material fact known to the Defendant with the

4  intention on the part of the Defendant of thereby depriving Plaintiff of property or legal rights or

5  otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust

6  hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and

7  punitive damages.

8  **SIXTH CAUSE OF ACTION**

9  **(Pendent Claim - Negligent Misrepresentation As Against Defendants ALLEN and DOES**

10  **1-50)**

11      60.    Plaintiff realleges paragraphs 1 through 8, 11 through 12, 52 through 54, inclusive,

12  as though fully set forth herein.

13      61.    When Defendant ALLEN made these representations, he had no reasonable ground

14  for believing them to be true.  Plaintiff is informed and believes and thereon alleges that ALLEN

15  never invested the sums he received from Plaintiff as promised but instead kept the money for his

16  own personal use.

17      62.    Defendant ALLEN made these representations with the intention of inducing Plaintiff

18  to act in reliance on these representations in the manner alleged, or with the expectation that Plaintiff

19  would so act.

20  **SEVENTH CAUSE OF ACTION**

21  **(Pendent Claim - Rescission of Sale of Security Induced by Seller's Misrepresentation or**

22  **Omission of Material Fact Against All Defendants)**

23      63.    Plaintiff realleges paragraphs 1 through 8, 11 through 12, and 36 through 50,

24  inclusive, as though fully set forth herein.

25      64.    On or about February 5, 2007, Plaintiff purchased securities for a total price of One

26  Hundred Five Thousand and No/100 Dollars ($105,000.00), from Defendant FOREVER

27  DIAMONDS.

28  ///

65.     Defendant ALLEN, who represented that he had the authority to act as the agent for Defendant FOREVER DIAMONDS, offered to sell and sold the securities described above by means of an oral communication that included an untrue statement of a material fact to Plaintiff that she would secure an ownership interest in FOREVER DIAMONDS and earn a lucrative return on her investment.

66.     The statement made by Defendant ALLEN was untrue in that:

a.     At all relevant times, Defendant ALLEN was not authorized to transact business in the state of Nevada as a sales representative of FOREVER DIAMONDS, in violation of Nevada Revised Statute § 90.310;

b.     At all relevant times, the securities for FOREVER DIAMONDS were not registered or exempt from registration pursuant to Nevada Revised Statute § 90.460; and

c.     ALLEN never intended to tender such securities to Plaintiff and in fact failed and refused to tender such securities to Plaintiff after receiving payment for the same.

67.     Plaintiff did not know that the statements made by Defendant ALLEN were untrue. If Plaintiff had known that the statements made by Defendant ALLEN were untrue, she would not have purchased the securities from Defendant.

68.     Defendant ALLEN and FOREVER DIAMOND's conduct as described above was in violation of Nevada Revised Statute §§ 90.310, 90.460 and 90.570.

69.     Nevada Revised Statute § 90.310 states in pertinent part, "1. It is unlawful for any person to transact business in this State as a broker-dealer or sales representative unless licensed or exempt from licensing under this chapter.  2. It is unlawful for any issuer or any broker-dealer licensed under this chapter to employ or contract with a person as a sales representative within this State unless the sales representative is licensed or exempt from licensing under this chapter.  3. It is unlawful for any person to transact business in this State as a transfer agent unless licensed or exempt from licensing under this chapter."

///

1     70.    Nevada Revised Statute § 90.460 states in pertinent part, "It is unlawful for a person
2 to offer to sell or sell any security in this State unless the security is registered or the security or
3 transaction is exempt under this chapter."

4     71.    Nevada Revised Statute § 90.570 states in pertinent part, "In connection with the offer
5 to sell, sale, offer to purchase or purchase of a security, a person shall not, directly or indirectly: 1.
6 Employ any device, scheme or artifice to defraud; 2. Make an untrue statement of a material fact or
7 omit to state a material fact necessary in order to make the statements made not misleading in the
8 light of the circumstances under which they are made; or 3. Engage in an act, practice or course of
9 business which operates or would operate as a fraud or deceit upon a person."

10     72.    Before the entry of judgment, Plaintiff shall tender to Defendant FOREVER
11 DIAMONDS, any and all security interest that she purchased from Defendant FOREVER
12 DIAMONDS.

13                 **EIGHTH CAUSE OF ACTION**

14     **(Pendent Claim -Violation of Nevada Revised Code § 90.660 Against All Defendants)**

15     73.    Plaintiff realleges paragraphs 1 through 8, 11 through 12, 36 through 50 and 63
16 through 72, inclusive, as though fully set forth herein.

