1  Timothy P. Dillon, Esq. (SBN 190839)
   Nadya Y. Spivack, Esq. (SBN 222595)
2  Dillon & Gerardi, APC
3  4660 La Jolla Village Drive
   Suite 775
4  San Diego, CA 92122
   Telephone: (858) 587-1800
5  Facsimile: (858) 587-2587

6  Attorneys for Defendants, Andra Leonard Allen and Forever Diamonds

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  GRACE E. LA                          )  **Case No.:  08 CV 0532WQH WMc**
                                         )
12  v.                                   )  **MEMORANDUM OF POINTS AND**
                                         )  **AUTHORITIES IN SUPPORT OF**
13  ANDRE LEONARD ALLEN;                 )  **MOTION TO DISMISS FOR LACK OF**
    FOREVER DIAMONDS, a business entity of )  **PERSONAL JURISDICTION AND**
14  unknown origin, and DOES 1 though 50, )  **VENUE OR IN THE ALTERNATIVE**
    inclusive                            )  **TO TRANSFER VENUE, MOTION TO**
15                                       )  **DISMISS FOR FAILURE TO STATE A**
                                         )  **CLAIM AND MOTION TO STRIKE**
16                                       )  **[Fed. Rules of Civ. Proc. 12(b)(2);**
                                         )  **12(b)(3); 12(b)(6); and 12(f); 28 U.S.C.**
17                                       )  **§§1404 and 1406]**
18                                       )
                                         )  DATE:  JUNE 16, 2008
19                                       )  TIME:  11:00 AM
                                         )  DEPT: 4
20                                       )  JUDGE: Hon. William Q. Hayes
21                                       )
                                         )  COMPLAINT FILED: March 21, 2008
22                                       )  TRIAL: none set
23                                       )
                                         )  **NO ORAL ARGUMENT UNLESS**
24  _____ )  **REQUESTED BY THE COURT**
25

26

27

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................iii-vi

I.      INTRODUCTION.........................................................................................1

II.     STATEMENT OF FACTS............................................................................2

III.    PLAINTIFF HAS NO PERSONAL JURISDICTION OVER DEFENDANTS (Rule 12(b)(2))            ..................................................................3

    A.      TRADITIONAL BASIS .................................................................3

    B.      MINIMUM CONTACTS .................................................................5

    C.      EVIDENTIARY DETERMINATION FOR PERSONAL JURISDICTION.............

IV.     MOTION TO DISMISS FOR LACK OF VENUE [RULE 12(b)(3) and 28 U.S.C. §1406(a)].........................................................................................6

    A.      DIVERSITY ...................................................................................7

    B.      FEDERAL QUESTION .................................................................8

    C.      SPECIAL VENUE RULES .............................................................8

        1.      SECURITIES FRAUD .......................................................8

        2.      RICO CLAIMS ...................................................................8

    D.      DISMISSAL OF COMPLAINT FOR IMPROPER VENUE....................................9

V.      IF THE COURT REFUSES TO DISMISS THE ACTION, DEFENDANTS ALTERNATIVELY REQUEST THAT VENUE BE TRANSFERRED TO LAS VEGS NEVADA [28U.S.C. §1404(a)] .........................................................................9

VI.     PLAINTIFF FAILS TO STATE A CLAIM ON SEVERAL CAUSES OF ACTION [RULE 12(b)(6)] ...........................................................................................10

    A.      PLAINTIFF HAS FAILED TO SUFFICIENTLY STATE A CAUSE OF ACTION FOR SECURITIES FRAUD.........................................................................11

        1.      PLAINTIFF HAS FAILED TO MEET HEIGHTENED PLEADING REQUIREMENTS IN ALLEGING SECURITIES FRAUD ............................................. 11

        2.      PLAINTIFF HAS FAILED TO SPECIFY WHAT VIOLATIONS OF THE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

'33 ACT WAS COMMITTED BY DEFENDANT ...................................................14

      3.     PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE A VIOLATION OF SECTION 10b AND RULE 10b-5 PROMULGATED THEREUNDER ...........................

B.     SEVENTH AND EIGHTH CAUSES OF ACTION – RECISSION OF SALE OF SECURITY AND VIOLATION OF NRS §9.660. ...................................................17

C.     FIFTH CAUSE OF ACTION FOR MISREPRESENTATION/FRAUD ...............18

D.     SECOND CAUSE OF ACTION FOR RICO CLAIMS ............................................19

E.     TENTH CAUSE OF ACTION DECLARATORY RELIEF ........................21

VII.   DEFENDANTS MOVE TO STRIKE PLAINTIFF'S DOE DEFENDANT ALLEGATIONS .............................................................................................................22

VIII.  CONCLUSION    .......................................................................................................23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

*A.J Industries, Inc. v United States Dist. Ct,* 503 F.2d 384, 389 (9th Cir. 1974) ...................................10

*Alan Neuman Production, Inc. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988) ...................................21

*American Standard Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (WD MO 1980)................................10

*Arnold & Assoc., Inc. v. Misys Healthcare Systems,* 275 F. Supp.2d 1013, 1028 (D AZ 2003)............19

*ATSI Communications, Inc. v. Shaar Fund, Ltd.,*493 F.3d 87, 99 (2nd Cir. 2007)................................13

*Beliveau v. Caras,* 873 F.Supp.1393, 1395 (CD CA 1995)...................................................................11

*Blue Chip Stamps v. Manor Drugs,* 421 U.S. 723, 732, 95 S.Ct. 1917, 1924, 44 L.Ed.2d 539 (1975) .17

*Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) ............................................................12

*Bulgo v. Munoz,* 853 F.2d 710 (9th Cir. 1998) ...................................................................................19

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.1994) ...............................................13

*Cobra Partners L.P v. Liegl,* 90 F. Supp 332, 335 (SD NY 1998).........................................................8

*Coffin v. Safeway, Inc.,* 323 F.Supp.2d 997, 1000 (D AZ 2004) ...........................................................11

*Comwest, Inc. v. American Operator Services, Inc.,* 765 F.Supp. 1467 (C.D. Cal. 1991)....................20

*Comwest, Inc. v. American Operator Services,Inc.* 765 F.Supp. 1467 (C.D. Cal. 1991) .....................21

*Conley v. Gibson,* 355 US 41, 45-46, 78 S. Ct.99, 102 (1957)...............................................................11

*Cook v. Fox,* 537 F.2d 370, 371 (9th Cir. 1976) ....................................................................................9

*Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 153 (2nd Cir. 1999) ......................3

*De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978)........................................................................11

*Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 841 (9th Cir. 1986)..............................7

*DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (9th Cir. 1990)................................................................19

*District No. 1 Pacific Coast v. Alaska,* 682 F.2d 797, 799 (9th Cir. 1982) .............................................7

*Dubom v. United States,* 380 F.2d 813, 816, fn.5 (5th Cir. 1967) ..........................................................9

*E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465, 466 (ED CA 1994) .....................................10

*Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (99th Cir. 1990) ................5

*Fifty Associates v. Prudential Ins. Co. of America,* 446 F,2d 1187, 1191 (9th Cir. 1970).....................21

*Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138 (1st Cir. 1995) ......................................3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1   *Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 592 (5th Cir. 1999) ...................................3

2   *Goldlaw, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916 (1962) .................................9

3   Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir.2002)...................................................13

4   *Gonzales v. Lloyds TSB Bank, PLC,* 532 F.Supp.2d 1200 (C.D. Cal. 2006)...........................21

5   *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758 (99th Cir. 1990)............................5

6   *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061 (1995)......................................15

7   *H.J., Inc. v Northwestern Bell Telephone Co.,* 492 U.S 229, 237-249 (1989) ......................20

8   *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (189)   20

9   *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985) ...........................................................19

10  *Hearn v, R.J. Reynolds Tobacco Co.,* 270 F.Supp.2d 1096, 1101 (D AZ 2003)....................11

