1  Timothy P. Dillon, Esq. (SBN 190839)
2  Nadya Y. Spivack, Esq. (SBN 222595)
   Dillon & Gerardi, APC
3  4660 La Jolla Village Drive
   Suite 775
4  San Diego, CA 92122
   Telephone: (858) 587-1800
5  Facsimile: (858) 587-2587

6  Attorneys for Defendants, Andra Leonard Allen and Forever Diamonds

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 GRACE E. LA                          )  Case No.:  08 CV 0532WQH WMc
                                        )
12 v.                                   )
                                        )  MEMORANDUM OF POINTS AND
13                                      )  AUTHORITIES IN SUPPORT OF
   ANDRE LEONARD ALLEN;                 )  MOTION TO DISMISS FOR LACK OF
14 FOREVER DIAMONDS, a business entity of )  VENUE OR IN THE  ALTERNATIVE
   unknown origin, and DOES 1 though 50, )  TO TRANSFER VENUE AND MOTION
15 inclusive                            )  TO DISMISS FOR FAILURE TO STATE
                                        )  A CLAIM
16                                      )
                                        )  [Fed.  Rules  of  Civ.  Proc.;  12(b)(3);
17                                      )  12(b)(6); 28 U.S.C. §§1404 and 1406]
                                        )
18                                      )  DATE:  August 11, 2008
19                                      )  TIME:  11:00 A.M.
                                        )  JUDGE: Hon. William Q. Hayes
20                                      )  DEPT.:  4
21                                      )
                                        )  NO ORAL ARGUMENT UNLESS
22 _____)  REQUESTED BY THE COURT

23

24

25

26

27

28
                                                      08cv0532WQH WMc

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................................ 1

III.    MOTION TO DISMISS FOR IMPROPER VENUE [RULE 12(b)(3) and 28 U.S.C.

        §1406(a) ..................................................................................................................... 3

        A.      Diversity ......................................................................................................... 3

        B.      Federal Question ........................................................................................... 5

        C.      Special Venue Rules ...................................................................................... 5

        D.      Dismissal of Complaint for Improper Venue .............................................. 6

IV.     IF THE COURT DECLINES TO DISMISS THE ACTION, DEFENDANTS

        ALTERNATIVELY REQUEST THAT VENUE BE TRANSFERRED TO UNITED

        STATES DISTRICT OF NEVADA – LAS VEGAS OR THE UNITED STATES

        DISTRICT COURT OF WESTERN TEXAS [28 U.S.C. §1404(a)] ...................... 7

V.      PLAINTIFF FAILS TO STATE A CLAIM ON SEVERAL CAUSES OF ACTION

        [RULE 12(b)(6)] ....................................................................................................... 8

        A.      Plaintiff Has Failed to Sufficiently State a Cause of Action for Securities Fraud

                Under Federal and State Law (First, Sixth, and Seventh Causes of Action) ............ 9

                1.      Plaintiff Has Failed to Meet the Heightened Pleading Requirements in

                        Alleging Securities Fraud ................................................................. 9

                2.      Plaintiff Has Failed to Adequately Allege a Violation of Section 10b and

                        Rule 10b-5 Promulgated Thereunder .............................................. 13

                3.      Claims Under California Corporations Code (Sixth and Seventh Causes of

                        Action) ............................................................................................... 16

        B.      Third Cause of Action for Account Stated .................................................. 16

        C.      Fourth Cause of Action for Misrepresentation/Fraud .............................. 16

VI.     CONCLUSION ........................................................................................................ 18

08cv0532WQH WMc

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1

## <u>TABLE OF AUTHORITIES</u>

2  **Cases**                                                                                                **Page**

3  *A.J Industries, Inc. v United States Dist. Ct,* 503 F.2d 384 (9th Cir. 1974) ................................8

4  *Aaron v. SEC,* 446 U.S. 680, 691, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1945)........................................10

5  *Aid Auto Stores, Inc. v. Cannon,* 525 F.2d 468 (2nd Cir. 1975) ......................14

6  *American Standard Inc. v. Bendix Corp.,* 487 F.Supp. 254 (WD MO 1980).........................................7

7  *Arnold & Assoc., Inc. v. Misys Healthcare Systems,* 275 F. Supp.2d 1013 (D AZ 2003)......................17

8  *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87 (2nd Cir. 2007)......................................11

9  *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1990) .....................8

10  *Beliveau v. Caras,* 873 F.Supp.1393 (CD CA 1995)...............................................8

11  *Blue Chip Stamps v. Manor Drugs,* 421 U.S. 723 (1975) ...............15

12  *Bly-Magee v. California,* 236 F.3d 1014 (9th Cir. 2001) ...............9

13  *Bulgo v. Munoz,* 853 F.2d 710 (9th Cir. 1998) ..........................17

14  *Clegg v. Cult Awareness Network,* 18 F.3d 752 (9th Cir.1994) ...............11

15  *Coffin v. Safeway, Inc.,* 323 F.Supp.2d 997 (D AZ 2004) ...............8

16  *Cook v. Fox,* 537 F.2d 370 (9th Cir. 1976) ...................................6

17  *In re Daou Sys., Inc. Secur. Litig.,* 411 F.3d 1006 (9th Cir. 2005)...............14

18  *De La Cruz v. Tormey,* 582 F.2d 45 (9th Cir. 1978)...............................8

19  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834 (9th Cir. 1986)........................3

20  *DiLeo v. Ernst & Young,* 901 F.2d 624 (9th Cir. 1990)...............................17

21  *District No. 1 Pacific Coast v. Alaska,* 682 F.2d 797 (9th Cir. 1982) ...............3

22  *DSAM Global Value Fun v. Altris Software, Inc.,* 288 F.3d 385 (2002) ...............11

23  *Dubin v. United States,* 380 F.2d 813 (5th Cir. 1967) ...............................6

24  *E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465 (ED CA 1994) ...............8

25  *Ernst & Ernst v. Hochfelder,* 425 U.S. 185 (1976)................................10

26  *Goldlaw, Inc. v. Heiman,* 369 U.S. 463 (1962) ...............................6

27  *Gompper v. VISX, Inc.,* 298 F.3d 893 (9th Cir. 2002) ...............................11

28  *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353 (2nd Cir. 2005) ...............................4

**Cases**                                                                                                    **Page**

*H. Russell Taylor's Fire Prevention Service, Inc. v. Coca Cola Cottling Corp.,*
      99 Cal.App. 3d 711 (1979) ...............................................................................16

*Hayduk v. Lanna,* 775 F.2d 441 (1st Cir. 1985) .............................................................17

*Hilgeman v. National Ins. Co. of America,* 547 F.2d 298 (5th Cir. 1977)....................5

