1  Charles B. Christensen, Esq. (SBN 56728)
   Sean D. Schwerdtfeger, Esq. (SBN 179521)
2  Anna R. Salusky, Esq. (SBN 222484)
   CHRISTENSEN SCHWERTDFEGER & SPATH, LLP
3  550 West "C" Street, Suite 1660
   San Diego, CA 92101
4  Tel. (619) 236-9343
   Fax.  (619) 236-8307
5
   Attorneys for Plaintiff GRACE E. LA
6

7

8                    UNITED STATE DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 GRACE E. LA,                         )  CASE NO.: 08 CV 0532WQH WMc
                                        )
11            Plaintiff,                 )  MEMORANDUM OF POINTS AND
                                        )  AUTHORITIES IN OPPOSITION TO
12      v.                              )  MOTION TO DISMISS FOR LACK OF
                                        )  VENUE OR IN THE ALTERNATIVE TO
13 ANDRÁ LEONARD ALLEN; and            )  TRANSFER VENUE AND MOTION TO
   FOREVER DIAMONDS, a business entity  )  DISMISS FOR FAILURE TO STATE A
14 of unknown origin, inclusive,        )  CLAIM
                                        )
15            Defendants.               )  Date:  August 11 ,2008
                                        )  Time:  11:00 a.m.
16                                      )  Judge: Hon. William Q. Hayes
                                        )  Dept.:  4
17                                      )
                                        )  ORAL ARGUMENT REQUESTED
18 _____ )

19                             I.

20                        INTRODUCTION

21      Defendants Forever Diamonds and Andra Leonard Allen ("Defendants") move for a motion

22 to dismiss Plaintiff's first amended complaint ("FAC"), alleging improper venue pursuant to Rule

23 12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative, a transfer of venue; and move for a motion

24 to dismiss, alleging that Plaintiff fails to state a sufficiently state a claim for securities fraud under

25 federal and state law, account stated and fraud, pursuant to Rule 12(b)(6).

26 ///

27 ///

28 ///

E: CLIENTS La, Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss Final.07.28.08.wpd
1
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1   Ms. La opposes this motion on the basis that the FAC pleads sufficient facts to support venue

2   in the Southern District of California.   In addition, Ms. La states facts to support a claim for

3   securities fraud under federal and state law, account stated and common law fraud, as discussed more

4   fully herein.

5   **II.**

6   **STANDARD OF REVIEW**

7   A.      **Standard of Review for Motion for Change of Venue Pursuant to Federal Rule of Civil**

8           **Procedure, Rule 12(b)(3):**

9           In the Ninth Circuit, a motion to dismiss based on a forum selection clause is treated as a

10  motion to dismiss for improper venue under Federal Rule of Civil Procedure, Rule 12(b)(3); see also

11  American Home Assurance Co. v. TGL Container Lines, Ltd., (ND Cal 2004) 347 F Supp2d 749.

12  Thus, in determining the motion to dismiss, the court need not accept the pleadings as true, and may

13  properly consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., (9th Cir 1996) 87

14  F3d 320, 324.   However and importantly, the trial court must draw all reasonable inferences and

15  resolve all factual conflicts in favor of the non-moving party, the Plaintiff in this case, Grace La.

16  Murphy v. Schneider Nat'l, Inc., (9th Cir 2004) 362 F.3d 1133, 1138.

17          Counsel may submit written materials outside of the pleadings, such as sworn affidavits and

18  exhibits, for the court to consider in ruling on a motion to dismiss for improper venue.   Argueta v.

19  Banco Mexicano, S.A., 87 F3d 320, 324;   Murphy v. Schneider Nat'l, Inc. 362 F.3d 1133, 1137.

20  Submitting written materials does not transform the motion to dismiss into a motion for summary

21  judgment, however, under Rule 56.   Argueta v. Banco Mexicano, S.A. at 324.   A different standard

22  applied to a Motion to Dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), which

23  is discussed in further detail below.

24  B.      **Standard of Review for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure,**

25          **Rule 12(b)(6):**

26          In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6),

27  the court may only examine the four corners of the complaint.   Raber v. Osprey Alaska, Inc., (1999,

28  MD Fla) 187 FRD 675, 677; cites to Rickman v. Precisionaire, Inc., (1995, MD Fla) 902 F. Supp.

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion.Dismiss.Final 07.28.08.wpd

2

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1    232,233. A motion for failure to state a claim is not a procedure for resolving a contest about the

2    facts or merits of the case. Neilson v. Union Bank of Cal., N.A., (CD Cal 2003) 290 F Supp2d 1101,

3    1151. Dismissal for failure to state a claim is appropriate only when the plaintiff can prove no set

4    of facts supporting relief. Guerrero v. Gates, (9th Cir 2004) 357 F3d 911, 916. Accordingly, the

5    motion is viewed with disfavor and is rarely granted. Gilligan v. Jamco Dev. Corp., (9th Cir 1997)

6    108 F3d 246, 249; Gallardo v. DiCarlo, (CD Cal 2002) 203 F Supp2d 1160, 1164-1165.

7        In this case, the Plaintiff has plead sufficient facts to support each of its causes of action, as

8    shown in Section III of these points and authorities. Ordinarily, dismissals for failure to state a claim

9    under Rule 12(b)(6) should be without prejudice to the plaintiff's ability to file an amended pleading.

