1  Charles B. Christensen, Esq. (SBN 56728)
   Sean D. Schwerdtfeger, Esq. (SBN 179521)
2  Anna R. Salusky, Esq. (SBN 222484)
   CHRISTENSEN SCHWERDTFEGER & SPATH LLP
3  550 West "C" Street, Suite 1660
   San Diego, CA 92101
4  Tel.:  (619) 236-9343
   Fax:   (619) 236-8307
5
   Attorneys for Plaintiff GRACE E. LA
6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  GRACE E. LA,                              ) CASE NO. 08 CV 0532WQH WMc
                                              )
12              Plaintiff,                    ) DECLARATION OF GRACE E. LA
                                              ) IN SUPPORT OF OPPOSITION TO
13       v.                                   ) MOTION TO DISMISS FOR LACK
                                              ) OF VENUE OR IN THE
14  ANDRÁ LEONARD ALLEN; and FOREVER          ) ALTERNATIVE TO TRANSFER
    DIAMONDS, a business entity of unknown origin, ) VENUE AND MOTION TO
15  inclusive,                                ) DISMISS FOR FAILURE TO
                                              ) STATE A CLAIM
16              Defendants.                   )
                                              ) Date:  August 11, 2008
17                                            ) Time:  11:00 a.m.
                                              ) Judge: Hon. William Q. Hayes
18                                            ) Dept.: 4

19       1.    I, GRACE E. LA, am the Plaintiff in the above captioned action. I, have personal

20  knowledge of the following, so that if called and sworn as a witness, I could and would testify

21  competently thereto. I have read the declaration of Andra Allen dated June 19, 2008. The "alleged

22  facts" set forth therein are false in many regards, including but not limited to the following:

23       2.    Mr. Allen offered to sell me an interest in his business, known as Forever Diamonds.

24  Further, while he was living in San Jose, California, I personally witnessed him give Forever

25  Diamonds business cards with his name and the company's name on it to several individuals and

26  I observed him solicit business for Forever Diamonds, in San Jose, California. I also observed him

27  take jewelry for repair from customers in San Jose, California. Mr. Allen also informed me that he

28  went to San Francisco to sell some diamonds. I observed these contacts within the state of

1  California, in San Jose, California during the period of at least April through August 2006. On or
2  about July 2006, Mr. Allen told me that I could purchase an interest in the business. All of Mr.
3  Allen's contact with me while I was in California as alleged in the First Amended Complaint
4  ("FAC") is true and correct.

5      3.   The interest in Forever Diamonds constitutes a "security" under the laws of the state
6  of California and under the provisions of federal law, which I now understand. I did not know the
7  definition of a "security" until after this litigation was initiated. I was not given any prospectus by
8  Mr. Allen in connection with this offer to sell me an interest in his business. I have been given no
9  documentation from Mr. Allen evidencing my own ownership in the business Forever Diamonds,
10 although I have asked for such documentation.

11     4.   Mr. Allen's statement as reference in paragraph 3 of his declaration, fails to state that
12 he did not do business with customers that he met in San Jose, California, when he was physically
13 present in San Jose. In fact, when necessary, in this litigation, we can locate the customers that he
14 did business with for Forever Diamonds, in the state of California, while Mr. Allen was present in
15 the state of California.

16     5.   Contrary to Mr. Allen's statement in paragraph 6 of his declaration, he did offer to
17 sell me an interest in his business known as Forever Diamonds. I would have never wired Mr. Allen
18 One Hundred Five Thousand and No/100 Dollars ($105,000.00) in funds in February 2007, had he
19 not made these promises and representations to me. It is preposterous to think that I would send him
20 a majority of my net worth as a "gift". Making a fit to Mr. Allen was never discussed. Buying and
21 interest in his business was discussed, as alleged in the FAC.

22     6.   Contrary to Mr. Allen's statements in his declaration, all money given to him other
23 than for the investment in Forever Diamonds, were either loans or to investment in certificates of
24 deposit ("CDs") on my behalf. Mr. Allen told me that investing in CDs through him would give me
25 more interest than I could earn in California. The offer to provide interest in exchange for me wiring
26 him money is also a "security" under the laws of the state of California as well as federal law.
27 ///
28 ///

2

Declaration of Grace La in Support of Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To
Transfer Venue and Motion to Dismiss for Failure to State a Claim

7.    Mr. Allen's statement as contained within paragraph 16 of his declaration, concerning the alleged conversation is false. Mr. Allen told me that if I wired the money to him that I would have an ownership interest in his business, Forever Diamonds.

8.    Mr. Allen admits that he was in San Jose, California on or about February 5, 2007 because he states that I went to a local branch of the Bank of America to wire monies to him. These monies were wired to Mr. Allen at his request so that I could obtain and ownership interest in the business.

9.    Thereafter, on ora bout February 26, 2007, at Mr. Allen's request, I wired another Seventy Five Thousand and No/100 Dollars ($75,000.00) to Mr. Allen so that he could invest it for me at an allegedly higher interest rate than I could get for my money in California. I wired the money to Mr. Allen based upon his request and promise to make more money for me through CDs that he could obtain. CDs are securities under the laws of the state of California as well as federal law.

10.    Mr. Allen never provided me with the CDs. He never gave me profits from the business, Forever Diamonds. Furthermore, Mr. Allen never provided me with any paperwork showing that I owned an interest in Forever Diamonds, although I requested that such paperwork be drawn up.

11.    I never told nor intimated to Mr. Allen that I was giving any of the money to him as a "gift". It would be preposterous for me to make a gift of substantially all of my net worth to Mr. Allen. I never intended that the monies sent to Mr. Allen be gifts. They were not gifts and I have requested through my attorneys that an accounting of the monies be given to me and that the monies be returned. The demand for return of the money was made in San Diego, California, as were the requests for an accounting.

12.    Mr. Allen called by attorneys in California and told Mr. Christensen that he would not be returning any of the monies that I forwarded to him. In addition, Mr. Allen refused to provide an accounting of the monies.

///

///

3

Declaration of Grace La in Support of Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim

13. Mr. Allen has designed, unknown to me at the time, a giant fraudulent scam to take virtually all of my net worth. He has now concocted a story that I, a school teacher, made gifts to him of nearly all of my net worth. These contentions are false. I have been defrauded by Mr. Allen and I deserve to have my money paid back to me with interest and other damages to which I am entitled.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 28th day of July, 2008 in the City of San Jose, State of California.

_____
Grace E. La

4

Declaration of Grace La in Support of Opposition to Motion to Dismiss for Lack of Venue or in the Alternative To Transfer Venue and Motion to Dismiss for Failure to State a Claim