17     74.    Defendant ALLEN and FOREVER DIAMOND's conduct as described in paragraphs
18 63 through 67 above was in violation of Nevada Revised Statute § 90.660.

19     75.    Pursuant to Nevada Revised Statute § 90.660, Plaintiff may recover the consideration
20 totaling One Hundred Five Thousand and No/100 Dollars paid for securities in FOREVER
21 DIAMONDS and interest at the legal rate of the State of Nevada, from the date of payment on
22 February 5, 2007, plus costs and reasonable attorneys' fees.

23     76.    Plaintiff previously provided both oral and written notice of willingness to exchange
24 the security for the repayment of One Hundred Five Thousand and No/100 Dollars ($105,000.00).
25 To date, Defendants failed and refused and continue to fail and refuse to tender such sum to Plaintiff
26 in exchange for the security in FOREVER DIAMONDS.

27 ///
28 ///

E: CLIENTS\La. Grace\Pleadings\Complaint.revised.03.21.08.wpd
13
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NINTH CAUSE OF ACTION**

**(Pendent Claim - Accounting As Against Defendants ALLEN and DOES 1-50)**

77.    Plaintiff realleges Paragraphs 1 through 8, 11, 36 through 50, inclusive, as though fully set forth herein.

78.    On or about February 5, 2007, in San Diego County, California, Plaintiff and Defendant entered into an oral agreement whereby Defendant undertook the sole charge and management of Plaintiff's One Hundred Fiver Thousand and No/100 Dollars ($105,000.00) for the purpose of investing the funds in a company called FOREVER DIAMONDS.

79.    Thereafter, on or about February 26, 2007, in San Diego County, California, Plaintiff and Defendant entered into an oral agreement whereby Defendant undertook the sole charge and management of Plaintiff's Seventy Five Thousand and No/100 Dollars ($75,000.00) for the purpose of investing the funds in certificates of deposit and other investment instruments in Texas.

80.    Defendant ALLEN's obligations under the agreement included the duty to care for and protect, in all particulars, the Plaintiff's financial interests in connection with the investments; to provide periodic statements of accounts of all moneys from the investment activities; and to pay over to Plaintiff all money received.

81.    Between February 5, 2007 and February 26 ,2007, in the course of the aforementioned charge and management, Defendant ALLEN received One Hundred Eighty Thousand and No/100 Dollars ($180,000.00) from Plaintiff.  Defendant agreed to invest the monies on Plaintiff's behalf in a company called FOREVER DIAMONDS and in certificates of deposit and other investment instruments in Texas.

82.    The amount of money due from Defendant ALLEN to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the investment funds.  Plaintiff is informed and believes and thereon alleges that the amount owed, however, exceeds the sum of One Hundred Eighty Thousand and No/100 Dollars ($180,000.00).

83.    On or about July 28, 2007, Plaintiff demanded that Defendant ALLEN account for the One Hundred Eighty Thousand and No/100 Dollars ($180,000.00), and pay the amount found due to Plaintiff; but Defendant has failed and refused, and continues to fail and refuse, to render the

1 | accounting and pay Plaintiff.

## TENTH CAUSE OF ACTION

### (Pendent Claim - Declaratory Relief As Against Defendants ALLEN and DOES 1-50)

84.     Plaintiff realleges Paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.     Plaintiff is informed and believes and thereon alleges that Defendant ALLEN will deny his respective obligations, representations and duties owed to Plaintiff as previously alleged herein.

86.     Plaintiff desires a judicial determination of her rights and responsibilities vis-à-vis those of Defendant ALLEN as alleged herein and defined under the contracts.  Plaintiff further desires a judicial declaration that Defendant ALLEN has an affirmative obligation under the contract account for monies had and received and respond in damages for the misappropriation of funds, which he agreed to invest on Plaintiff's behalf.

87.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain her rights and duties and to avoid a multiplicity of lawsuits.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them as follows:

FIRST CAUSE OF ACTION:

1.     For compensatory damages according to proof, plus interest, as allowed by law;

2.     For punitive damages according to proof;

3.     For costs of suit herein; and

4.     For reasonable attorneys' fees, according to proof; and

5.     For such other and further relief as the Court may deem proper.

SECOND CAUSE OF ACTION:

1.     For damages according to proof;

2.     For interest on said damages at the maximum legal rate, from February 26, 2007;

3.     For costs of suit herein; and

4.     For such other and further relief as the Court may deem proper.

THIRD CAUSE OF ACTION:

1.     For damages according to proof;

2.     For interest on said damages at the maximum legal rate, from February 26, 2007;

3.     For costs of suit herein; and

4.     For such other and further relief as the Court may deem proper.

FOURTH CAUSE OF ACTION:

1.     For the sum of Thirty Three Thousand Five Hundred Thirty-Seven and 00/100 ($33,537.00);

2.     For interest on said damages at the maximum legal rate, from February 26, 2007;

3.     For attorneys' fees in an amount to be determined at trial;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as the Court may deem proper.