11  *Hilgeman v. National Ins Co of America,* 547 F.2d 298, 301 (5th Cir. 1977)...........................8

12  Holmes v. Sopuch, 639 F2d 431, 433 (8th Cir. 1981) ...........................................................4

13  *In re GlenFed, Inc. Secur. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994) ...................................12

14  *In re GlenFed, Inc. Secur. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994) ...................................19

15  *In re Juniper Networks, Inc. Securities Litigation,* 2008 WL 938445 (N.D. Cal. 2008).......................12

16  *In re Pixar Securities Litigation,* 450 F.Supp.2d 1096 (N.D. Cal. 2006) ................................16

17  *In re Read-Rite Corp. Secur. Litig.,* 335 F.3d 843, 848-849 (9th Cir. 2003)...........................13

18  *In re Silicon Graphics Inc. Secur. Litig.,* 183 F.3d 970, 985 (9th Cir. 1999) ..........................13

19  *In re Stat Elecs. Sec. Litig.,* 89 F.3d 1399, 1404-05 (9th Cir. 1996) ......................................11

20  *In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (2006) ...........................18

21  *In re Vantive Corp. Sec Litig,* 283 F.3d 1079, 1084 (9th Cir. 2002) ......................................12

22  *In re Vantive Corp. Secur. Litig.,* 283 F.3d 1079, 1091 (9th Cir. 2002) .................................13

23  *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004) ....................................................10

24  *In re Zoran Corp. Derivative Litigation,* 511 F.Supp.2d 986 (N.D. Cal. 2007)........................16

25  *International Shoe Co. v Washington,* 326 U.S 310, 66 S.Ct. 154, 158 (1945) ........................5

26  *John v. Blackstock,* 664 F.Supp. 1426 (M.D.Fla.,1987).......................................................17

27  *Kerry Steel, Inc. v. Paragon Industries, Inc,* 106 F.3d 146 (6th Cir. 1997) .............................5

28  *King v. Russell,* 963 F.2d 1301, 1304-1305 (9th Cir. 1992) ..................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1   *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 413 (6th Cir. 1998) ...............................10

2   *Lopez Perez v. Hufstedler,* 505 F.Supp. 39, 41 (D DC 1980)...................................................10

3   *Mack v. South Bay Beer Distributors, Inc.,* 789 F.2d 1279, 1282 (9th Cir. 1986) ..................11

4   *Mcfarland v. Memorex Corp.,* 493 F.Supp. 657, 659-660 (ND CA 1980)..................................9

5   *Milliken v. Meyer,* 311 U.S. 457, 462-463, 61 S.Ct. 339, 342-3463 (1940)................................4

6   *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989) ...........................19

7   *Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir, 1993).........................................9

8   *Ouaknine v. MacFarlene,* 897 F.2d (2nd Cir. 1990)..................................................................19

9   *Palace Exploration Co. v Petroleum Develop Co.,*316 F.3d 1110, 1121 (10th Cir. 2003) ....10

10  *Pennoyer v. Neff,* 95 U.S 714, 715 (1877) ...................................................................................4

11  *Raymark Industries, Inc. v. Stemple,* 714 F.Supp. 460, 472 (D. Kan. 1988)..........................21

12  *Repp. v. Oregon Health Sciences, Univ.,* 972 F.Supp. 546, 549 (D. Or. 1997).........................4

13  *Rio Robinson, Inc. v. Rio Int'l Interlink,* 284 F.3d 007, 1019 (9th Cir. 2002)...........................3

14  *Seattle-First National Bank v. Carlsedt,* 800 F.2d 1008, 1010 (10th Cir. 1986).....................12

15  *SEC v. Cross Fin'l Services, Inc.,* 908 F.Supp. 718, 726-727 .................................................11

16  *Securities Investor Protection Corp. v Vigman,* 764 F.2d 1309, 1314 (9th Cir. 1985) ............8

17  *Shaffer v. Heitner,* 433 U.S. 186, 207, 97 S.Ct. 2569, 2581 (1977) ..........................................5

18  *Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777, 780 (1950).......................................................10

19  *Smith v. Allstate Ins. Co.,* 160 F. Supp.2d 1150, 1152 (S.D. Cal. 2001) ...............................12

20  *Sunray Enterprises, Inc. v. David Bouza & Assoc., Inc.,* 606 F. Supp. 116, 119 (SD NY 1984)............8

21  *Technograph Printed Circuits, Ltd. V Packard Bell Electronics Corp.,* 290 F.Supp 308, 326 (C.D CA 1968)     7

22  *Tellabs, Inc. v Makor Issues & Rights, Ltd.,* 127 S. Ct 2499, 2504 (2007) ............................13

23  *Tenefrancia v. Robinson Export & Import Corp.,* 921 F.2s 556m 559 (4th Cir. 1990)      .................7

24  *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir.1987) .........................................................13

25  Williams v. North Carolina, 325 US 226, 229, 65 S.Ct. 1092, 1094–1095 (1945) ...................4

26  *Willis v. Mullins,* 517 F.Supp.2d 1206 (E.D. Cal. 2007) .........................................................19

27  *Wool v. Tandem Computers, Inc.,* 818 F.2d 1439 (9th Cir. 1987)..............................................19

28  *World Wide Volkswagen Corp. v Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564 (1980) .................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

**Statutes**

15 USC §77 ...............................................................................................15

15 USC §78 ...........................................................................................8,12,15

15 USC §78 ...............................................................................................8,13

18 U.S.C. §1406 ........................................................................................7,9

18 USC §1961 ..............................................................................................8

18 USC §1962 .............................................................................................20

18 USC §1964 .............................................................................................20

18 USC §1965 ..............................................................................................8

28 U.S.C. §1391 ........................................................................................7,8

28 U.S.C. §1394 ............................................................................................8

28 U.S.C. §1404 ........................................................................................9,10

*Cal. Civ. Proc.* §1060 ..................................................................................21

Fed. Rules Civ. Proc. 9 ...........................................................................12, 18

FRE 201 .....................................................................................................11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

# I.

## INTRODUCTION

Defendants, Andra Allen ("Allen" or "Defendant") and Forever Diamonds ("Forever Diamonds",) brings the instant motion to contest personal jurisdiction, venue and request a more definite statement. As will be shown by Defendants, Plaintiff, Grace La ("La"), is nothing but a jilted lover who is attempting to reclassify her gift to Allen as an alleged investment in exchange for "shares" in Forever Diamonds, a mere fictitious name through which Allen conducts his individual business.

As shown below, Plaintiff's complaint is riddled with inaccuracies, ambiguities and vagueries. Defendant does not reside in this state, maintains no contacts with this state and is domiciled in the state of Texas. Defendant operates his business, Forever Diamonds out of the state of Nevada. Defendant does not have sufficient contacts with the state of California and this Court should dismiss the instant action for lack of personal jurisdiction.

Additionally, venue is improper in the instant action. Defendant does not reside in this district and none of the acts alleged in the Complaint occurred in this district. As such, there are no grounds for bringing the instant claim in the Southern District of California and this case should be dismissed and/or transferred for improper venue.

Furthermore, Plaintiff has failed to sufficiently plead a multitude of causes of actions. Plaintiff's Complaint has not risen to the heightened pleading standards required for fraud in general and securities fraud in particular. Additionally, Plaintiff has failed to sufficiently plead the required elements for a federal RICO violation, as she has failed to establish the necessary predicate acts upon which the claim is based and has incorrectly alleged that an "enterprise" exists between Plaintiff and the "dba" through which he conducts his business. Finally, Plaintiff has alleged declaratory relief, but has failed to allege the written agreement upon which said claim is based. Plaintiff's inability to sufficiently plead her claims for securities fraud, RICO, common law fraud, fraud based on the Nevada Revised Statutes and declaratory relief are grounds for dismissal in accordance with FRCP Rule 12(b)(6).