*Jenkins v. Brick Co. v. Bremer,* 321 F.3d 1366 (11th Cir. 2003)..................................3

*John v. Blackstock,* 664 F.Supp. 1426 (1987)................................................................15

*In re Juniper Networks, Inc. Securities Litigation,* 542 F.Supp 2d 1037 (N.D. Cal. 2008) .....................9

*King v. Russell,* 963 F.2d 1301 (9th Cir. 1992) ..............................................................6

*Lamont v. Haig,* 590 F.2d 1124 (D.C. Cir. 1978) ...........................................................4

*Lewis v. ACB Business Services, Inc.,* 135 F.3d 389 (6th Cir. 1998) ............................8

*Lopez Perez v. Hufstedler,* 505 F.Supp. 39 (D DC 1980).............................................8

*Mack v. South Bay Beer Distributors, Inc.,* 789 F.2d 1279 (9th Cir. 1986) .................8

*Maggio, Inc. v. Neal,* 196 Cal.App.3d 745 (1987).........................................................16

*McFarland v. Memorex Corp.,* 493 F. Supp. 631 (N.D. Cal. 1980)...................6, 11, 12

*Moore v. Kayport Package Express, Inc.,* 885 F.2d 531 (9th Cir. 1989) .....................17

*Myers v. Bennett Law Offices,* 238 F.3d 1068 (9th Cir. 2001) ......................................4

*Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195 (4th Cir, 1993)......................................6

*Ouaknine v. MacFarlane,* 897 F.2d 75 (2nd Cir. 1990)................................................17

*Palace Exploration Co. v Petroleum Develop Co.,* 316 F.3d 1110 (10th Cir. 2003) ........8

*People v. Frederick,* 142 Cal.App.4th 400 (2006).........................................................16

*PI, Inc. v. Quality Products, Inc.,* 907 F.Supp 752 (S.D. NY 1995) .............................4

*In re Pixar Securities Litigation,* 450 F.Supp.2d 1096 (N.D. Cal. 2006) ..................14

*Ranconi v. Larkin,* 253 F.3d 423 (9th Cir. 2001)..........................................................10

*In re Read-Rite Corp. Securities Litigation,* 335 F.3d 843 (9th Cir. 2003)................10

*Seattle-First National Bank v. Carlsedt,* 800 F.2d 1008 (10th Cir. 1986)....................9

*SEC v. Continental Tobacco Co.,* 463 F.2d 137 (5th Cir. 1972) ..................................14

*SEC v. Cross Fin'l Services, Inc.,* 908 F.Supp. 718 (C.D. Cal. 1995)...........................8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

**Cases**                                                                                            **Page**

*SEC v. W.J. Howey Co.,* 328 U.S. 293 (1946). ........................................................14

*Securities Investor Protection Corp. v Vigman,* 764 F.2d 1309 (9th Cir. 1985) ..........................5

*Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777 (9th Cir. 1950) ........................................7

*In re Silicon Graphics Securities Litigation,* 183 F. 3d 970 (9th Cir. 1999) ..........................10

*Smith v. Allstate Ins. Co.,* 160 F. Supp.2d 1150 (S.D. Cal. 2001) ................................9, 10

*In re Stac Elecs. Securities Litigation,* 89 F.3d 1399 (9th Cir. 1996)...................................9

*In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (2006)........................17

*Technograph Printed Circuits, Ltd. v. Packard Bell Electronics Corp.,*
      290 F.Supp 308 (C.D Cal. 1968) ...............................................................3

*Tellabs, Inc. v Makor Issues & Rights, Ltd.,* 127 S. Ct 2499, 168 L.Ed. 179 (2007) ...........10

*Tenefrancia v. Robinson Export & Import Corp.,* 921 F.2d 556 (1990) ..........................3

*In re Triton Ltd. Securities Litigation,* 70 F.Supp.2d 678 (ED Tex 1999) .......................5

*Truestone, Inc. v. Simi West Industrial Park II,* 163 Cal.App.3d 715 (1984) ..................16

*United States v. White,* 893 F.Supp.1423 (C.D. Cal. 1995)........................................8

*Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir.1987) ..........................................11

*In re Vantive Corp. Securities Litigation,* 283 F.3d 1079 (9th Cir. 2002)........................10, 11

*In re Volkswagen AG,* 371 F.3d 201 (5th Cir. 2004) ..............................................8

*Woodke v. Dahm,* 70 F.3d 983 (8th Cir. 1995)....................................................4

*Zinn v. Fred R. Bright Co.,* 271 Cal.App.2d 597 (1969) ..........................................16

*In re Zoran Corp. Derivative Litigation,* 511 F.Supp.2d 986 (N.D. Cal. 2007)................14

**Statutes**

15 U.S.C. §77........................................................................................14

15 U.S.C. §78...........................................................................5, 10, 11, 13

17 C.F.E. §240.10...................................................................................13

18 U.S.C. §1406.......................................................................................3

28 U.S.C. §1391....................................................................................3, 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1

**Statutes**                                                                                                    **Page**

2   28 U.S.C. §1404.............................................................................................................7

3   28 U.S.C. §1406.............................................................................................................7

4   *Cal. Corps. Code* §25019...........................................................................................16

5   **Secondary Sources**

6   Fed. Rules Civ. Proc. Rule 9...................................................................................9, 17

7   Fed. Rules Evid. Rule 201 ...........................................................................................9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.

## INTRODUCTION

Plaintiff, Grace La's ("La"), First Amended Complaint continues to set suffer from many of the same deficiencies Defendants, Andra Allen ("Allen") and Forever Diamonds ("Forever Diamonds") identified in their initial motion to dismiss. This case arises from a failed intimate relationship in which Plaintiff gave money to Allen while the relationship was ongoing. Once the relationship failed, Plaintiff has made numerous specious claims in an effort to variously categorize her gifts as loans, investments and an equity purchase in Forever Diamonds that were provided based upon the fraud and misrepresentation of Allen. As detailed herein, Plaintiff's efforts to allege any claims based upon fraud or misrepresentation fail to meet federal pleading standards.

Moreover, Plaintiff has failed to bring this action in a proper forum in an effort to increase Defendants' costs. Defendants do not reside in San Diego, have never resided in San Diego, and none of the events described by Plaintiff took place in San Diego. It would appear that Plaintiff's claims of venue rest entirely on the novel allegation that it is appropriate because Plaintiff's attorney wrote a letter to Allen (sent to his Texas address) from San Diego.

As shown below, La's FAC is nothing more than an instrument of harassment designed to force Defendants to spend extraordinary costs to litigate a matter in a district where no events occurred and no Defendant resides.