10   Balistreri v. Pacifica Police Department, (9th Cir 1988) 901 F.2d 696, 701. Dismissal without

11   granting leave to amend is proper only in extraordinary cases. Broam v. Bogan, (9th Cir 2003) 320

12   F.3d 1023, 1028. Thus, a district court should grant leave to amend if it appears at all possible that

13   the plaintiff can correct the defect. Balistreri v. Pacifica Police Department, at 701. Here,

14   importantly, the Defendant has not raised any objections to Causes of Action for Breach of Contract

15   (Second Cause of Action), for Negligent Mispresentation (5th Cause of Action), Rescission for Sale

16   of Securities (Eighth Cause of Action), for Accounting (9th Cause of Action), Breach of Fiduciary

17   Duty (10th Cause of Action) or Declaratory Relief (11th Cause of Action). So the motion to dismiss

18   is limited to the 1st, 3rd, 4th,6th and 7th causes of action. As will be shown, the motion as to these

19   causes of action must fail and Plaintiff does not believe that any amendment of the First Amended

20   Complaint is required.

21       As a general rule, a district court may not consider any material beyond the pleadings in

22   ruling on a motion to dismiss under Federal Rule of Civil Procedure, Rule12(b)(6); See also Lee v.

23   City of Los Angeles, (9th Cir 2001) 250 F3d 668, 688. Thus, if the court considers matters outside

24   the pleadings, it must treat the motion as one for summary judgment. See Federal Rule of Civil

25   Procedure, Rules 12(b) and 56. The pleadings include any properly submitted attachments. Wan

26   v. Commercial Recovery Systems, Inc., (ND Cal 2005) 369 F. Supp.2d 1158, 1161. Here,

27   Defendants allege many facts not included in the FAC, none of which should be considered in

28   evaluating Defendants' Rule 12(b)(6) motion to dismiss. Specific objections to Defendants' newly

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss.Final.07.28.08.wpd

3

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1  plead "alleged" facts are stated in the Objections to Evidence filed concurrently herewith.

2      If a party presents the district court with matters outside the pleadings that the court does not

3  exclude, it must treat the motion to dismiss as one for summary judgment. See Federal Rule of Civil

4  Procedure, Rule 12(b), 56. On conversion of a motion to dismiss under Rule 12(b)(6) to a Rule 56

5  motion, the court must give all parties a reasonable opportunity to present material pertinent to a

6  motion for summary judgment. See Federal Rule of Civil Procedure, Rules 12(b) and 56.

7      A Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as

8  one for summary judgment until the district court acts to convert the motion. The preferable method

9  of "acting" is for the court to make an explicit ruling that it will exclude extraneous materials from

10  its consideration. Swedberg v. Marotzke, (9th Cir 2003) 339 F3d 1139, 1146. In the event that

11  Court elects to consider extraneous facts plead in its motion, Ms. La respectfully requests an

12  opportunity to conduct additional discovery so that she may further respond to this motion as a

13  Motion for Summary Judgment and submit declarations that can rebut each of the contentions raised

14  by Defendant Allen in his Declaration of June 18, 2008.

15  **III.**

16  **STATEMENT OF FACTS**

17      Ms. La alleges in her FAC that the Court has original and diversity jurisdiction of the present

18  lawsuit. (FAC ¶¶ 1 through 6). Diversity jurisdiction exists by virtue of the fact that at all relevant

19  times, Ms. La was was citizen of the city of San Diego, state of California; (FAC ¶ 1); Defendant

20  Forever Diamonds, a business entity of unknown origin, was a citizen of Nevada, with its principal

21  place of business in the state of Nevada. (FAC ¶ 3); and Defendant Andra Leonard Allen ("Allen")

22  an individual, was a citizen of the state of Texas. (FAC ¶ 2) In addition, Ms. La alleges that the court

23  has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of

24  different states, in which the amount in controversy, exclusive of interest and costs, exceeds the

25  amount of Seventy Five Thousand and No/100 Dollars ($75,000.00). (FAC ¶ 4) Original jurisdiction

26  exists because Ms. La's claim for relief arises under the Securities Act of 1933 and the Security

27  Exchange Act of 1934. (FAC ¶ 5(a)) In addition the court has supplemental jurisdiction pursuant

28  to 28 U.S.C. § 1367. (FAC ¶ 5(b))

E:\CLIENTS\La, Grace\Pleadings\Opposition Motion to Dismiss\Opposition.Motion Dismiss.Final 07.28.08.wpd

4

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1    Ms. La also alleges in her FAC that "venue is proper under 28 U.S.C. § 1391(a)(2) and (b)(2)

2    based upon the fact that a substantial part of the events or omissions giving rise to the claims

3    occurred in this state of California and the penultimate action by the Defendant occurred in this

4    district, as more fully discussed herein, when Defendant failed to repay and account to Plaintiff for

5    her monies after demand by her attorney in San Diego, California.  (FAC ¶ 9)

6    From at least October 6, 2006, while Defendant Allen lived and worked in San Jose,

7    California, he repeatedly solicited business in California on behalf of Forever Diamonds by handing

8    out business cards to members of the public.  (FAC ¶ 12)  As a result of these solicitations for

9    business, Allen, on behalf of Forever Diamonds, accepted jewelry business, including but not limited

10   to jewelry repair work, from citizens of the state of California. (FAC ¶ 12). Defendant Allen

11   transacted business in the State of California and resided in the State as alleged in the First Amended

12   Complaint.

13   On or about February 5, 2007, Ms. La entered into an oral agreement with Defendant Allen,

14   who represented that he had the authority to act as an agent for Defendant Forever Diamonds.  (FAC