FIFTH CAUSE OF ACTION:

1.     For damages according to proof;

2.     For interest on said damages at the maximum legal rate, from February 26, 2007;

3.     For punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar misconduct;

4.     For costs of suit herein; and

5.     For such other and further relief as the Court may deem proper.

SIXTH CAUSE OF ACTION:

1.     For damages according to proof;

2.     For interest on said damages at the maximum legal rate, from February 26, 2007;

3.     For punitive damages in an amount appropriate to punish Defendant and to deter others from engaging in similar misconduct;

4.     For costs of suit herein; and

5.     For such other and further relief as the Court may deem proper.

SEVENTH CAUSE OF ACTION:

1.     Rescinding the sale of the securities and ordering Defendants ALLEN and FOREVER

1    DIAMONDS to pay to Plaintiff the sum of One Hundred Five Thousand and No/100 Dollars

2    ($105,000.00), the consideration paid of the securities, plus interest at the legal rate;

3        2.        For costs of the suit; and

4        3.        For such other and further relief as the Court may deem proper.

5    EIGHTH CAUSE OF ACTION:

6        1.        For damages in the sum of One Hundred Five Thousand and No/100 Dollars

7    ($105,000.00);

8        2.        For interest on said damages at the maximum legal rate, from February 5, 2007.

9        3.        For attorneys' fees pursuant to Nevada Revised Statute § 90.660;

10       4.        For costs of the suit; and

11       5.        For such other and further relief as the Court may deem proper.

12   NINTH CAUSE OF ACTION:

13       1.        For an accounting between Plaintiff and Defendant;

14       2.        For interest on said damages at the maximum legal rate, from February 26, 2007;

15       3.        For costs of the suit herein; and

16       4.        For such other and further relief as the Court may deem proper.

17   TENTH CAUSE OF ACTION:

18       1.        For a judicial determination that Defendant must account for monies had

19                 and received;

20       2.        For a judicial determination that Defendant must respond in damages for

21                 the misappropriation of funds, which he agreed to invest on Plaintiff's behalf; and

22       3.        For such other and further relief as the Court may deem proper.

23   Dated: March 21, 2008                    Respectfully Submitted,

24                                            CHRISTENSEN SCHWERTDFEGER
                                                  & SPATH LLP
25

26                                           By: _____
                                                  Charles B. Christensen, Esq.
27                                                Sean D. Schwerdtfeger, Esq.
                                                  Anna R. Salusky, Esq.
28                                                Attorneys for Plaintiff GRACE E. LA

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149018     - SH**

**March 21, 2008
14:07:01**

**Civ Fil Non-Pris**
USAO #.: 08CV0532
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC4472

**Total-> $350.00**

FROM: LA V. LEONARD ET AL

**♨ JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GRACE LA | ANDRÁ LEONARD ZILLER FOREVER DIAMONDS, a business entity of unknown origin, and DOES 1 through 50, inclusive. |

| **(b)** County of Residence of First Listed Plaintiff  San Diego | County of Residence of First Listed Defendant  Las Vegas, Nevada |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.    DEPUTY |

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christensen Schwerdtfeger & Spath LLP; 550 West "C" Street, Suite 1660, San Diego, CA 92101; Tel: (619) 236-9343.

Attorneys (If Known)
Unknown

'08 CV 0532 WQH WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☒ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Securities Act of 1933 [15 U.S.C. §§ 77a, et seq.]; Securities Exchange Act of 1934 [15 U.S.C. §§ 78j, e

Brief description of cause:
Demand for no less than $180,000.00 in damages, according to proof.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  None

DOCKET NUMBER  N/A

DATE
03/21/2008

SIGNATURE OF ATTORNEY OF RECORD
*Amma R. Saluskey*

**FOR OFFICE USE ONLY**

RECEIPT #  149018    AMOUNT  $350    APPLYING IFP         JUDGE         MAG. JUDGE

SU 3/21/08

cn