///

///

## II.

## STATEMENT OF FACTS[1]

Allen is a wholesale jeweler who operates a sole proprietorship in Las Vegas, Nevada called Forever Diamonds.  Forever Diamonds is a single showroom who caters to high priced buyers in Las Vegas.  Forever Diamonds does not have a website, and does not advertise outside of Las Vegas, Nevada.  Forever Diamonds' only out of state customers are customers who contacted Forever Diamonds in Nevada.  Because Forever Diamonds is a sole proprietorship, Allen has never sold or attempted to sell shares in Forever Diamonds.

In or around June of 2006, Allen moved to San Jose California.  Despite his move to California, he still continued to do business though his sole proprietorship Forever Diamonds in Las Vegas, Nevada and serviced its customers in Las Vegas.  Allen would frequently fly from San Jose to Las Vegas to conduct his business.  In early 2006, both La and Allen were divorcing their respective spouses.  It was during this time, that La and Allen met and began dating.  From the start, La and Allen's relationship was tumultuous and filled with ups and downs.  Between January and October 2006 La broke up with Allen on numerous occasions and would then beg to get back together after each break up.

On or about October 16, 2006, after Allen's divorce was finalized, he moved to Texas.  Allen (purchased a house or paid rent?) and made Texas his permanent domicile.  Allen changed his postal address from San Jose to Texas (put in additional facts about moving).  After Allen moved from San Jose, he maintained no contact with San Jose, California: he did not maintain an apartment, postal address or any real property.  La asked Allen if she could move with him to Texas; however, Allen refused and La broke up again with Allen.  Forever Diamonds continued to operate and service its customers in Las Vegas.  Allen continued to fly from Texas to Las Vegas to operate his company.

In an attempt to reconcile, on or about November 14, 2006, La paid for Allen to fly to San Jose for the weekend.  La purchased a hotel in her name and purchased/reimbursed Allen for the plane ticket.

---

[1] All factual averments made in this Statement of Facts are supported by the Declaration of Andra Allen filed concurrently herewith.

1    In December 2006, as part of her divorce negotiations with her husband, La and her husband

2  sold their home in San Jose, California.  La and her husband split the equity in the house and La's

3  portion was approximately $200,000.  On or about February 3, 2007, La called Allen and told him

4  that she was giving him $105,000.  Allen questioned why she was giving it to him, and La claimed

5  that she might as well because they were going to be together.  Allen insisted that she put the money

6  in a CD; however, La was adamant that Allen take the money.  On or about February 5, 2007, La

7  went to local Bank of America branch in San Jose, California and wired $105,000 to Allen's account

8  in Texas.  On or about February 26, 2007, La wired Allen another $75,000 from her account.  At all

9  times, Allen understood La's payments to be gifts.  The parties never discussed repayment terms,

10  interest on the money, or stock in a company which was never authorized to issue stock.

11    On or about January/February 2007, La's husband moved to San Diego.  In or around April

12  2007, La reconciled with her husband, stopped the divorce proceedings, and moved to San Diego

13  with her husband.   At no time were Defendants ever residents of or domiciled in San Diego.  At no

14  time during the relevant dates of Plaintiff's complaint have Defendants visited San Diego.

15    On March 21, 2008, Plaintiff filed the instant complaint.  Defendant was personally served wit

16  the Complaint in Texas and Forever Diamonds was personally served in Las Vegas, Nevada.

### III.

### PLAINTIFF HAS NO PERSONAL JURISDICTION OVER DEFENDANTS (Rule 12(b)(2))

19    Although Defendant is the moving party on the motion to dismiss for lack of personal

20  jurisdiction, Plaintiff is the party who invoked the court's jurisdiction and therefore, bears the burden

21  of proof on the necessary jurisdictional facts.  *Rio Robinson, Inc. v. Rio Int'l Interlink,* 284 F.3d 007,

22  1019 (9th Cir. 2002); *Foster-Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138 (1st Cir. 1995);

23  *Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 592 (5th Cir. 1999).  Motions to dismiss under Rule

24  12(b)(2) may test either Plaintiff's jurisdictional theory, or the facts supporting such theory.  *Credit*

25  *Lyonnais Securities (USA), Inc. v.  Alcantara,* 183 F.3d 151, 153 (2nd Cir. 1999).  As shown below,

26  Plaintiff fails to satisfy this burden.

27    **A.    Traditional Basis.**  Due process requires an adequate basis for jurisdiction over the

28  party sought to be bound by the court's judgment or decree. The three bases for exercise of personal

jurisdiction recognized are (1) service within state (physical presence); (2) domicile; and (3) consent. See *Pennoyer v. Neff,* 95 U.S 714, 715 (1877). In the case at hand, neither Allen nor Forever Diamonds were served in California. As such, it would appear that Plaintiff seeks to obtain personal jurisdiction over Andra and Forever Diamonds through their prior domicile in San Jose, California.

A federal court can exercise general personal jurisdiction as to persons domiciled[2] within the forum state at the time the action is commenced even if they are absent from the state. *Milliken v. Meyer,* 311 U.S. 457, 462-463, 61 S.Ct. 339, 342-3463 (1940). However, personal jurisdiction cannot be based solely on the fact that defendant had been domiciled in the forum state at some earlier time. For due process purposes, defendant's domicile "contact" with the forum state must be intact when the action is **filed**. *Repp. v. Oregon Health Sciences, Univ.,* 972 F.Supp. 546, 549, fn. 2 [holding that "If a defendant is a resident of (forum state) today, it doesn't matter where he resided at the time of the events that gave rise to the claims" (parentheses added)].

On its face, Plaintiff's complaint fails to provide even the most cursory allegation that any part of the conduct occurred in California. Plaintiff alleges that "at all times herein mentioned [Allen] was an individual who is a citizen of the state of Texas"[3] and that "at all times herein mentioned [Forever Diamonds] was a business entity . . . with its principal place of business in the state of Nevada."[4]. Plaintiff further acknowledges that she gifted Defendant the money to Allen on February 5, 2007 and on February 26, 2007 *four months after Allen moved to Texas.*[5] Thus, based on the pleadings alone, it is clear that no personal jurisdiction exists over Defendants through traditional basis of domicile.

As of October 16, 2007, Allen has not been a resident or domiciled in California and has not maintained any contact with the State of California with the exception of a trip financed by La in November 2006. Similarly, Forever Diamonds has never operated within the State of California,

---

[2] "Residence" is simply the place where one lives, even temporarily, and regardless of intent to remain. "Domicile," on the other hand, is the place where one resides with the *intent to remain* indefinitely. [*Williams v. North Carolina* (1945) 325 US 226, 229, 65 S.Ct. 1092, 1094–1095; *Holmes v. Sopuch* (8th Cir. 1981) 639 F2d 431, 433]. A person can have several residences concurrently; but because of the intent requirement, only one domicile at a time.
[3] See Complaint, ¶2
[4] See Complaint, ¶3
[5] See Complaint, ¶¶11, 21, 37, 38, 41, 42, 52, 53, 78, 79 and 81

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1    does not maintain a website which could be accessed by citizens of California and does not advertise

2    in California.    As such, Plaintiff cannot obtain personal jurisdiction over defendants through

3    traditional basis.

4           **B.     Minimum Contacts.**    Courts recognize a nonresident's "minimum contacts"

5    with the forum state as an alternative basis for local jurisdiction.    *International Shoe Co. v*

6    *Washington,* 326 U.S 310, 66 S.Ct. 154, 158 (1945); *Shaffer v. Heitner,* 433 U.S. 186, 207, 97 S.Ct.