# II.

## STATEMENT OF FACTS[1]

Allen is a wholesale jeweler who operates a sole proprietorship in Las Vegas, Nevada called Forever Diamonds. Forever Diamonds is a single showroom catering to high priced buyers in Las Vegas. Forever Diamonds does not have a website, and does not advertise outside of Las Vegas, Nevada. Forever Diamonds' only out of state customers are customers who contacted Forever Diamonds in Nevada. Because Forever Diamonds is a sole proprietorship, Allen has never sold or attempted to sell shares in Forever Diamonds.

---

[1] All factual averments made in this Statement of Facts are supported by the Declaration of Andra Allen filed concurrently herewith.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

In or around June of 2005, Allen moved to San Jose California. Allen continued to maintain customers in Las Vegas for a period of time, but those customer contacts and relationships dwindled over time. At this point in time, almost no business was conducted through Forever Diamonds. In early 2006, Allen met La. At the time, both La and Allen were in the process of separating from their respective spouses and an intimate relationship ensued. La and Allen's tumultuous relationship lasted several months. Between January and October 2006 La broke up and got back together with Allen on numerous occasions.

On October 16, 2006, Allen permanently moved to Austin, Texas. Shortly after Allen moved to Texas, La asked Allen to move to Texas with him. Allen refused. Since leaving San Jose, Allen returned to San Jose on a handful of occasions, primarily for personal reasons. On two or three occasions, Allen visited Plaintiff in San Jose, at the end of their relationship.

In December 2006, as part of her divorce negotiations with her husband, La and her husband sold their home in San Jose, California. La and her husband split the equity in the house and La's portion was approximately $200,000. On or about February 3, 2007, La called Allen and told him that she was giving him $105,000. When Allen questioned why, La claimed that "because we were going to be together, I might as well." Allen insisted that she put the money in a CD; however, La was adamant that Allen take the money. On or about February 5, 2007, La went to local Bank of America branch in San Jose, California and wired $105,000 to Allen's account in Texas. On or about February 26, 2007, La wired Allen another $75,000 from her account in San Jose into Allen's account in Texas. At all times, Allen understood La's payments to be gifts. The parties never discussed repayment terms, interest on the money, or stock in a company which was never authorized to issue stock. Since that time Plaintiff has not provided Allen or Forever Diamonds with additional funds.

In or around July 2007, La reconciled with her husband and moved to San Diego from San Jose. At no time were Defendants ever residents of or domiciled in San Diego. At no time during the relevant dates of Plaintiff's complaint have Defendants visited San Diego.

On March 21, 2008, Plaintiff filed the instant complaint. Defendant was personally served with the Complaint in Texas and Forever Diamonds was personally served in Las Vegas, Nevada.

**III.**

**MOTION TO DISMISS FOR IMPROPER VENUE [RULE 12(b)(3) and 28 U.S.C. §1406(a)]**

Plaintiff's FAC is filed in the Southern District of California, a venue in which Defendants have no contacts and by Plaintiff's own FAC, shows no substantial portion of the events or omission arose in.  Defendants' assert that Plaintiff's decision to file the FAC in San Diego is simply an effort for her to improperly obtain "home court" advantage, while increasing the costs on Defendants in violation of 28 U.S.C. §1391.  Where venue is improper, the court may dismiss the action under 18 U.S.C. §1406(a); *District No. 1 Pacific Coast v. Alaska,* 682 F.2d 797, 799 (9th Cir. 1982).  Venue is ordinarily determined as of the time an action is commenced, not when the claim for relief arose. *Tenefrancia v. Robinson Export & Import Corp.,* 921 F.2d 556 (1990).

**A.     Diversity.**  Where federal subject matter jurisdiction is based solely on diversity of citizenship, venue is proper in the following judicial districts (and no others): (1) If all defendants reside in the same state, a district where any defendant resides; or (2), a district in which a "substantial part of the events or omissions" on which the claim is based occurred, or where is located a "substantial part of the property" that is the subject of the action or (3) if there is no district in which the action may otherwise be brought, a district in which any defendant is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. §1391(a)

For venue purposes, the parties' residence is determined at the time of commencement of the action—not at the time of the event giving rise to the claim for relief.  *Tenefrancia v. Robinson Export & Import Corp.,* 921 F.2s 556m 559 (4th Cir. 1990); *Technograph Printed Circuits, Ltd. v. Packard Bell Electronics Corp.,* 290 F.Supp 308, 326 (C.D CA 1968).   "Residence" of an unincorporated association is the place where it conducts its principal business operations.  *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 841 (9th Cir. 1986).

In determining whether venue is proper under section 1391(a)(2), only those events and omissions *that directly give rise to the claim* are relevant ("only those acts and omissions that have a close nexus to the wrong").  *Jenkins v. Brick Co. v. Bremer,* 321 F.3d 1366 (11th Cir. 2003) [holding that in suit to enforce employee's covenant not to compete, court should look to the place the contract was negotiated and executed, and place of performance and breach and sales meetings, training and

1  seminars elsewhere did *not* have a close nexus to the claim]; *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d

2  353, 356 (2nd Cir. 2005).  What constitutes a substantial part is likely to be determined in light of the

3  purpose of the venue statute: The substantiality of the operative events is determined by assessment

4  of their ramifications for efficient conduct of the suit.   *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C.

5  Cir. 1978); *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1076 (9th Cir. 2001).  Protecting defendant

6  from being haled into court in a remote forum is a relevant consideration. Therefore, Congress'

7  reference to "events or omissions giving rise to the claim" requires courts to focus on relevant

8  activities of the defendant, not the plaintiff.  *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995).  For

9  example, where a Plaintiff sues in New York for breach of contract arising from merger plan that had

10  been drafted, executed, performed and allegedly breached in Florida, the Court held that the fact that

11  some of the negotiations took place in New York did *not* provide a basis for venue in that state.  *PI,*

12  *Inc. v. Quality Products, Inc.,* 907 F.Supp 752, 758 (S.D. NY 1995).

13      Plaintiff's FAC fails to allege any evidence whatsoever relating to venue in the Southern

14  District.  A review of the FAC shows that Allen made representations about Forever Diamonds in San

15  Jose; (FAC ¶¶12, 41) that Plaintiff and Defendant entered into an alleged oral agreement regarding

16  the sale of securities in Forever Diamonds in San Jose (FAC ¶¶13, 41-43); and that Plaintiff wired her

17  "investment" from San Jose to Texas (FAC ¶¶16-19, 41-43, 46).  Plaintiff further alleges that she had

18  conversation with Allen on the telephone while she was in San Jose (FAC ¶¶20-21) and that Allen

19  flew from Texas to *San Jose* to have a meeting with Plaintiff (FAC ¶22).  Plaintiff's last allegations

20  refer to two loans in the amount of $500 each made in November 2006 (FAC ¶41) and June 2007

21  (FAC ¶41) – both from San Jose.  (Plaintiff did move to San Diego until after July 2007 (FAC ¶23)).