15   ¶ 13)  Pursuant to the terms of the agreement, Ms. La agreed to invest a total sum of One Hundred

16   Five Thousand and No/100 Dollars ($105,000.00) in Forever Diamonds. (FAC ¶ 13)

17   Sometime prior to February 5, 2007, Defendant Allen made the following misrepresentations

18   of material facts to Ms. La to induce her to invest in Forever Diamonds, while the Plaintiff was in

19   California: (1) Allen offered to sell Ms. La an ownership interest in Forever Diamonds in exchange

20   for Ms. La paying him a total sum of One Hundred Five Thousand and No/100 Dollars

21   ($105,000.00). (FAC ¶ 14)  When Allen made these representations on behalf of Forever Diamonds,

22   he had no intention of ever giving Ms. La documented proof of her ownership interest in Forever

23   Diamonds.  (FAC ¶ 14). Defendant Allen was doing business in the State of California, as has been

24   plead both in San Jose and in San Diego.

25   Furthermore, Allen represented to Ms. La that investing in Forever Diamonds would be a

26   sound investment decision for her. (FAC ¶ 14)  Allen informed Ms. La that she would begin to see

27   a profit from her investment by July 2007 and then no later than January 2008. This offer to share

28   profits made to Plaintiff, constitutes a security under both California law and federal law (FAC ¶ 14)

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion.Dismiss Final.07.28.08 wpd
5
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1   Allen's statements to Ms. La were misleading because when he made them, Allen never intended

2   for Ms. La to realize a profit based upon her investment in Forever Diamonds. (FAC ¶ 14) In

3   addition, Defendant Allen failed and refused to pay back the monies received by him from Plaintiff

4   after demand was made by Plaintiff's attorneys in San Diego.

5         Finally, when Allen solicited Ms. La to purchase an ownership interest in Forever Diamonds,

6   he never provided her with a prospectus or informed Ms. La of her right to review a prospectus.

7   (FAC ¶ 14)  Allen never intended to give Ms. La any profits from her investment in Forever

8   Diamonds. (FAC ¶ 14)

9         Defendants, for the purpose of executing the scheme and artifice to defraud Ms. La of her

10  money, transmitted and caused to be transmitted communications by means of wire or telephone in

11  interstate commerce. (FAC ¶ 16)  Such interstate commerce communications included, without

12  limitation, telephone calls between Allen and Ms. La from at least January 17, 2007 through July 6,

13  2007. (FAC ¶ 16)  Approximately one week prior to February 5, 2007, while in Texas, Defendant

14  Allen initiated a contact with  Ms. La in San Jose, California, via telephone, and requested that she

15  wire him One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of Ms. La

16  investing in Forever Diamonds, which Ms. La did. (FAC ¶ 16). This telephone call into California

17  by Defendant constituted additional allegations of Defendant doing business in California.

18        As an officer and/or agent of Forever Diamonds, Defendant Allen owed Ms. La a duty to

19  disclose the truth. (FAC ¶ 17)  Allen held himself out to Ms. La to be a savvy businessman,

20  knowledgeable of the wholesale jewelry business.  (FAC ¶ 18)  Allen also claimed that he

21  represented Plaintiff's financial interests. (FAC ¶ 18) Ms. La reasonably and justifiably relied upon

22  Allen's representations.  (FAC ¶ 18)

23        On February 5, 2007, in reliance upon Defendant Allen's representations, Ms. La wired a

24  total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) from her bank account

25  in  San Jose, California to Allen in Texas, per Defendant Allen's request. (FAC ¶ 19)  Thereafter,

26  Plaintiff made multiple requests to Allen for written documentation confirming her ownership

27  interest in Forever Diamonds. (FAC ¶ 20)  However, to date, Defendants have failed and refused,

28  and continue to fail and refuse to provide Ms. La with any such documentation.  (FAC ¶ 20)

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss.Final.07.28.08.wpd

6

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1    In addition, on or about November 14, 2006, Ms. La entered into an oral agreement with

2 Defendant Allen, whereby she agreed to loan him Five Hundred and No/100 Dollars ($500.00) as

3 a personal loan.   (FAC ¶ 41) Thereafter, on or about June 29, 2007, Plaintiff entered into an oral

4 agreement with Defendant Allen, whereby she agreed to loan him an additional sum of Five Hundred

5 and No/100 Dollars ($500.00).   (FAC ¶ 41)

6    On or about February 26, 2007, Plaintiff entered into an oral agreement with Defendant

7 Allen, whereby she agreed to and contemporaneously tendered to him Seventy Five Thousand and

8 No/100 Dollars ($75,000.00) for the purpose of investing it in certificate of deposit on Plaintiff's

9 behalf, in Texas.  (FAC ¶ 43) Defendant Allen breached his agreement with Ms. La by failing to

10 invest it on behalf of Plaintiff as he promised.  (FAC ¶ 46)  Ms. La informed and believes and

11 thereon alleges that Defendant ALLEN failed to deposit the funds in a certificate of deposit; failed

12 to invest the funds on Plaintiff's behalf; and failed to inform Plaintiff of the whereabouts of her

13 money despite repeated inquiries from California.. (FAC ¶ 46)

14    On or about July 28, 2007, and afterward, Ms. La made repeated oral and written demands

15 to Defendant Allen to reimburse her for the two (2) personal loans that she tendered to Allen,

16 totaling One Thousand and No/100 Dollars ($1,000.00).  (FAC ¶ 47)  Defendant Allen failed and

17 refused, and continues to fail and refuse to repay the loan amount to Ms. La.  (FAC ¶ 47)

18    Clearly, the facts alleged constitute claims by Plaintiff Grace La against Defendant Allen dba

19 Forever Diamonds. It should be noted that the Defendant requested that the Court take notice of his

20 fictitious name statement filed in Las Vegas, Nevada. That form, lists Defendant Allen as the

21 "President" of Forever Diamonds. This statement tends to corroborate the allegations of Plaintiff

22 concerning the offer of "shares or equity" in the business. He make statements in public records

23 implying that the business was a corporation.