7    2569, 2581 (1977).    Application of the minimum contacts test is not a mechanical exercise.    Rather,

8    personal jurisdiction depends on the facts of each case, the test being whether, under those

9    circumstances, the forum state has a sufficient relationship with the defendant and the litigation to

10   make it reasonable (fair play) to require him or her to defend the action in a federal court located in

11   that state.    The purpose of the minimum contacts requirement is to (1) protect the defendant against

12   the burdens of litigating at a distant or inconvenient forum, and (2) insure that states do not reach out

13   beyond the limits of their sovereignty imposed by their status in a federal system.    *World Wide*

14   *Volkswagen Corp. v Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564 (1980).    Courts look to the

15   "contacts" existing when the claim arose: "Only contacts occurring prior to the event causing the

16   litigation may be considered." *Farmers Ins. Exch. V. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911,

17   913 99th Cir. 1990).    Attenuated contacts with the forum state are not sufficient to establish personal

18   jurisdiction over defendants.    *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758 99th Cir.

19   1990); *Kerry Steel, Inc. v. Paragon Industries, Inc,* 106 F.3d 146 (6th Cir. 1997).

20          In *Gray,* an Oregon plaintiff telephoned a California Defendant to inquire about purchasing

21   used food processing equipment,  Defendant sold Plaintiff a piece of equipment located in Illinois on

22   an "as is where is" basis.    Defendant had no other contact with Oregon, and the sale did not

23   contemplate a continuing relationship between the parties.    The Court held that "Defendant's contact

24   with Oregon fell in the category of 'attenuated contacts' insufficient in themselves" to establish

25   purposeful availment.  *Id* at 761.    Similarly in *Kerry* a Michigan Plaintiff telephoned an offer to an

26   Illinois Defendant.    Defendant later refused to pay full purchase price, alleging poor quality.

27   Defendant's actions did not subject it to personal jurisdiction in Michigan.    The court emphasized that

28   this was an isolated transaction and had no realistic impact on commerce in the forum state.

Similar to *Gray* and *Kerry,* Plaintiff admits that at all relevant times stated in the Complaint, Defendants were residents of Texas and Nevada.[6]  Plaintiff further admits that all conversations which took place between her and Defendants occurred between January 17, 2007 and July 16, 2007,[7] *three months after Allen permanently moved to Texas,* and that the money was wired to Allen in Texas on February 5, 2007 and February 26, 2007,[8] *four months after he permanently moved to Texas.*  Plaintiff further admits that her gifts were wired to the State of Texas – not California[9].  With regard to Plaintiff's allegations that she loaned Defendant $1,000[10], Plaintiff readily admits that the loans were entered into on November 14, 2006 and June 29, 2007[11] - two months and nine months, respectively, after defendant moved to Texas.

Finally, Plaintiff's vague allegations that Defendants and Plaintiff communicated by wire or telephone do not support personal jurisdiction over Defendants.  Plaintiff fails to detail who called, who initiated the conversation, what the substance of the conversations were or any other facts that would support a claim of personal jurisdiction over Defendants.[12]  Plaintiff's Complaint, taken into consideration with the facts of Allen's declaration do not rise to a level of minimum contacts such that Defendants would be subject to personal jurisdiction in California.  As such, the Court must dismiss Plaintiff's Complaint in its entirety for lack of personal jurisdiction.

**C.    Evidentiary Determination for Personal Jurisdiction.**  Should the Court deny Defendants' Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, Defendants request the Court allow the parties to conduct limited jurisdictional discovery and a subsequent hearing in order to determine if personal jurisdiction exists over Defendants in California pursuant.

**IV.**

**MOTION TO DISMISS FOR LACK OF VENUE [RULE 12(b)(3) and 28 U.S.C. §1406(a)]**

Plaintiff brings the instant action in a forum that is most convenient to her without

---

[6] See Complaint ¶¶2 and 3
[7] See Complaint ¶¶14 and 23
[8] See Complaint ¶¶11, 21, 37, 38, 41, 42, 52, 53, 78, 79 and 81.
[9] See Complaint ¶26
[10] See Complaint for Third Cause of Action for Breach of Contract
[11] See Complaint ¶¶37 and 54
[12] See Complaint ¶14

1   consideration of venue pursuant to 28 U.S.C. §1391.   Where venue is improper, the court may

2   dismiss the action under 18 U.S.C. §1406(a); *District No. 1 Pacific Coast v. Alaska,* 682 F.2d 797,

3   799 (9th Cir. 1982).

4          **A.      Diversity.**   Where federal subject matter jurisdiction is based solely on diversity of

5   citizenship, venue is proper in the following judicial districts (and no others): (1) If all defendants

6   reside in the same state, a district where any defendant resides; or (2), a district in which a

7   "substantial part of the events or omissions" on which the claim is based occurred, or where is located

8   a "substantial part of the property" that is the subject of the action or (3) if there is no district in which

9   the action may otherwise be brought, a district in which any defendant is subject to personal

10  jurisdiction at the time the action is commenced."  28 U.S.C. §1391(a)

11          For venue purposes, <u>the parties' residence is determined at the time of commencement of the</u>

12  <u>action—not at the time of the event giving rise to the claim for relief.</u>   *Tenefrancia v. Robinson*

13  *Export & Import Corp.,* 921 F.2s 556m 559 (4th Cir. 1990); *Technograph Printed Circuits, Ltd. V*

14  *Packard Bell Electronics Corp.,* 290 F.Supp 308, 326 (C.D CA 1968).   "Residence" of an

15  unincorporated association is the place where it conducts its principal business operations.   *Decker*

16  *Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 841 (9th Cir. 1986).

17          In the case at hand, Defendants <u>never</u> resided in San Diego, never visited San Diego and had

18  no contacts whatsoever with San Diego.  In fact, Plaintiff's Complaint fails to justify how venue in

19  the Southern District is applicable especially when Plaintiff did not live here during the applicable

20  time periods.  In fact, Plaintiff readily admits that Allen resided in Texas at all relevant times and

21  Forever Diamonds resided in Nevada at all relevant times.[13]  Moreover, Plaintiff further admits that

22  she gifted to Defendants the funds to Texas.   Finally, Plaintiff only moved to San Diego only <u>after</u>

23  she had loaned the money to Defendants and threatened to sue them.  As such, venue based on

24  residence under 28 USC §1391(a) is wholly improper and Plaintiff's Complaint in its entirety must be

25  dismissed.

26  *///*

27

28  [13] See Complaint ¶¶2 and 3

**B.    Federal Question.**  Plaintiff has federal questions arising from Securities Fraud and Rico claims.  Such claims can act as federal question jurisdiction to satisfy subject matter jurisdictional issues.  15 USC §78aa; *Securities Investor Protection Corp. v Vigman,* 764 F.2d 1309, 1314 (9th Cir. 1985), and 18 USC §1961.  Except as otherwise provided by special venue rules venue in federal question cases is proper in the following judicial districts (and no others): (1) If all defendants reside in the same state, a district where any defendant resides; or (2) a district in which a substantial part of the events or omissions on which the claim is based occurred, or a substantial part of the property that is the subject of the action is located; or (3) if there is no district in which the action may otherwise be brought, the district in which any defendant may be found.  28 USC §1391(b).  Like the facts alleged in diversity venue above, Plaintiff cannot show that venue ever existed in San Diego County.

**C.    Special Venue Rules.**  Numerous exceptions setting forth special venue rules for particular types of federal actions exist.  28 U.S.C. §1394 et seq.

1.    Securities Fraud.  Any district where any act or transaction constituting the violation occurred or where the defendant is found or is an inhabitant or transacts business.  15 USC §78aa.  The transaction need not be crucial, nor need the fraudulent scheme be hatched in the forum district, as long as the jurisdictional act was of material importance to consummation of the scheme.  *Hilgeman v. National Ins Co of America,* 547 F.2d 298, 301 (5th Cir. 1977).  Here, Plaintiff has not shown that Defendants conduct business in San Diego or that any acts relating to Plaintiff's allegations occurred in San Diego.