22  As such, Plaintiff's FAC clearly and unambiguously states that **all events relating to the transaction**

23  occurred in San Jose, Texas or Las Vegas – not in San Diego.

24      Plaintiff's sole allegations relating to the Southern District relate to her phone calls to obtain

25  documents that were previously requested by her in San Jose (FAC ¶¶23-24), and correspondence

26  written from Plaintiff's attorneys in San Diego to Allen in Texas (FAC ¶25).  These facts do not rise

27  to the level of "substantial events" as contemplated by Congress when drafting section 1391.  As

28  such, venue based on residence under 28 USC §1391(a) is wholly improper and Plaintiff's Complaint

in its entirety must be dismissed.

      **B.**    **Federal Question.**  Plaintiff has federal questions arising under the Securities Acts of 1933 and 1934.  Such claims can act as federal question jurisdiction to satisfy subject matter jurisdictional issues.  15 USC §78aa; *Securities Investor Protection Corp. v Vigman,* 764 F.2d 1309, 1314 (9th Cir. 1985).  Except as otherwise provided by special venue rules venue in federal question cases is proper in the following judicial districts (and no others): (1) If all defendants reside in the same state, a district where any defendant resides; or (2) a district in which a substantial part of the events or omissions on which the claim is based occurred, or a substantial part of the property that is the subject of the action is located; or (3) if there is no district in which the action may otherwise be brought, the district in which any defendant may be found. 28 USC §1391(b).  In the case at hand, Defendants never resided in the Southern District and there is a district in which Defendants can be found (Texas and Nevada), as such, Plaintiff's claim for venue appears to rest solely on 28 USC §1391(b)(2).

      As stated above, the acts by Defendants all occurred in San Jose, Texas or Nevada.  The only acts alleged by Plaintiff in San Diego were her calls for additional information *five months after the investment was made in San Jose,* Defendants refusal to return Plaintiff's "investment" and Plaintiff's counsel sending correspondence to Defendants in Texas.  Based on the facts as stated in Plaintiff's FAC, it is clear that she cannot and there are no facts sufficient to allege venue in the Southern District.

      **C.**    **Special Venue Rules.**  Under the Securities Exchange Act of 1934 venue is proper in any district where any act or transaction constituting the violation occurred or where the defendant is found or is an inhabitant or transacts business.  15 U.S.C. §78v; 15 USC §78aa.  The transaction need not be crucial, nor need the fraudulent scheme be hatched in the forum district, but the jurisdictional act cannot be trivial and must be of material importance to consummation of the scheme.  *Hilgeman v. National Ins Co of America,* 547 F.2d 298, 301 (5th Cir. 1977).  The special venue provisions of 15 U.S.C. §78aa are held to *supplement*, not replace, the general venue statute, 28 U.S.C. §1391.  Thus, where section 78aa's specific venue requirements are not satisfied (i.e., no local "act or transaction" or local defendant), venue may still be established under section §1391.  *In re Triton Ltd. Secur.*

1 *Litig.,* 70 F.Supp.2d 678, 683 (ED Tex 1999).

2        Here, Plaintiff has not shown that Defendants conduct business in San Diego or that any acts

3 relating to Plaintiff's allegations occurred in San Diego.  In fact, Plaintiff's FAC specifically states

4 that Allen worked from and handed out business cards in San Jose (FAC ¶12), that any alleged

5 representations to Plaintiff were made in San Jose (FAC ¶¶13-16) and that Plaintiff wired Allen and

6 Forever Diamonds her funds from San Jose to Texas (FAC ¶19).  Most importantly, Plaintiff's FAC

7 admits that Defendants' breached their obligations to Plaintiff while Plaintiff was in San Jose.  (FAC

8 ¶¶45-46).  As such, Plaintiff cannot obtain venue in San Diego through any special venue provisions.

9        **D.    Dismissal of Complaint for Improper Venue**  In determining whether to transfer the

10 case to a forum where venue is improper, the court must consider the basic equities of the case,

11 including the following: (1) judicial economy and whether another action would necessarily be filed,

12 (2) the bar of the statute of limitations and whether, because of the statute of limitations, dismissal is

13 overly harsh; and (3) the relative justice imposed on plaintiff and defendant.  *Goldlaw, Inc. v.*

14 *Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed. 2d 39 (1962); *King v. Russell,* 963 F.2d 1301,

15 1304-1305 (9th Cir. 1992).  It is <u>not</u> in the interests if justice to transfer an action that was obviously

16 or deliberately filed in the wrong court (e.g., where there was no personal jurisdiction over

17 defendant).  The interest of justice is not served by allowing a plaintiff whose attorney committed an

18 obvious error in filing in the wrong court, and thereby imposed substantial unnecessary costs on both

19 defendant and the judicial system.  *Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir,

20 1993); *Dubin v. United States,* 380 F.2d 813, 816, fn.5 (5th Cir. 1967).  Additionally, transfer may be

21 refused and dismissal ordered where plaintiff's claims are very weak and there is no apparent statute

22 of limitations problems.  *Cook v. Fox,* 537 F.2d 370, 371 (9th Cir. 1976); *Mcfarland v. Memorex*

23 *Corp.,* 493 F.Supp. 631, 657, 659-660 (ND CA 1980).   Here it is obvious that Plaintiff filed in a

24 locale where venue cannot be obtained, in any sense, over the Defendants.

25        As stated above, Plaintiff is unable to allege any facts that would confer venue in the Southern

26 District.  The FAC alleges that Allen made representations about Forever Diamonds in San Jose

27 (FAC ¶¶12, 41); that Plaintiff and Defendant entered into an alleged oral agreement regarding the sale

28 of securities in Forever Diamonds in San Jose (FAC ¶¶13, 41-43); that Allen allegedly requested

1  Plaintiff's investment in San Jose (FAC ¶¶16, 41-43) and that Plaintiff wired her "investment" from

2  San Jose to Texas (FAC ¶¶19, 41-43).  Plaintiff further alleges that she had conversation with Allen

3  on the telephone while she was in San Jose (FAC ¶¶20-21) and that Allen flew from Texas to *San*

4  *Jose* to have a meeting with Plaintiff (FAC ¶22).  Finally, Plaintiff admits that Defendants breached

5  their "obligations" to Plaintiff while Plaintiff was in San Jose (FAC ¶¶45-46).  Plaintiff's sole

6  allegations relating to the Southern District occurred *after* Plaintiff received information and made

7  her investment in San Jose.  Thus all allegations made by Plaintiff relate to venue in San Jose, Las