24 ///

25 ///

26 ///

27 ///

28 ///

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

**IV.**

**LEGAL DISCUSSION**

**A.    Venue is Proper:**

    **I.    Standard of law for Venue Selection:**

Despite Defendants' contentions, venue is proper in the Southern District of California. A plaintiff is not obligated to file an action in the most convenient forum, only in a proper forum. See Newton v. Thomason,(9th Cir 1994) 22 F3d 1455, 1463-1464. Where a complaint invokes both diversity and federal question jurisdiction, as stated in the FAC, venue is governed by the rules in federal question cases. See 28 USC § 1391(b). Except as otherwise provided by special venue rules, venue in federal question cases is proper in the following judicial districts:

    (1)    if all defendants reside in the same state, a district where any defendant resides. See 28 USC § 1391(b)(1); or

    (2)    *a district in which a substantial part of the events or omissions on which the claim is based occurred*, or a substantial part of the property that is the subject of the action is located. See 28 USC § 1391(a)(2), (b)(2) [*Emphasis supplied*]; or

    (3)    if there is no district in which the action may otherwise be brought, the district in which any defendant may be found. See 28 USC § 1391(b)(3).

The majority of the events need not have occurred in the State of California and the penultimate act of denying repayment to the Plaintiff and failing to provide an accounting when requested by her attorney occurred in the Southern District of California; the statute requires only that a substantial part of the events occurred in the district. See Meyers v. Bennett Law Offices, (9th Cir. 2001) 238 F.3d 1068, 1075-1076; see also Radical Products, Inc. v. Sundays Distribution, (WD Wash 1992) 821 F Supp 648, 650 [substantial part of events in trademark infringement case occurred in district where confusion between products would occur, even though product was not sold there].

Here, only the subsection (2) of 28 USC 1391(b) applies. Ms. La successfully plead that a substantial part of the events or omission on which the claim is based occurred in San Diego, California in her FAC. Ms. La plead in her FAC that on or about September 2007, Defendant Allen telephoned Plaintiff in San Diego, California, wherein Allen informed Ms. La that he would not

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1  return the One Hundred Five Thousand and No/100 Dollars ($105,000.00) investment in Forever

2  Diamonds, unless Ms. La agreed to meet in person. (FAC ¶ 24) Ms. La also plead that she informed

3  Defendant Allen that she did not want to meet in person.  (FAC ¶ 24) Ms. La further plead that

4  Defendant Allen subsequently called Ms. La, via telephone, who was in San Diego, California,

5  several more times, stating that he intended to come to San Diego to meet with her regarding the

6  investment in Forever Diamonds. (FAC ¶ 24) Ms. La's causes of action against Defendants accrued

7  when Ms. La's counsel made both written and verbal demands to Defendant Allen to account for the

8  monies that he accepted from Ms. La for the purpose of investing on her behalf in Forever Diamonds

9  and in certificates of deposit. (FAC ¶24-26) The telephone conversations and letters from Ms. La's

10  counsel initiated in San Diego, California. (FAC ¶¶ 25- 26). Defendant Allen has substantial contacts

11  in the State of California and San Diego for the purposes of venue.  Defendant Allen refused to

12  account for the money or to return it to Ms. La.  Therefore, the Southern District of California is a

13  proper venue for this case to be heard.

14      **ii.      Special Venue Rules Under Securities Exchange Act of 1934:**

15      Moreover, under the Securities Exchange Act of 1934, venue is proper in any district *where*

16  *any act or transaction constituting the violation occurred* or where the defendant is found, is an

17  inhabitant or transacts business.  See 15 U.S.C. § 78v; 15 U.S.C. § 78aa [*Emphasis Supplied*].

18  Defendants contend that Plaintiff has not shown that Defendants conducted business in San Diego

19  or that any acts relating to Plaintiff's allegations occurred in San Diego. (Defendants' P&As, 6:2-3)

20  This is untrue.  The FAC clearly states:

21      "23.  On or about September 2007 **ALLEN telephoned Plaintiff in San
        Diego, California.** During the discussion, ALLEN informed Plaintiff that he
22      would not return the One Hundred Five Thousand and No/100 Dollars
        ($105,000.00) investment in FOREVER DIAMONDS, unless Plaintiff agreed
23      to meet with him in person.  Plaintiff stated that she did not want to meet in
        person.  Subsequently, **ALLEN called Plaintiff via telephone, in San
24      Diego, California, several more times, stating that he intended to come
        to San Diego to meet with her regarding the investment.**

25
        24. On or about December 20, 2007, **Plaintiff's counsel of record, Charles
26      B. Christensen, mailed ALLEN a letter from San Diego, California, to
        FOREVER DIAMOND's principal place of business in Las Vegas,
27      Nevada, demanding repayment of the monies that ALLEN purportedly
        invested on Plaintiff's behalf.**

28

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

25.   Thereafter, **on two (2) separate occasions, ALLEN contacted Plaintiff's counsel by telephone, in San Diego, California, and stated he would not return the money to Plaintiff."** (FAC ¶¶ 23-25 [Emphasis supplied])

Ms. La's cause of action against Defendants Allen and Forever Diamonds for federal securities violations accrued when Defendants failed and refused to return her monies after receiving multiple demands from Ms. La personally and through her counsel of record, from San Diego, California. Based upon these circumstances, venue is proper in the Southern District of California. Further, the failure to return the money invested upon demand made from San Diego was the penultimate action that will impose liability upon Defendant Allen, who did business in all of California, including San Jose and San Diego.