2.    RICO Claims.  A RICO action may be brought in any district in which the defendant resides, is found, has an agent or transacts its affairs.  18 USC §1965(a).  The provisions of §1965(a) are not intended to be exclusive.  Therefore, venue may also be satisfied under the general venue statute, such as by bringing the action where a substantial part of the events or omissions giving rise to the claim occurred.  28 USC §1391(b); *Sunray Enterprises, Inc. v. David Bouza & Assoc., Inc.,* 606 F. Supp. 116, 119 (SD NY 1984).  For a corporate defendant to be "found" in a district for purposes of the RICO venue statute, the corporation must be present by its officers or agents carrying on its business within the district.  *Cobra Partners L.P v. Liegl,* 90 F. Supp 332, 335

(SD NY 1998).  As stated above, no acts occurred in San Diego and thus Plaintiff's Complaint must be dismissed in its entirety for lack of venue.

D. **Dismissal of Complaint for Improper Venue**  In determining whether to dismiss the case for filing where venue is improper, the court must consider the basic equities of the case, including the following: (1) judicial economy and whether another action would necessarily be filed, (2) the bar of the statute of limitations and whether, because of the statute of limitations, dismissal is overly harsh; and (3) the relative justice imposed on plaintiff and defendant.  *Goldlaw, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916; *King v. Russell,* 963 F.2d 1301, 1304-1305 (9th Cir. 1992).  It is <u>not</u> in the interests if justice to transfer an action that was obviously or deliberately filed in the wrong court (e.g., where there was no personal jurisdiction over defendant).  The interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing in the wrong court, and thereby imposed substantial unnecessary costs on both defendant and the judicial system. *Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir, 1993); *Dubom v. United States,* 380 F.2d 813, 816, fn.5 (5th Cir. 1967).  Additionally, transfer may be refused and dismissal ordered where plaintiff's claims are very weak and there is no apparent statute of limitations problems.  *Cook v. Fox,* 537 F.2d 370, 371 (9th Cir. 1976); *Mcfarland v. Memorex Corp.,* 493 F.Supp. 657, 659-660 (ND CA 1980).   Here it is obvious that Plaintiff filed in a locale where venue cannot be obtained, in any sense, over the Defendants.  Because there is no impending statute of limitations issue, the Court should dismiss Plaintiff's Complaint in its entirety and force her to refile in a jurisdiction where venue can be obtained over the Defendants.

**V.**

**IF THE COURT REFUSES TO DISMISS THE ACTION, DEFENDANTS ALTERNATIVELY REQUEST THAT VENUE BE TRANSFERRED TO LAS VEGAS NEVADA [28 U.S.C. §1404(a)]**

Where venue is proper, the court may transfer to another district for the convenience of the parties and witnesses in the interest if justice. 28 U.S.C. §1404(a).  An action may be transferred only to a district in which it could have been brought.  28 U.S.C. §1406(a).  This is interpreted to mean that the proposed transferee court must have: (1) subject matter jurisdiction, (2) proper venue, and (3)

defendants must be subject to personal jurisdiction and be amenable to service of process in that district.  Absent any of these factors, the action cannot be transferred to the proposed forum.  *Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777, 780 [interpreting language in 18 U.S.C. §1404(a); *American Standard Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (WD MO 1980).

In deciding whether to transfer rather then to dismiss the case outright, the court has some discretion, i.e., it must find that transfer, rather then dismissal, is in the interest if justice.  28 U.S.C. §1406(a).  Three general factors are identified when determining where to transfer: (1) convenience of *parties*, (2) convenience of *witnesses,* and (3)  *interest of justice*. 28 U.S.C. §1404(a).  These factors are addressed to the inherent discretion of the court.  They are interpreted broadly to allow the court to consider the particular facts of each case.  *Lopez Perez v. Hufstedler,* 505 F.Supp. 39, 41 (D DC 1980); *E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465, 466 (ED CA 1994).  Section 1404 rulings usually turn on the court's evaluation of the following practical considerations: (1) convenience of parties (see *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 413 (6th Cir. 1998)) and (2) convenience of witnesses. *A.J Industries, Inc. v United States Dist. Ct,* 503 F.2d 384, 389 (9th Cir. 1974); *POalace Exploration Co. v Petroleum Develop Co.,*316 F.3d 1110, 1121 (10th Cir. 2003); and *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004).  In the case at hand, none of the parties are conveniently located in a venue which is affable to all of them: Plaintiff filed in an absolutely incorrect venue in San Diego because she currently resides in San Diego, Allen is in Texas and Forever Diamonds is located in Las Vegas Nevada.

## VI.

## PLAINTIFF FAILS TO STATE A CLAIM ON SEVERAL CAUSES OF ACTION [RULE 12(b)(6)]

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  *Conley v. Gibson,* 355 US 41, 45-46, 78 S. Ct.99, 102; *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Fin'l Services, Inc.,* 908 F.Supp. 718, 726-727; *Beliveau v. Caras,* 873 F.Supp.1393, 1395 (CD CA 1995); *United States v. White,* 893 F.Supp.1423, 1428 (CD CA 1995).  Thus, a Rule 12(b)(6) dismissal is proper where there is either a "lack of a

1  cognizable legal theory" *or* "the absence of sufficient facts alleged under a cognizable legal theory."

2  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *Hearn v, R.J. Reynolds Tobacco*

3  *Co.,* 270 F.Supp.2d 1096, 1101 (D AZ 2003); *Coffin v. Safeway, Inc.,* 323 F.Supp.2d 997, 1000 (D

4  AZ 2004).

5  In considering the legal sufficiency of the claims, a court considers the allegations of the

6  pleading and matters that are properly the subject of judicial notice.  *Mack v. South Bay Beer*

7  *Distributors, Inc.,* 789 F.2d 1279, 1282 (9th Cir. 1986).  In taking judicial notice, a court may take

8  notice of adjudicative facts that are "capable of accurate and ready determination by resort to source

9  whose accuracy cannot reasonably be questioned."  FRE 201(b).  Filed concurrently herewith is

10  Plaintiff's request to take judicial notice of the fact that Forever Diamonds is a dba of Andra Allen.

11  As shown below, Plaintiff's Complaint insufficiently states claims with regard to the

12  following causes of action: (1) Securities Fraud; (2) Intentional and Negligent Misrepresentation; (3)

13  Violation of the Nevada Revised Statutes; (4) RICO; and (5) Declaratory Relief.  Each of these

14  alleged causes of action must be dismissed for failure to state a claim.

15  **A.    Plaintiff Has Failed to Sufficiently State a Cause of Action for Securities Fraud**

16  **1. <u>Plaintiff Has Failed to Meet the Heightenend Pleading Requirements In</u>**

17  **<u>Alleging  Securities Fraud</u>**

18  Plaintiff's First Cause of Action for securities fraud is a claim that is grounded in fraud and

19  that must meet the heightened pleadings standards ordinarily applicable to fraud claims.    In the

20  event a claim is said to be "grounded in fraud" or to be "sound in fraud," the pleading of the claim as

21  a whole must satisfy the particularity requirement of Rule 9(b) of the FRCP.  Where a complaint is

22  grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b),

23  a district court should dismiss the complaint or claim.  *See, e.g., In re Stat Elecs. Sec. Litig.,* 89 F.3d

24  1399, 1404-05 (9th Cir. 1996).    These particularity requirements apply to securities fraud causes

25  brought pursuant to both the Securities Act of 1933 (the "'33 Act") and under Securities Exchange

26  Act of 1934 (the "34 Act").  *Seattle-First National Bank v. Carlsedt,* 800 F.2d 1008, 1010 (10th Cir.

27  1986); *In re Juniper Networks, Inc. Securities Litigation,* 2008 WL 938445 (N.D. Cal. 2008)

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1    To comply with the Rule 9(b) requirements that "all averments of fraud or mistake…shall be

2  stated with particularity," allegations of fraud must be specific enough to give a defendant notice of

3  the particular misconduct which is alleged to constitute the fraud charged so that it can defend against

4  the charge and not just deny that it has done anything wrong.  *Bly-Magee v. California,* 236 F.3d

5  1014, 1019 (9th Cir. 2001); Fed. Rules Civ. Proc. 9(b).  In other words, Plaintiff's allegations "must

6  identify the time, place and content of the alleged misrepresentations so that the defendant can

7  identify the statement."  *Smith v. Allstate Ins. Co.,* 160 F. Supp.2d 1150, 1152 (S.D. Cal. 2001).  She

8  must also "plead facts explaining why the statement was false when it was made."  *Id.*  Plaintiff

9  cannot satisfy this second requirement by "simply pointing to a defendant's statement, noting that the

10  content of the statement conflicts with the current state of affairs, and then concluding that the

11  statement in question was false when it was made." *Id.* at 1153.