8  Vegas or Texas – not San Diego.

9       Because there is no impending statute of limitations issue, the Court should dismiss Plaintiff's

10  Complaint in its entirety and force her to refile in a jurisdiction where venue can be obtained over the

11  Defendants.

12                                   **IV.**

13  **IF THE COURT DECLINES TO DISMISS THE ACTION, DEFENDANTS**

14  **ALTERNATIVELY REQUEST THAT VENUE BE TRANSFERRED TO UNITED STATES**

15  **DISTRICT OF NEVADA - LAS VEGAS OR THE UNITED STATES DISTRICT COURT OF**

16  **WESTERN TEXAS [28 U.S.C. §1404(a)]**

17       Where venue is proper, the court may transfer to another district for the convenience of the

18  parties and witnesses in the interest if justice.  28 U.S.C. §1404(a).  An action may be transferred only

19  to a district in which it could have been brought.  28 U.S.C. §1406(a).  This is interpreted to mean

20  that the proposed transferee court must have: (1) subject matter jurisdiction, (2) proper venue, and (3)

21  defendants must be subject to personal jurisdiction and be amenable to service of process in that

22  district.  Absent any of these factors, the action cannot be transferred to the proposed forum.  *Shapiro*

23  *v. Bonanza Hotel Co.,* 185 F.2d 777, 780 [interpreting language in 18 U.S.C. §1404(a); *American*

24  *Standard Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (WD MO 1980).

25       In deciding whether to transfer rather then to dismiss the case outright, the court has some

26  discretion, i.e., it must find that transfer, rather then dismissal, is in the interest if justice.  28 U.S.C.

27  §1406(a).  Three general factors are identified when determining where to transfer: (1) convenience

28  of *parties*, (2) convenience of *witnesses,* and (3)  *interest of justice*. 28 U.S.C. §1404(a).  These

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

factors are addressed to the inherent discretion of the court. They are interpreted broadly to allow the court to consider the particular facts of each case. *Lopez Perez v. Hufstedler,* 505 F.Supp. 39, 41 (D DC 1980); *E. & J. Gallo Winery v. F. & P. S.p.A.,* 899 F.Supp. 465, 466 (ED CA 1994); *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 413 (6th Cir. 1998); *A.J Industries, Inc. v United States Dist. Ct,* 503 F.2d 384, 389 (9th Cir. 1974); *Palace Exploration Co. v Petroleum Develop Co.,* 316 F.3d 1110, 1121 (10th Cir. 2003); and *In re Volkswagen AG,* 371 F.3d 201, 204 (5th Cir. 2004).

Here, it would appear that the majority of witnesses are located in La Vegas, where Forever Diamonds is located Forever Diamonds showroom is in Las Vegas, and any business documents relating to Forever Diamonds are maintained in Las Vegas. Alternatively, Defendants request that the Court transfer venue to Texas, where Allen resides and maintains documents relating to the gifts transferred from La to him. As such, Defendants request that this Court transfer the case to United States District of Nevada - Las Vegas or the United States District of Western Texas, where venue is proper and Defendants submit to jurisdiction.

**V.**

**PLAINTIFF FAILS TO STATE A CLAIM ON SEVERAL CAUSES OF ACTION [RULE 12(b)(6)]**

A Rule 12(b)(6) motion tests the legal sufficiency of the claim(s) stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978); *SEC v. Cross Fin'l Services, Inc.,* 908 F.Supp. 718, 726-727 (C.D. Cal. 1995); *Beliveau v. Caras,* 873 F.Supp.1393, 1395 (CD CA 1995); *United States v. White,* 893 F.Supp.1423, 1428 (CD CA 1995). Thus, a Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" *or* "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990); *Coffin v. Safeway, Inc.,* 323 F.Supp.2d 997, 1000 (D AZ 2004).

In considering the legal sufficiency of the claims, a court considers the allegations of the pleading and matters that are properly the subject of judicial notice. *Mack v. South Bay Beer Distributors, Inc.,* 789 F.2d 1279, 1282 (9th Cir. 1986). In taking judicial notice, a court may take notice of adjudicative facts that are "capable of accurate and ready determination by resort to source

1    whose accuracy cannot reasonably be questioned." FRE 201(b). Filed concurrently herewith is

2    Plaintiff's request to take judicial notice of the fact that Forever Diamonds is a dba of Andra Allen.

3        As shown below, Plaintiff's Complaint insufficiently states claims with regard to the

4    following causes of action: (A) Federal and State claims for Securities Fraud; (B) Account Stated;

5    and (C) Intentional and Negligent Misrepresentation. Each of these alleged causes of action must be

6    dismissed for failure to state a claim.

7        **A.    Plaintiff Has Failed to Sufficiently State a Cause of Action for Securities Fraud**

8    **Under Federal and State Law (First, Sixth, and Seventh Causes of Action).**

9        1.    Plaintiff Has Failed to Meet the Heightened Pleading Requirements in Alleging

10   Securities Fraud

11       Plaintiff's First Cause of Action for securities fraud is a claim that is grounded in fraud, which

12   must comply with the particularity requirement of Rule 9(b) of the FRCP. Where a complaint is

13   grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b),

14   a district court should dismiss the complaint or claim. *See, e.g., In re Stat Elecs. Sec. Litig.,* 89 F.3d

15   1399, 1404-05 (9th Cir. 1996). These particularity requirements apply to securities fraud causes

16   brought pursuant to both the Securities Act of 1933 (the "'33 Act") and under Securities Exchange

17   Act of 1934 (the "34 Act"). *Seattle-First National Bank v. Carlsedt,* 800 F.2d 1008, 1010 (10th Cir.

18   1986); *In re Juniper Networks, Inc. Securities Litigation,* 542 F.Supp 2d 1037 (N.D. Cal. 2008)

19       To comply with the Rule 9(b) requirements that "a party must state with particularity the

20   circumstances constituting fraud or mistake," allegations of fraud must be specific enough to give a

21   defendant notice of the particular misconduct which is alleged to constitute the fraud charged so that

22   it can defend against the charge and not just deny that it has done anything wrong. *Bly-Magee v.*

23   *California,* 236 F.3d 1014, 1019 (9th Cir. 2001); Fed. Rules Civ. Proc. 9(b). In other words,

24   Plaintiff's allegations "must identify the time, place and content of the alleged misrepresentations so

25   that the defendant can identify the statement." *Smith v. Allstate Ins. Co.,* 160 F. Supp.2d 1150, 1152

26   (S.D. Cal. 2001). She must also "plead facts explaining why the statement was false when it was

27   made." *Id.* Plaintiff cannot satisfy this second requirement by "simply pointing to a defendant's

28   statement, noting that the content of the statement conflicts with the current state of affairs, and then

1  concluding that the statement in question was false when it was made." *Id.* at 1153.