**B.   In the Event that the Court Finds that Venue is Improper, Plaintiff Respectfully Requests Transfer to an Alternative Venue:**

Transfer is proper when the court finds it to be in the interest of justice. See 28 USC § 1406(a); Abrams Shell v. Shell Oil Company, (CD Cal 2001) 165 F Supp.2d 1096, 1103. Generally, it is preferable to transfer the case rather than to dismiss it altogether. Abrams Shell v. Shell Oil Company, 165 F Supp2d 1096, 1103. Under 28 USC § 1406, the court must decide whether it is in interest of justice to transfer case and two factors courts commonly consider in making this determination are: (1) convenience of parties and witnesses; and (2) where relevant events took place. Aluminal Industries, Inc. v Newtown Commercial Associates, (1980, SD NY) 89 FRD 326.

Although Ms. La vigorously disagrees with Defendants' assertion that the venue is improper, should the court make such a determination, Ms. La respectfully requests a transfer in lieu of dismissal, which is in the sound discretion of the court. See Johnson v. Payless Drug Stores NW, Inc. (9th Cir 1991) 950 F2d 586, 588, cert. denied, 505 US 1225 (1992).

**I.   Venue is Proper in the Northern District of California:**

Venue is also proper in Northern District of California. The FAC also alleges that a substantial part of the events or omissions on which the claim is based occurred in the Northern District of California. Specifically, it states that:

///

///

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim

Approximately one week prior to February 5, 2007, while in Texas, **Defendant ALLEN contacted Plaintiff in San Jose, California, via telephone, and requested that she wire him One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of Plaintiff investing in FOREVER DIAMONDS.** Thereafter, Plaintiff wired ALLEN the money. (FAC ¶ 16 [Emphasis supplied])

On February 5, 2007, in reliance upon ALLEN's representations, **Plaintiff wired a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) from her bank account in San Jose, California to ALLEN** in Texas. (FAC ¶ 19 [Emphasis supplied])

Furthermore, Defendants admit that the FAC states that: (1) Allen made representations about Forever Diamonds in San Jose; (2) Ms. La wired her investment from San Jose to Texas; (3) Ms. La had a conversation with Allen on the telephone while she was in San Jose; (5) Allen flew from Texas to San Jose, California to have a meeting with Ms. La and did business in San Jose; and (5) Ms. La loaned Defendant Allen money on two separate occasions in the amount of five hundred and no/100 dollars ($500.00) for each loan, from San Jose, California. (Defendants' P&As, 4:15-21) Based upon the facts plead in the FAC and Defendants' acknowledgment that the FAC clearly states that events relating to the transaction occurred in San Jose, venue is also proper in the Northern District of California.

ii.    **This Case Should Not Be Transferred to the Western District of Texas or the District of Nevada:**

Defendants propose the United States District of Western Texas and/or the District of Nevada as alternative venues. However, based upon Forum Non Conveniens, neither district is appropriate. Plaintiff's records concerning the wire transfers, the witnesses concerning Defendants business interests are all in California and the primary contacts are in San Diego, California. The Bank of America branch from which the wires were initiated are in California. There is no legitimate basis to transfer the action to the Western District of Texas or the District of Nevada, other than to try to make the prosecution of this action more difficult for Ms. La.

C.    **Plaintiff States Valid Claims Against Defendants:**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, (9th Cir. 1981) 640 F. 2d 963,966. In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the most favorable

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition.Motion.Dismiss.Final.07.28.08.wpd
11
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1  light to the plaintiff.  Concha v. London,(9th Cir. 1995) 62 F.3d 1493, 1500, cert. dismissed, 116

2  S.Ct. 1710 (1996).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a

3  "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v.

4  Pacifica Police Department, (9th Cir. 1990) 901 F.2d 696, 699.  Courts should not dismiss a

5  complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in supports of his

6  claim which would entitle [the party] to relief."  Moore v. City of Costa Mesa, (9th Cir. 1989) 886

7  F.2d 260, 262(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert. denied. 496 U.S. 906

8  (1990).  Accordingly, courts must accept as true all material allegations in the complaint, as well as

9  reasonable inferences to be drawn from them.  Holden v. Hagopian (9th Cir. 1992) 978 F. 2d 1115,

10  1118. In testing the complaint's legal adequacy, the court may consider material properly submitted

11  as part of the complaint or subject to judicial notice.  Swartz v. KPMG LLP, (9th Cir. 2007) 476 F.3d

12  756, 763.