12    As with fraud actions generally, a securities fraud complaint must particularly specify the

13  statements that plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when

14  the statements were made, and (4) explain why the statements were false.  Fed. Rules Civ. Proc. 9(b);

15  *In re GlenFed, Inc. Secur. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994).

16    A claim for securities fraud must also be in compliance with Private Securities Litigation

17  Reform Act of 1995 ("PSLRA") Under the PSLRA (and under the Securities Act of 1933 when

18  Plaintiff alleges fraud), a complaint must: (a) specify each statement or commission alleged to have

19  been misleading (i.e., the content of each allegedly fraudulent statement or omission); (b) state when

20  and where the statement was made; (c) identify the speaker and what the person obtained thereby;

21  and (d) explain the reason or reasons why the statement or omission was misleading.  15 U.S.C.

22  §78u-4(b)(1).

23    The PSLRA heightened the pleading requirements in private securities fraud litigation by

24  requiring that the complaint plead both falsity and scienter with particularity.  *In re Vantive Corp. Sec.*

25  *Litig,* 283 F.3d 1079, 1084 (9th Cir. 2002). If the complaint does not satisfy these pleading

26  requirements, the court <u>must</u> dismiss the complaint upon motion of the defendant.  15 U.S.C. §78u-

27  4(b)(3)(A).  Thus the Act requires plaintiffs to state with particularity both the facts constituting the

28  alleged violation, and the facts evidencing scienter, *i.e.,* the defendant's intention to deceive,

1   manipulate, or defraud.  *Tellabs, Inc. v Makor Issues & Rights, Ltd.,* 127 S. Ct 2499, 2504 (2007).

2       Thus cases within the purview of the PSLRA are subject to a specific version of the

3   heightened fact pleading, one which must satisfy both Rule 9 and the PLSRA's pleading

4   requirements.  *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2nd Cir. 2007).  With

5   respect to scienter, the complaint shall state with particularity facts giving rise to a strong inference

6   that the defendant acted with the required state of mind.  15 U.S.C. §78u-4(b)(2).  The PSLRA's

7   heightened standard for pleading scienter "naturally results in stricter standard for pleading falsity,

8   because falsity and scienter in private securities fraud cases are generally strongly inferred from the

9   same set of facts, and the two requirements may be combined into a unitary inquiry under the

10  PSLRA."  *In re Vantive Corp. Secur. Litig.,* 283 F.3d 1079, 1091 (9th Cir. 2002); *In re Read-Rite*

11  *Corp. Secur. Litig.,* 335 F.3d 843, 848-849 (9th Cir. 2003).  "With particularity" means that Plaintiff

12  must provide "in great detail, all the relevant facts forming the basis of her belief."  *In re Silicon*

13  *Graphics Inc. Secur. Litig.,* 183 F.3d 970, 985 (9th Cir. 1999).

14

15     These PSLRA requirements are in "inevitable tension [with] ... the customary latitude granted the

16  plaintiff on a motion to dismiss...."  *Gompper v. VISX, Inc.,* 298 F.3d 893, 896 (9th Cir.2002).  In

17  considering whether to dismiss a [securities fraud]  claim, a court is not required to draw all reasonable

18  inferences in the plaintiff's favor, as it is for most Rule 12(b)(6) motions.  *See Usher v. City of L.A.,* 828

19  F.2d 556, 561 (9th Cir.1987).  The court instead must consider all reasonable inferences, whether

20  unfavorable or favorable to the plaintiffs. *Gompper,* 298 F.3d at 896.  Furthermore, the court is not

21  required "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot

22  reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55

23  (9th Cir.1994).

24       Plaintiff failed to include detailed allegations describing what was represented about Forever

25  Diamonds, when that information was provided, why that information was false, and the appropriate

26  level of scienter.  Plaintiff makes no specific statements with regard to time.  Plaintiff merely states

27

28

1   that representations were made to her at sometime "prior to and after February 5, 2007"[14].  Plaintiff

2   also fails to state where the alleged fraudulent statements were made and the context in which they

3   were made to her.    Additionally, Plaintiff provides no specificity as to the actual content of the

4   statements.  She vaguely alleges that Defendant offered to sell Plaintiff "shares" in Forever Diamonds

5   and that Defendant represented the investment to be "sound".   Plaintiff does not provide any

6   information with regard to the amount of "shares" she was to receive, the percentage of equity

7   interest (1%, 50%, 100%?) she was entitled to receive or the nature of the investment she made in

8   Forever Diamonds.  None of these facts are supplied by Plaintiff.  It is wholly unclear from Plaintiff's

9   Complaint exactly what promises she is alleging Defendant made her.

10      Further, Plaintiff has failed to allege why or how the statements were false and deceitful when

11  alleged.   She fails to allege how the investment was "unsound" or how Defendant knew the

12  statements he was making were untrue at the time he was making them.   Plaintiff simply points

13  towards the fact that Defendant agreed to provide her with "shares" and that Defendant failed to

14  provide them.  Plaintiff fails to allege how Defendants representations regarding the shares were false

15  or deceitful when made.

16      Finally, Plaintiff has failed to allege how her reliance on the alleged false statements was

17  justifiable.   Plaintiff conclusorily states that she "reasonably relied" upon Defendant Allen's

18  representations, yet fails to specify how or why her reliance on Defendant's alleged representations

19  was reasonable.  Plaintiff's Complaint consists of general allegations that fall woefully below the

20  heightened pleading standards for securities fraud.  As such, Plaintiff's First Cause of Action for

21  Securities Fraud must be dismissed.

22      **2.    <u>Plaintiff Has Failed to Specify What Violation of the '33 Act Was Committed by</u>**

23  **<u>Defendant</u>**

24      Defendant not only fails to particularly allege any of the required elements for fraud, Plaintiff

25  fails to specify precisely which statute of the '33 Act or which rule promulgated thereunder has been

26  violated by Defendant.  The text of Plaintiff's Complaint merely cites to the entirety of the '33 Act as

27  _____

28  [14] Complaint, ¶14

the "statute" Defendant violated[15].  Plaintiff leaves it to the Defendant (and the Court) to peruse through the entirety of the codified act to determine which, if any, of the enacted statutes are applicable to the conduct being alleged.  This method of pleading fails to meet the heightened pleading requirement on several levels.  Plaintiff, unable to specifically plead any of the required elements for fraud, has neglected to even specify which federal statute has been violated by Defendant.  Even if the Court were to peruse the '33 Act in search of relevant statutes, none would be found.  As is discussed hereinbelow, the conduct alleged by Defendant is inapplicable to any of the even potentially relevant securities fraud statutes of the '33 Act.

15 U.S.C. §77l(a)(2) (hereinafter, "Section 12a-2"), a fraud provision of the '33 Act is wholly inapplicable to the instant circumstance.  Section 12a-2 only applies to public offerings of initial securities and does not apply to private secondary offerings of securities.  *Gustafson v. Alloyd Co., Inc.,* 513 U.S. 561, 115 S.Ct. 1061 (1995).  Section 17(a)(2) of the '33 Act, also contains fraud provisions, however, such provisions  do not create a private right of action.  15 U.S.C. §77k (hereinafter, "Section 11") only applies to false statements contained within a registration statement.  Section 11. Nowhere in Plaintiff's Complaint does she allege the instant fraud was made in connection as part of a primary offering of public securities or that the fraud was contained within a registration statement.  As such, Plaintiff's fraud claims, so far as they relate to the '33 Act, should be dismissed with prejudice.