2      A claim for securities fraud must also be in compliance with Private Securities Litigation

3  Reform Act of 1995 ("PSLRA") Under the PSLRA (and the 1933 Act), a complaint must: (a) specify

4  each statement or commission alleged to have been misleading (i.e., the content of each allegedly

5  fraudulent statement or omission); (b) state when and where the statement was made; (c) identify the

6  speaker and what the person obtained thereby; and (d) explain the reason or reasons why the statement

7  or omission was misleading.  15 U.S.C. §78u-4(b)(1).  Further, the complaint must allege a level of

8  scienter, i.e., "state with particularity facts giving rise to a strong inference that the defendant acted with

9  the required state of mind." 15 U.S.C. §78u-4(b)(2).  Thus the complaint must allege that the defendant

10 made false or misleading statements either intentionally or with deliberate recklessness or, if the

11 challenged representation is a forward looking statement, with actual knowledge that the statement was

12 false or misleading, *i.e.,* the defendant's intention to deceive, manipulate, or defraud.  15 U.S.C. §78u-

13 5(c)(1)(B)(i); *Ranconi v. Larkin,* 253 F.3d 423 (9th Cir. 2001); *In re Silicon Graphics Securities*

14 *Litigation,* 183 F. 3d 970 (9th Cir. 1999).  Thus the Act requires plaintiffs to state with particularity both

15 the facts constituting the alleged violation, and the facts evidencing scienter.  *Tellabs, Inc. v Makor*

16 *Issues & Rights, Ltd.,* 127 S. Ct 2499, 2504, 168 L.Ed. 179 (2007).

17      The PSLRA's heightened standard for pleading scienter "naturally results in stricter standard for

18 pleading falsity, because falsity and scienter in private securities fraud cases are generally strongly

19 inferred from the same set of facts, and the two requirements may be combined into a unitary inquiry

20 under the PSLRA." *In re Vantive Corp. Secur. Litig.,* 283 F.3d 1079, 1091 (9th Cir. 2002); *In re Read-*

21 *Rite Corp. Secur. Litig.,* 335 F.3d 843, 848-849 (9th Cir. 2003).  "With particularity" means that

22 Plaintiff must provide "in great detail, all the relevant facts forming the basis of her belief."  *In re*

23 *Silicon Graphics Inc. Secur. Litig.,* 183 F.3d 970, 985 (9th Cir. 1999). Facts establishing only motive

24 and opportunity or circumstantial evidence of simple recklessness are insufficient to crease a strong

25 inference of deliberate recklessness.  *Id.* at 979.  Some intent to deceive, manipulate or defraud must be

26 shown. Plaintiff cannot recover damages (nor can the SEC obtain injunctive relief) in a 10b–5 action if

27 defendant's conduct was merely negligent, or even grossly negligent. *Ernst & Ernst v. Hochfelder,* 425

28 U.S. 185, 201-202, 96 S.Ct. 1375, 1385, 47 L.Ed.2d 668 (1976); *Aaron v. SEC,* 446 U.S. 680, 691, 100

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

1  S.Sct. 1945, 1952-1953, 64 L.Ed.2d 611 (1945); *DSAM Global Value Fun v. Altris Software, Inc.,* 288

2  F.3d 385, 387 (2002) [holding that a seriously botched audit was a compelling case of negligence—

3  perhaps even gross negligence, but not actionable under 10b–5].

4         Thus, the PSLRA heightened the pleading requirements in private securities fraud litigation

5  by requiring that the complaint plead both falsity and scienter with particularity.  *In re Vantive Corp.*

6  *Sec Litig,* 283 F.3d 1079, 1084 (9th Cir. 2002). If the complaint does not satisfy these pleading

7  requirements, the court <u>must</u> dismiss the complaint upon motion of the defendant.  15 U.S.C. §78u-

8  4(b)(3)(A).   Cases within the purview of the PSLRA are subject to a specific version of the

9  heightened fact pleading, one which must satisfy both Rule 9 and the PLSRA's pleading

10  requirements. *ATSI Communications, Inc. v. Shaar Fund, Ltd.,*493 F.3d 87, 99 (2nd Cir. 2007).

11         These PSLRA requirements are in "inevitable tension [with] ... the customary latitude granted

12  the plaintiff on a motion to dismiss...." *Gompper v. VISX, Inc.,* 298 F.3d 893, 896 (9th Cir.2002). In

13  considering whether to dismiss a [securities fraud]  claim, a court is not required to draw all reasonable

14  inferences in the plaintiff's favor, as it is for most Rule 12(b)(6) motions.  *See Usher v. City of L.A.,* 828

15  F.2d 556, 561 (9th Cir.1987). The court instead must consider all reasonable inferences, whether

16  unfavorable or favorable to the plaintiffs. *Gompper,* 298 F.3d at 896.  Furthermore, the court is not

17  required "to accept legal conclusions cast in the form of factual allegations if those conclusions cannot

18  reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55

19  (9th Cir.1994).

20         In *McFarland v. Memorex Corp.,* 493 F. Supp. 631 (N.D. Cal. 1980), Plaintiff plead the

21  following in support of a securities fraud claim: (a) The defendants misrepresented the financial

22  condition, net earnings, assets and net worth of the company by means of, inter alia  (1) Failing to

23  disclose and thereby misrepresenting manufacturing cost variances; (2) Failing to disclose and thereby

24  misrepresenting costs associated with the manufacture of new products; (3) Failing to properly account

25  for and thereby misrepresenting cost increases involved in the company's decentralization of facilities;

26  (4) Failing to properly account for and thereby misrepresenting the effective tax rate applicable to the

27  earnings of the company; and (5) Failing to disclose and thereby misrepresenting the company's sales

28  revenues; (b) In addition to the foregoing, the defendants attempted to conceal the company's materially

1  poor and disappointing operating results for the third quarter ended September 29, 1978, by failing to

2  properly account in prior periods for known increased expenses and costs. (c) The defendants

3  misrepresented that the audited financial statements used in the Registration Statement and the

4  Prospectus fairly presented the financial condition and operating results of Memorex. The Court held

5  that Plaintiff's statements were little more than conclusory in nature, and appear to be based on no facts

6  apart from the general comments that appeared in a company press release dated October 18, 1978, and

7  in the Wall Street Journal article noted above.  Plaintiff cannot simply say that the defendants know

8  what they did wrong, and that pointing to the transgressing documents (the registration statement and

9  prospectus) gives the defendants adequate notice of the charges against them. *McFarland v. Memorex*

10  *Corp.,* 493 F.Supp.631 at 635-638 (N.D. Cal. 1980)

11       In the case at hand, Plaintiff's allegations are more vague then those alleged in *McFarland.*

12  Plaintiff's sole description relating to the sale of the alleged security was that Allen represented that

13  Plaintiff would realize a profit from her investment and that Allen never intended for Plaintiff to realize

14  a profit no later than January 2008.  (FAC ¶14(b)).  Plaintiff cannot identify what the "investment" is,

15  whether stock, a partnership interest or otherwise.  Moreover, Plaintiff cannot even identify was amount

16  of "equity" she was "purchasing" with her alleged investment.