13       Here, the complaint pleads all of its causes of action with sufficient particularity to survive

14  a Rule (12)(b)(6) motion to dismiss. Moreover, Defendant Allen has made filed no objections to a

15  majority of the causes of action plead against him in its motion to dismiss. The specific causes of

16  action are discussed more fully below:

17  **I.    Plaintiff States a Cause of Action for Securities Fraud Under Federal and State**

18         **Law:**

19       Ms. La states a cause of action against Defendants for Securities fraud under the applicable

20  federal and state statutes. The elements of a cause of action for securities fraud are merely as follows:

21  That the Defendant: (1) offered to sell or sold a security in through interstate commerce by making

22  a false statement or making a misleading statement that the purchaser did not know through the

23  exercise of reasonable diligence; and (2) that any persons purchasing the security may sue either in

24  law or in equity in any court of competent jurisdiction to recover the consideration paid, with interest

25  thereon, less any amount of monies received. See 15 U.S.C. § 77l. A "security" is defined as:

26  ///

27  ///

28  ///

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition.Motion Dismiss Final 07 28.08.wpd
12
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

"any note, stock, treasury stock, security future, bond, debenture, **evidence of indebtedness**, certificate of interest or **participation in any profit-sharing agreement**, collateral-trust certificate, preorganization certificate or subscription, **transferable share, investment contract,** voting-trust certificate, **certificate of deposit for a security**, fractional undivided interest in oil, gas, or other mineral rights, any put, call, straddle, option, or privilege on any security, **certificate of deposit**, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, **any interest or instrument commonly known as a "security," or any certificate of interest or participation in**, temporary or interim certificate for, receipt for, guarantee of, or warrant or **right to subscribe to or purchase, any of the foregoing.**
See 15 U.S.C. § 77a, subd. (a)(1) [Emphasis supplied]

Here all such allegations are made by Ms. La in the First Causes of Action, Counts One and Two.

Ms. La has plead all of the required elements including:

1. the damage and the request for repayment of the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), plus interest. See FAC, ¶¶ 1 through 4, 8 and 9 (showing the capacity of the Plaintiff and defendants and proper subject matter jurisdiction and venue. See FAC ¶ 14, the Defendant made false representations to induce the Plaintiff to invest;

2. the offer was to sell a security within the meaning of the applicable acts (FAC ¶14);

3. the material misrepresentations were made with the intent to deceive, by Defendant (FAC, ¶ 15);

4. the Plaintiff was induced by the Defendants to transmit her funds to the defendants into interstate commerce (FAC, ¶ 16).

5. the Plaintiff in reliance upon the misrepresentations wired One Hundred Five Thousand and No/100 Dollars ($105,000.00) to Defendants through interstate commerce, by wire. (FAC, ¶ 16).

6. Plaintiff made numerous requests for documentation concerning her investment but all were ignored and declined. (FAC, ¶¶17-22);

7. The demand for repayment was made by Plaintiff to Defendants but these demands were rejected. (FAC, ¶¶ 24 through 27); and

8. Finally, Plaintiff has alleged that she has been damaged by the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), plus interest.

1   All of the elements of the cause of action in Count 1 and Count 2 have been specifically alleged. The

2   Plaintiff has plead the facts with the necessary specificity to state a claim for violation of the 33 Act

3   by alleging in Count One that Defendants unlawfully carried through the mails or in interstate

4   commerce a security for the purposes of sale. The complaint also alleges that a security is a

5   "participation in any profit sharing agreement". (FAC, ¶ 31). The complaint also alleges damages

6   and the right to interest as permitted under the act. (FAC, ¶ 33). The Motion to Dismiss on the First

7   Cause of Action, Count One must be denied.

8        The Motion to Dismiss the Second Count of the First Cause of Action must also be denied

9   because the elements of the cause of Action for violation of 15 U.S.C. § 77l, which sets forth the

10  elements of the cause of action. Oral offer to sell a security (FAC, ¶ 36); through use of interstate

11  commerce (FAC, ¶ 36); untrue statements made by the Defendants through interstate commerce

12  (FAC, ¶¶ 37 and 38) and finally violation of state law as well, California Blue sky laws, California

13  Corporations Code §§ 25401 through 25404, selling a security as defined in California Blue sky laws

14  without qualification in the State of California (FAC, ¶ 39). The damage allegation of Count One,

15  Section 33 was incorporated by reference into this count. For the foregoing reasons the Motion to

16  Dismiss the First Cause of Action must be denied.

17      **ii.**    **Plaintiff States a Cause of Action for Account Stated:**

18       Any bill may be the subject of an account stated. <u>Trafton v. Youngblood,</u> (1968) 69 Cal. 2d

19  17, 25.  To constitute an account stated, the following facts must appear: (1) At the time of the

20  statement, an indebtedness from one party to the other existed; (2) a balance was then struck and

21  agreed to be the correct sum owing from the debtor to the creditor; and (3) the debtor expressly or

22  impliedly promised to pay the creditor the amount thus determined to be owing. <u>Truestone, Inc. v.</u>

23  <u>Simi West Industrial Park II</u>, (1984) 163 Cal. App. 3d 715, 725; <u>Withers v. Matthews,</u> (1961) 192

24  Cal. App. 2d 139, 141.  Hence, an account stated is an agreed balance of accounts; an account which

25  has been examined and accepted by the parties.  It implies an admission that the account is correct,

26  and that the balance struck is due and owing from one party to the other. <u>Perry v. Schwartz,</u> (1963)

27  219 Cal. App. 2d 825, 829;  <u>Truestone, Inc. v. Simi West Industrial Park II</u>, (1984) 163 Cal. App.

28  3d 715, 725.