**3.  <u>Plaintiff Has Failed to Adequately Allege a Violation of Section 10b and Rule 10b-5 Promulgated Thereunder</u>**

Plaintiff has alleged fraud pursuant to the '34 Act.  15 U.S.C. 78j (hereinafter, "Section 10b") of the Securities Act is a fraud provision of the '34 Act, 17 C.F.E. §240.10b-5 (hereinafter "Rule 10b-5") was promulgated thereunder and is utilized as the private right of action for securities fraud under the '34 Act.  Section 10b; Rule 10b-5.  While Plaintiff's Complaint does not specify the statute or rule under which she is bringing her claim for securities fraud under the '34 Act, it can only be presumed that Plaintiff intended to bring fraud in accordance with Rule 10b-5.

---

[15] Plaintiff only cites to 15 U.S.C.A. §77a et.seq., §77a merely states that "[t]his subchapter may be cited as the "Securities Act of 1933".

The crux of Plaintiff's securities fraud claim is that Plaintiff provided Defendant with $105,000 of funds in exchange for what she was told would be an interest in Forever Diamonds. Plaintiff never received the interest and claims she was thus defrauded. Essentially, Plaintiff claims she never actually received the "shares" she was allegedly lead to believe existed in Forever Diamonds.  As more fully explained in Defendant's declaration, he denies these events ever took place, however, even taking all of Plaintiff's allegations as true, her factual averments do not constitute securities fraud under Rule 10b-5.

Section 10b provides, in part, that it is unlawful "to use or employ in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j(b).

A Rule 10b-5 Plaintiff must affirmatively plead: (1) that defendants made a material misrepresentation or omission; (2) **the misrepresentation was in connection with the purchase or sale of a security**; (3) that the misrepresentation caused plaintiff's loss; (4) that plaintiff justifiably relied on the misrepresentation or omission; (5) that defendants acted with scienter; and (6) that plaintiff suffered damages.  Each of these elements must be plead with particularity.  *In re Zoran Corp. Derivative Litigation,* 511 F.Supp.2d 986 (N.D. Cal. 2007); *In re Pixar Securities Litigation,* 450 F.Supp.2d 1096 (N.D. Cal. 2006).

Plaintiff has failed to adequately plead that the alleged fraud was in connection with the "purchase or sale" of a security.  As is established by Defendants's Request for Judicial Notice, Forever Diamonds is nothing more then a sole proprietorship of Defendant and is not a separate, entity, enterprise or company.  Plaintiff never actually purchased a "security" from Defendant and was never transferred any "shares" or ownership of stock.  Indeed no such "shares" ever existed. Plaintiff has merely alleged an attempt to purchase securities and has failed to allege that an actual purchase or sale ever occurred.

In *John v. Blackstock,* investors brought a Rule 10b-5 securities fraud claim and pendant state claims against the defendant, alleging that they had been induced to invest funds in a ficititous "Blackstock house account" on misrepresentations that their funds were being invested in securities.

The defendant misrepresented that such an account existed and that plaintiffs' funds were actually deposited in his own account.  Instead of investing the plaintiffs' funds, Defendant converted the funds to his own use, at the same time misrepresenting to plaintiffs that their funds were invested in securities.  A motion was brought to dismiss for failure to state a claim on which relief could be granted. The plaintiff's alleged that the "Blackstock house account" itself was a security and therefore the underlying fraud was based on the purchase and/or sale of securities.  In disagreeing with Plaintiff's contention, the district court noted that no "Blackstock house account" ever existed and therefore determined that the Rule 10b-5 claim was grounded in an "attempt" to invest securities and not in connection with the "actual" purchase or sale of securities.  The district court held that allegations of attempts to invest in securities failed to state a Rule 10b-5 claim where no securities were actually purchased or sold.

In making its decision the *Blackstock* court cited *Blue Chip Stamps v. Manor Drugs,* 421 U.S. 723, 732, 95 S.Ct. 1917, 1924, 44 L.Ed.2d 539 (1975), wherein the Supreme Court noted that the Securities and Exchange Commission had twice attempted to broaden Section 10(b) to include "any attempt to purchase or sell any securities."  The Supreme Court interpreted Congress' refusal to adopt this amendment as an indication that only actual purchasers or sellers of securities can maintain actions under section 10(b).

In the instant case, no actual purchase or sale of "securities" occurred.  At best, only an attempt to purchase securities occurred on the part of Plaintiff.  Plaintiff never received securities nor was title or control of any securities ever transferred to Plaintiff.  In fact, the "shares" Plaintiff refers to in her Complaint do not exist.  Forever Diamonds is not a corporation that issues shares, but rather is a mere fictitious business name utilized by Defendant.  There are no "security" interests that may be purchased in Defendant.  Indeed, Plaintiff has failed to allege that the underlying agreement was even for the purchase and sale of securities.  Because the underlying transaction alleged by Plaintiff does not involve the purchase or sale of securities, the first cause of action for securities fraud must be dismissed without prejudice.

**B. <u>Seventh and Eighth Causes of Action – Recission of sale of Security and Violation of NRS §9.660.</u>**

Plaintiff generally alleges violations of NRS §§90.310, 90.460, 90.570 and 90.660.  Each of these statutes are based on "securities"violations.  NRS §90.295 defines a security as:

> Security means a note, stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in a profit-sharing agreement, a limited partnership interest, an interest in a limited-liability company, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in an oil, gas or other mineral lease or in payments out of production of such a lease, right or royalty, a put, call, straddle or option on a security, certificate of deposit or group or index of securities including any interest therein or based on the value of any of the foregoing, or, in general, any interest or instrument commonly known as a security or any certificate of interest or participation in, temporary or interim certificate for, receipt for, whole or partial guarantee of or warrant or right to subscribe to or purchase any of the foregoing.

Forever Diamonds is not an entity, but rather, is a sole proprietorship or fictitious business name utilized by Allen.  There are no security interests in Forever Diamonds, as Forever Diamonds is merely a fictitious name under which Allen conducts his individual business. There are no securities that were issued from either Allen or his dba "Forever Diamonds".   Furthermore, Plaintiff fails to explain how Defendant Allen, a resident of Texas, would be subject to the Nevada Revised Statues.   Based on Plaintiff's inability to properly classify Forever Diamonds, Plaintiff's claims under the NRS cannot be maintained and must be dismissed without leave to amend.

### C. <u>Fifth Cause of Action for Misrepresentation/Fraud.</u>

As state herein above, claims of fraud must be stated with particularity.  FRCP, 9(b)  requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.  FRCP 9(b) *In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (2006).  While the necessary allegations will vary from case to case, some of the allegations that may be necessary include: (a) specify the alleged fraudulent representations (or omissions); (b) alleges the representations were false when made; 9c) identify the speaker; (d) state when and where the statements were made; and (e) state the manner in which the representations (or omissions) were false and misleading.

*In re GlenFed, Inc. Secur. Litig.,* 42 F.3d 1541, 1548 (9th Cir. 1994); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (9th Cir. 1990); *Arnold & Assoc., Inc. v. Misys Healthcare Systems,* 275 F. Supp.2d 1013, 1028 (D AZ 2003).

Allegations that are vague or conclusory are insufficient to satisfy the particularity required by Rule 9(b). *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1439 (9th Cir. 1987). *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985) (where Plaintiff alleged that "(a)t places and dates unknown to plaintiff…(defendants) conspired and developed a scheme…for the purpose of cheating plaintiffs out of their corporate…interests" the Court held that the allegations was too conclusory to satsfy Rule 9(b)).