17       With respect to Plaintiff's claim that Defendants promised she would realize a profit, not only is

18  that term vague, the statement itself cannot be the grounds to allege scienter.  Plaintiff fails to identify

19  why such a statement was intentionally false or made with deliberate recklessness.  Even if court were

20  to accept Plaintiff's claim that her funds were given to Defendants for an "investment", allowing a

21  securities fraud claim to be alleged on the bald allegation that Plaintiff did not receive a profit would

22  create a flood of litigation for any person making an "investment" that later proved unprofitable.

23       Plaintiff makes no specific statements with regard to time.  Plaintiff merely states that

24  representations were made to her at sometime "prior to February 5, 2007" (FAC ¶14).  Plaintiff also

25  fails to state where the alleged fraudulent statements were made and the context in which they were

26  made to her.  Additionally, Plaintiff provides no specificity as to the actual content of the statements.

27  She vaguely alleges that Defendant offered to sell Plaintiff "an ownership interest" in Forever

28  Diamonds and that Defendant represented the investment to be "sound" and that Plaintiff would earn

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

a profit.  (FAC ¶14(a)-(c)).   Plaintiff does not provide any information with regard to the amount of "shares" she was to receive, the percentage of equity interest she was entitled to receive or the nature of the investment she made in Forever Diamonds.  It is unclear from Plaintiff's Complaint exactly the terms were for Plaintiff's alleged investment.

Further, Plaintiff has failed to allege why or how the statements were false and deceitful when alleged.  She claims that Defendant promised that she would "see a profit no later then January 2008".  However, Plaintiff fails to allege how the investment was "unsound" or how Defendant knew the statements he was making were untrue at the time he was making them.  Plaintiff simply points towards the fact that Defendant agreed to provide her with "shares"[2] and that Defendant failed to provide them.  Plaintiff fails to allege how Defendants' representations regarding the shares were false or deceitful when made.  Accordingly, this Court must dismiss with prejudice Plaintiff's first cause of action for securities fraud.

2.  <u>Plaintiff Has Failed to Adequately Allege a Violation of Section 10b and Rule 10b-5 Promulgated Thereunder</u>

Plaintiff has alleged fraud pursuant to the '34 Act.  15 U.S.C. 78j (hereinafter, "Section 10b") of the Securities Act is a fraud provision of the '34 Act, 17 C.F.E. §240.10b-5 (hereinafter "Rule 10b-5") was promulgated thereunder and is utilized as the private right of action for securities fraud under the '34 Act.  Section 10b; Rule 10b-5.  While Plaintiff's Complaint does not specify the statute or rule under which she is bringing her claim for securities fraud under the '34 Act, it can only be presumed that Plaintiff intended to bring fraud in accordance with Rule 10b-5.

Section 10b provides, in part, that it is unlawful "to use or employ in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe."  15 U.S.C. § 78j(b).  A Rule 10b-5 Plaintiff must affirmatively plead: (1) that defendants made a material misrepresentation or omission; (2) **the misrepresentation was in connection with the purchase or sale of a security**; (3) that the

---

[2] To the extent Plaintiff bases her securites fraud claim on the fact that Defendants never gave her "shares" or other proof of her investment, that claim is grounded in a breach of contract, not fraud.

misrepresentation caused plaintiff's loss; (4) that plaintiff justifiably relied on the misrepresentation or omission; (5) that defendants acted with scienter; and (6) that plaintiff suffered damages.  Each of these elements must be plead with particularity.  *In re Zoran Corp. Derivative Litigation,* 511 F.Supp.2d 986 (N.D. Cal. 2007); *In re Pixar Securities Litigation,* 450 F.Supp.2d 1096 (N.D. Cal. 2006); *In re Daou Sys., Inc. Securities Litigation,* 411 F.3d 1006, 1014 (9th Cir. 2005).

Proof that the instrument in question is a "security" is essential to establishing liability under either Section 10(b) or Rule 10b-5.  *Aid Auto Stores, Inc. v. Cannon,* 525 F.2d 468 (2nd Cir. 1975); *SEC v. Continental Tobacco Co.,* 463 F.2d 137 (5th Cir. 1972).  Section 2 of the 1933 Act defines the term "security" to mean:

> any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security," or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

An "investment contract" involves either (1) a common enterprise (2) in which a person or group of persons invest(s) money (3) expecting profits (4) solely from the efforts of the promoter or a third party.  *SEC v. W.J. Howey Co.,* 328 U.S. 293, 298-299, 66 S.Ct. 1100, 1102, 90 L.Ed. 1244 (1946).

In the case at hand, Plaintiff's allegations at best rise to the level of a loan.  The crux of Plaintiff's securities fraud claim is that Plaintiff provided Defendant with $105,000 of funds in exchange for what she was told would be an "investment" in Forever Diamonds and a $75,000 payment for a Texas Certificate of Deposit.  Plaintiff never received proof of the investments and thus claims she was defrauded.  Noticeably Plaintiff's FAC fails miserably to allege allegations that a group of people invested in Forever Diamonds or that her alleged "investment" was nothing more then a simple loan.

1    In *John v. Blackstock,* 664 F.Supp. 1426 (1987) investors brought a Rule 10b-5 securities

2   fraud claim and pendant state claims against the defendant, alleging that they had been induced to

3   invest funds in a fictitious "Blackstock house account" on misrepresentations that their funds were

4   being invested in securities.  The defendant misrepresented that such an account existed and that

5   plaintiffs' funds were actually deposited in his own account.  Instead of investing the plaintiffs' funds,

6   Defendant converted the funds to his own use, at the same time misrepresenting to plaintiffs that their

7   funds were invested in securities.  A motion was brought to dismiss for failure to state a claim on

8   which relief could be granted. The plaintiff's alleged that the "Blackstock house account" itself was a

9   security and therefore the underlying fraud was based on the purchase and/or sale of securities.  In

10  disagreeing with Plaintiff's contention, the district court noted that no "Blackstock house account"

11  ever existed and therefore determined that the Rule 10b-5 claim was grounded in an "attempt" to

12  invest securities and not in connection with the "actual" purchase or sale of securities.  The district

13  court held that allegations of attempts to invest in securities failed to state a Rule 10b-5 claim where

14  no securities were actually purchased or sold.

15    In making its decision the *Blackstock* court cited *Blue Chip Stamps v. Manor Drugs,* 421 U.S.

16  723, 732, 95 S.Ct. 1917, 1924, 44 L.Ed.2d 539 (1975), wherein the Supreme Court noted that the

17  Securities and Exchange Commission had twice attempted to broaden Section 10(b) to include "any

18  attempt to purchase or sell any securities."  The Supreme Court interpreted Congress' refusal to adopt

19  this amendment as an indication that only actual purchasers or sellers of securities can maintain

20  actions under section 10(b).