F: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion.Dismiss.Final.07.28.08.wpd
14
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1     Ms. La states a cause of action against Defendants for account stated. The FAC provides in

2  pertinent part that:

3        "51. On or about July 28, 2007, an account was stated in writing by and
         between Plaintiff and Defendant ALLEN and on such statement a balance of
4        One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00) was
         found due to Plaintiff from Defendant ALLEN, at San Diego, California.
5
         52. Although demanded by Plaintiff from Defendant, no portion of the owed
6        demanded by Plaintiff from Defendant, no portion of the owed sum has been
         repaid.
7
         53. There is now due, owing, and unpaid from Defendant to Plaintiff the sum
8        of One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00),
         together with interest thereon at the rate of seven percent (7%) per annum,
9        from and after February 26, 2007." (FAC ¶¶ 51-53.)

10  Here, Ms. La plead all of the necessary facts to state a cause of action for an account stated. For the

11  purpose of this motion, the court must accept the complaint's allegations as true and construe them

12  in the most favorable light to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).

13  Further under California law, this is what is called a "common count" and is not demurrable under

14  state law. It should be given the same status under federal law. Defendants completely misstate the

15  pleading standard by asserting that their 12(b)(6) motion should be granted because Ms. La's failed

16  to submit evidence of a loan to Defendants, such as wire transfers or loan statements. Defendants

17  state in pertinent part:

18        "Plaintiff has failed to provide any semblance of an account stated or any
          evidence that she in fact loaned Defendant the monies alleged; i.e., evidence
19        of wire transfers or statements of her loan to Defendants. Without integral
          evidence of an account stated, Plaintiff cannot properly allege such a cause
20        of action and the court must dismiss it outright." (Defendants' P&As,
          16:20-26.)
21
22  Notably, Defendants fail to cite any statutory authority or caselaw to support the claim that such

23  evidence is required in order to state a cause of action for an account stated.[1] Defendants ignore the

24  _____

25      [1]At best, Defendants' contention should be brought as an issue for a motion for summary
    judgment. See Anderson v. Liberty Lobby, Inc. (1986) S.Ct. 2505, 2510 [Case is appropriate for
26  a motion for summary judgment when the nonmovants's evidence fails to meet the applicable
    evidentiary standard so that a reasonable trier of facts could not return a verdict in its favor]; See
27  also Cleveland v. Policy Management Systems Corporation (1999) S. Ct. 1597, 1603 [Case is
    appropriate for a motion for summary judgment if the nonmovant cannot prove an essential
28  element of its case for which it has the burden of proof at trial.]

E: CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss.Final.07.28.08.wpd
15
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1  fact that Ms. La is not required to submit such evidence in her FAC, other than by pleading the

2  necessary elements of the cause of action. Here, Ms. La has satisfied the pleading requirements for

3  an account stated. The fact that she has not yet provided evidence of the loan, at the pleading stage,

4  is immaterial for the purpose of this 12(b)(6) motion. Based upon the foregoing, Defendants'

5  (12)(b)(6) motion must be dismissed.

6          **iii.     Plaintiff States a Cause of Action for Misrepresentation/Fraud:**

7        Plaintiff states a cause of action for misrepresentation and fraud. Defendants correctly

8  identify the necessary elements for pleading a cause of action for misrepresentation and fraud, which

9  include: (1) a specific false representation of a material fact; (2) knowledge by the person who made

10  it of its falsity; (3) ignorance of the falsity by the person to whom it is made; (4) the intention that

11  it should be acted upon; (5) the plaintiff acts upon it to his damage. FRCP 9(b); See also In re:

12  Suprema Specialties, Inc. Securities Litigation, 438 F.3d 256 (2006); See also, Request for Judicial

13  Notice ("RJN") No. 2 [CACI Jury Instruction No. 1900, which sets forth the elements for fraud.]

14        However, Defendants ignore the fact that malice, intent, knowledge and other conditions of

15  a person's mind may be alleged generally. Federal Rule of Civil Procedure, Rule 9(b) states in

16  pertinent part:

17          "In alleging fraud or mistake, a party must state with particularity the
        circumstances constituting fraud or mistake. **Malice, intent, knowledge,**

18          **and other conditions of a person's mind may be alleged generally.**"
        FRCP, Rule 9(b) [Emphasis supplied].

19  This principal is set forth in one of the cases that Defendants cite to, DiLeo v. Ernst & Young, (7th

20  Cir. Ill. 1990) 901 F.2d 624. Here, the court explained that:

21          "Federal Rule of Civil Procedure, Rule 9(b) requires the plaintiff to state
        'with particularity' any 'circumstances constituting fraud'. Although **states**

22          **of mind may be pleaded generally**, the 'circumstances' must be pleaded in
        detail. This means the who, what, when, where, and how: the first paragraph

23          of any newspaper story." DiLeo v. Ernst & Young, (7th Cir. Ill. 1990) 901
        F.2d 624, 627.

24  Federal Rule of Civil Procedure, Rule 9(b) must be read together with Federal Rule of Civil

25  Procedure, Rule 8(a) and thus a party alleging fraud is not required to do more than give a short and

26  simple description of the factual basis of the fraud claim. Rosengarten v. Buckley, (1982, DC Md)

27  565 F. Supp. 193, 196; see also Folsom v Continental Illinois Nat'l Bank & Trust Co., (1986, ND

28  Ill) 633 F Supp 178 [Although Rule 9(b) requires that plaintiff plead time, place, and substance of

E:\CLIENTS La. Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss.Final 07.28.08.wpd
16
Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim

allegedly false representations, it does not abrogate otherwise liberal pleading standard of Federal Rule of Civil Procedure, Rule 8(a).]; see also Raber v. Osprey Alaska, Inc., (1999, MD Fla) 187 FRD 675, 680 [FRCP 9(b) should not be read in isolation and should not abrogate concept of notice pleading; thus, FRCP 9(b) must be read in conjunction with FRCP 8 regarding notice pleading].

Defendants claim that Ms. La's failed to plead a cause of action for intentional misrepresentation with sufficient particularity. This is not true. The allegations in the FAC provide sufficient detail about conversations between Ms. La and Defendant Allen to satisfy the pleading requirements for stating a claim for intentional misrepresentation. The FAC states in pertinent part:

"On or about February 5, 2007, Defendant ALLEN made the following representations to Plaintiff:
a. Defendant ALLEN stated that he was knowledgeable in the jewelry business;
b. Defendant ALLEN stated that he held an ownership interest in a company called FOREVER DIAMONDS, located in Carson City, Nevada;
c. Defendant ALLEN offered Plaintiff an interest in FOREVER DIAMONDS if she gave him a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00);
d. Defendant ALLEN agreed to invest the money in FOREVER DIAMONDS on Plaintiff's behalf; and
e. Defendant ALLEN informed Plaintiff that she would begin to see a profit from her investment by July 2007. ALLEN later told Plaintiff that she would begin to see a profit no later than January 2008. In reality, when ALLEN made these representations to Plaintiff he never intended for Plaintiff to realize a profit from her investment in FOREVER DIAMONDS.

Thereafter, on or about February 26, 2007, Defendant ALLEN made the following representations to Plaintiff:
a. ALLEN stated that he was knowledgeable in investing money for other persons;
b. ALLEN claimed that he researched interest rates for certificates of deposit in both California and Texas. ALLEN further informed Plaintiff that she would earn a higher interest rate by investing her money in certificates of deposit in Texas than if she invested in certificates of deposit in California; and
c. ALLEN offered to invest the money in certificates of deposit and other investment instruments on Plaintiff's behalf in the state of Texas if she gave him a total sum of Seventy Five Thousand and No/100 Dollars ($75,000.00)

In addition, on two separate occasions, Defendant ALLEN made the following representations to Plaintiff:
a. On or about November 14, 2006, Defendant stated that he was short on cash and agreed to repay Plaintiff if she loaned him a total sum of Five Hundred and No/100 Dollars

E: CLIENTS La, Grace Pleadings Opposition Motion to Dismiss Opposition Motion Dismiss Final 07 28 08 wpd

17

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

($500.00);

b.    Thereafter, on or about June 29, 2007, Defendant again stated that he was short on cash and agreed to repay Plaintiff if she loaned him an additional sum of Five Hundred and No/100 Dollars ($500.00).

The representations made by Defendant were in fact false in that he never intended to repay Plaintiff for each loan.

When Defendant ALLEN made these representations, he knew them to be false and made these representations with the intent to deceive, defraud and induce Plaintiff to act in reliance of these representations in the manner hereinafter alleged.

Plaintiff, at the time these representations were made by Defendant, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's misrepresentations, and believed them to be true. In reliance of these representations, Plaintiff was induced to and did give Defendant One Hundred Eighty Thousand and No/100 Dollars to invest on her behalf, plus One Thousand and No/100 Dollar ($1,000.00) as a personal loan, to be repaid to Plaintiff. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Defendant ALLEN's representations was justified because ALLEN held himself out as a financial advisor, investor and knowledgeable entrepreneur. (FAC ¶ 56-61)

Each of the elements of the cause of action has been plead. In the unlikely event that the court determines that Ms. La has failed to plead sufficient facts to support a cause of action for fraud, Defendants' requested remedy of dismissing the case is not appropriate. The court in Rosengarten explained that in the situation where a plaintiff fails to plead sufficient facts to support a cause of action for fraud, "the appropriate remedy is not the draconian measure of dismissing the claim with prejudice, but rather to require plaintiff to file an amended complaint setting forth in detail the circumstances surrounding the alleged fraud." Rosengarten v. Buckley, (1982, DC Md) 565 F. Supp. 193, 196. Again, Plaintiff Grace La believes strongly that the cause of action for fraud has been appropriately plead in great detail. The motion to dismiss must be denied.

## V.

## CONCLUSION

This court is the appropriate venue to hear the case. Notwithstanding this fact, Ms. La respectfully requests that in the event the court determines otherwise, it shall transfer the case to the Northern District of California, rather than dismissing it. In addition, Ms. La has successfully stated a cause of action for violation of state and federal securities laws, account stated and intentional misrepresentation. However, in the event that the Court determines that Ms. La fails to state

E:\CLIENTS\La, Grace\Pleadings\Opposition Motion to Dismiss\Opposition.Motion.Dismiss.Final.07.28.08.wpd

18

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim

1   sufficient facts to support a cause of action, Ms. La respectfully requests that the court grant her

2   leave to amend her complaint.

3   Dated:  July 28, 2008                                Respectfully Submitted,

4                                                        CHRISTENSEN SCHWERTDFEGER
                                                         & SPATH LLP
5

6                                                        By:
                                                            Charles B. Christensen, Esq.
7                                                           Sean D. Schwerdtfeger, Esq.
                                                            Anna R. Salusky, Esq.
8                                                           Attorneys for Plaintiff GRACE E. LA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Opposition to Motion to Dismiss for Lack of Venue or in the Alternative
To Transfer Venue and Motion to Dismiss for Failure to State a Claim