Plaintiffs vaguely alleges Defendant made representations regarding his knowledge of investments and his ability to assist Plaintiff in investing her money. Plaintiff then conclusively alleges such statements were false.[16] Noticeably Plaintiff is missing statements relating to where the conversations were made and the manner in which the statements were made. Such statements do not provide the level of detail necessary to plead fraud. *Ouaknine v. MacFarlene,* 897 F.2d (2nd Cir. 1990).

Additionally, much of the statements alleged by Plaintiff are inactionable as mere opinions. Statements of opinion are not generally actionable in fraud. *Bulgo v. Munoz,* 853 F.2d 710 (9th Cir. 1998). Actionable misrepresentations must relate to fact and cannot be based on expression of opinion or prediction. *Id.* Allegations regarding Defendant's statements relating to "soundness" of the investment and Defendant's "knowledge" of investments are not actionable statements.

**D. Second Cause of Action for RICO claims.** RICO prohibits a person from utilizing a pattern of unlawful activities to infiltrate an interstate enterprise. 18 U.S.C. §1962. RICO claims must be plead with specificity. *Willis v. Mullins,* 517 F.Supp.2d 1206 (E.D. Cal. 2007). In order to state a RICO violation, a criminal indictment 18 §USC 1963 or civil complaint 18 U.S.C. §1964 must at least allege: (1) that a "person" within the scope of the statute; (2) has utilized a "pattern of racketeering activity" or the proceeds thereof; (3) to infiltrate an interstate "enterprise"; (4) by (a)

---

[16] See Complaint ¶¶52-56

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

investing the income derived from the pattern of racketeering activity in the enterprise; (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity; (c) conducting the affairs of the enterprise through the pattern of racketeering activity; or (d) conspiring to commit any of the above acts. 18 U.S.C. §1962.  A plaintiff in a private, civil RICO action must also allege that he was injured in his business or property by reason of one of the foregoing.  18 U.S.C. §1964(c)

The second element of RICO is the pattern of racketeering activity requirement, specifically the requirement that the RICO person (defendant) utilize such a pattern.  The racketeering activity must consist of certain specified predicate acts, and, to constitute a pattern, there must be two or more such acts having sufficient continuity and relationship to constitute a pattern.  *H.J., Inc. v Northwestern Bell Telephone Co.,* 492 U.S 229, 237-249 (1989).  Under *H.J., Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (189), the term "pattern," as used in RICO, requires a showing that (1) "predicate acts are related, and (2) that such activity amounts or poses a threat of continued criminal activity."  The Corut explained that continuity refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with the threat of repetition.  *Id.,* at 22, 109, 2902.

In *Comwest, Inc. v. American Operator Services, Inc.,* the district court granted a motion to dismiss for failure to state a claim when the Plaintiff failed to provide specific facts that pointed towards the threat of continued criminal conduct.  *Comwest, Inc. v. American Operator Services, Inc.,* 765 F.Supp. 1467 (C.D. Cal. 1991).  The plaintiff failed to plead facts showing how defendants engaged in a predicate act or that Defendants engaged in a pattern of behavior that posed a threat of continued criminal activity.  The plaintiff only alluded to certain past acts and conclusorively stated such acts created a "continuity".  The plaintiff failed to allege facts that would suggest there was a threat o continuing conduct.  Similarly, in the instant circumstance, Plaintiff has failed to allege enough facts that would give rise to the inference of threat of continuing behavior.

///

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1    Additionally, under Ninth Circuit law, RICO claims based on predicate acts of fraud must be

2    dismissed where the alleged predicate acts fail to state a claim for violation of the applicable fraud

3    statutes. *Alan Neuman Production, Inc. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988). Should the

4    Court find that Plaintiff has inadequately alleged her securities fraud claims against Defendant, it

5    must necessarily dismiss Plaintiff's RICO claims.

6    Finally, Plaintiff has failed to properly allege the existence of an "enterprise". To qualify as

7    an "enterprise" under RICO, there must be existence beyond that which is merely necessary to

8    commit predicate acts of racketeering, and entity must exhibit some sort of structure for making of

9    decisions, whether it be hierarchical or consensual. *Gonzales v. Lloyds TSB Bank, PLC,* 532

10   F.Supp.2d 1200 (C.D. Cal. 2006). In the instant circumstance, there is no "enterprise", there is only

11   an individual who conducts business under a legally obtained fictitious business name. There is no

12   organizations of persons, there is only one. "The courts have consistently held that in an action under

13   §1962, [which provides that it is 'unlawful for any person…associated with any enterprise…to

14   conduct….such enterprise's affairs through a pattern of racketeering activity], the 'person' **must be

15   separate and distinct from the 'enterprise'**. The reasoning is that under the language of the

16   statute, if the "person" were not distinct from the "enterprise," the person could not "conduct the

17   affairs of" or "associate with" the enterprise as required by a plain reading of §1962(c)'s language."

18   *Comwest, Inc. v. American Operator Services,Inc.* 765 F.Supp. 1467 (C.D. Cal. 1991) *citing,*

19   *Raymark Industries, Inc. v. Stemple,* 714 F.Supp. 460, 472 (D. Kan. 1988) (emphasis added).

20   Because Forever Diamonds is a mere sole-proprietorship of Defendant, there is no "enterprise" that is

21   distinct from the "person" conducting the affairs. As such, Plaintiff has failed to establish the

22   existence of an "enterprise". Because no "enterprise" has been established, Plaintiff's claims under

23   RICO must be dismissed.

24   **E.     Tenth Cause of Action Declaratory Relief.** Plaintiff fails to allege the existence of any

25   written agreement, yet states a claim for Declaratory Relief under *Cal. Civ. Proc.* §1060, et. seq. *Cal.*

26   *Civ. Proc.* §1060 provides in relevant part that, "Any person interested under a written agreement …"

27   may allege a claim for declaratory relief. Plaintiff does not allege the existence of any written contract

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1    – only an allegation of an oral contract.[17]   As such, Plaintiff's claims for declaratory relief must be

2    dismissed without leave to amend.

## VII.

## DEFENDANTS MOVE TO STRIKE PLAINTIFF'S DOE DEFENDANT ALLEGATIONS

A Rule 12(f) motion to strike may be made to have stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, rather than to test the legal sufficiency of a claim.  The Ninth Circuit has rejected naming "DOE" defendants in diversity actions. The rationale is that complete diversity cannot exist if the identity and citizenship of some defendants (the "Does") are unknown.  *Fifty Associates v. Prudential Ins. Co. of America,* 446 F,2d 1187, 1191 (9th Cir. 1970).  As stated above, Plaintiff's claims alleged under federal question (First Cause of Action for Securities Fraud and Second Cause of Action for RICO) cannot be maintained and thus Plaintiff must dismiss its DOE defendants.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

[17] See Complaint ¶11.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

# VIII.

## **CONCLUSION**

In conclusion, Defendants, Andra Allen and Forever Diamonds, respectfully request that the Court:

1. Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(2);

2. Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) or in the alternative, transfer venue to Las Vegas, Nevada pursuant to 28 U.S.C. §1404(a);

3. Dismiss Plaintiff's First Cause of Action without leave to amend;

4. Dismiss Plaintiff's Seventh and Eighth Causes of Action without leave to amend;

5. Dismiss Plaintiff's Second Cause of Action without leave to amend;

6. Dismiss Plaintiff's Fifth Cause of Action without leave to amend;

7. Dismiss Plaintiff's Tenth Cause of Action without leave to amend; and

8. Strike Plaintiff's DOE defendants.

Dated: May 8, 2008                                    Respectfully Submitted,


                                                      s/Timothy P. Dillon
                                                      Attorneys for Defendants,
                                                      Andra Leonard Allen and Forever Diamonds
                                                      E-mail: tdillon@dillongerardi.com