21    Plaintiff has failed to adequately plead that the alleged fraud was in connection with the

22  "purchase or sale" of a security.  As is established by Defendants' Request for Judicial Notice,

23  Forever Diamonds is nothing more then a sole proprietorship of Defendant and is not a separate,

24  entity, enterprise or company.  Plaintiff never actually purchased a "security" from Defendant and

25  was never transferred any "shares" or ownership of stock.  Indeed no such "shares" ever existed.

26  Plaintiff has merely alleged an attempt to purchase securities and has failed to allege that an actual

27  purchase or sale ever occurred.   At best, Plaintiff's allegations rise to a claim for conversion – not for

28  the securities fraud.

1          Because the underlying transaction alleged by Plaintiff does not involve the purchase or sale

2    of securities, the first cause of action for securities fraud and its pendant claims (count one under

3    section §77e and count two under section §77l) must be dismissed with prejudice.

4          3.    <u>Claims under California Corporations Code (Sixth and Seventh Causes of Action).</u>

5    California's statutory definition of security is similar to federal law.  See *Cal. Corps. Code* §25019;

6    *People v. Frederick,* 142 Cal.App.4th 400, 413 (2006).    Because Plaintiff cannot prove that

7    Defendants sold her a "security", Plaintiff's sixth and seventh causes of action must also be dismissed

8    with prejudice.

9          **B.**    **<u>Third Cause of Action for Account Stated.</u>**  An account stated is an agreement, based

10   on prior transactions between the parties, that the items of an account are true and that the balance

11   agreed on is due and owing.  *Zinn v. Fred R. Bright Co.,* 271 Cal.App.2d 597 (1969); *Maggio, Inc. v.*

12   *Neal,* 196 Cal.App.3d 745 (1987).

13         For an account stated to exist, there must be a debt from one party to the other at the time of the

14   statement, a balance must then be determined and agreed to be the correct sum owing from the debtor

15   to the creditor, and the debtor must expressly or impliedly promise to pay to the creditor the amount

16   determined to be owing. *Maggio, Inc. v. Neal,* 196 Cal.App.3d 745 (1987) The amount agreed on must

17   be either specifically stated or readily calculable.  *H. Russell Taylor's Fire Prevention Service, Inc. v.*

18   *Coca Cola Cottling Corp.,* 99 Cal.App. 3d 711 (1979) (plaintiff could not successfully plead account

19   stated "in excess" of specified amount).  The acknowledgment of a debt consisting of a single item may

20   form the basis for an account stated. *Maggio, Inc. v. Neal,* 196 Cal.App.3d 745 (1987).  An account

21   stated is equally established by a statement from the debtor assenting to and acknowledging the agreed

22   amount of the debt to the creditor.  *Truestone, Inc. v. Simi West Industrial Park II,* 163 Cal.App.3d 715

23   (1984).  In the case at hand, Plaintiff has failed to provide any semblance of an account stated or any

24   evidence that she in fact loaned Defendant the monies alleged; i.e. evidence of wire transfers or

25   statements of her loan to Defendants.  Without integral evidence of an account stated, Plaintiff cannot

26   properly allege such a cause of action and the Court must dismiss it outright.

27         **C.**    **<u>Fourth Cause of Action for Misrepresentation/Fraud.</u>**

28         As state herein above, claims of fraud must be stated with particularity.  FRCP, 9(b) requires

1  a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person

2  who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the

3  intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.  FRCP

4  9(b) *In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (2006).  While the necessary

5  allegations will vary from case to case, some of the allegations that may be necessary include: (a)

6  specify the alleged fraudulent representations (or omissions); (b) alleges the representations were

7  false when made; (c) identify the speaker; (d) state when and where the statements were made; and

8  (e) state the manner in which the representations (or omissions) were false and misleading.  *DiLeo v.*

9  *Ernst & Young,* 901 F.2d 624, 627 (9th Cir. 1990); *Arnold & Assoc., Inc. v. Misys Healthcare*

10  *Systems,* 275 F. Supp.2d 1013, 1028 (D AZ 2003).

11      Allegations that are vague or conclusory are insufficient to satisfy the particularity required by

12  Rule 9(b).  *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Hayduk v.*

13  *Lanna,* 775 F.2d 441, 444 (1st Cir. 1985) (where Plaintiff alleged that "(a)t places and dates unknown

14  to plaintiff…(defendants) conspired and developed a scheme…for the purpose of cheating plaintiffs

15  out of their corporate…interests" the Court held that the allegations was too conclusory to satisfy

16  Rule 9(b)).  Plaintiffs vaguely alleges Defendant made representations regarding his knowledge of the

17  jewelry business and that if Plaintiff invested in Forever Diamonds that she would realize a profit by

18  January 2008.  (FAC ¶¶56-58).  Plaintiff then conclusively alleges such statements were false.  (FAC

19  ¶¶59-60).  Noticeably Plaintiff is missing statements relating to where the conversations were made

20  and the manner in which the statements were made.  Such statements do not provide the level of

21  detail necessary to plead fraud.  *Ouaknine v. MacFarlane,* 897 F.2d 75 (2nd Cir. 1990).

22      Additionally, much of the statements alleged by Plaintiff are inactionable as mere opinions.

23  Statements of opinion are not generally actionable in fraud.  *Bulgo v. Munoz,* 853 F.2d 710 (9th Cir.

24  1998).  Actionable misrepresentations must relate to fact and cannot be based on expression of

25  opinion or prediction.  *Id.*  Allegations regarding Defendant's statements relating to "soundness" of

26  the investment and Defendant's "knowledge" of investments are not actionable statements.

27  ///

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE

## VI.

## <u>CONCLUSION</u>

In conclusion, Defendants, Andra Allen and Forever Diamonds, respectfully request that the Court:

1.    Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(3) or in the alternative, transfer venue to Las Vegas, Nevada pursuant to 28 U.S.C. §1404(a);

2.    Dismiss Plaintiff's First Cause of Action without leave to amend;

3.    Dismiss Plaintiff's Sixth and Seventh Causes of Action without leave to amend;

4.    Dismiss Plaintiff's Third Cause of Action without leave to amend; and

Dated: June 19, 2008                                Respectfully Submitted,


                                                    s/Timothy P. Dillon
                                                    Attorneys for Defendants,
                                                    Andra Leonard Allen and
                                                    Forever Diamonds
                                                    E-mail: tdillon@dillongerardi.com

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE OR IN THE  ALTERNATIVE TO TRANSFER VENUE, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE