Charles B. Christensen, Esq. (SBN 56728)
Sean D. Schwerdtfeger, Esq. (SBN 179521)
Anna R. Salusky, Esq. (SBN 222484)
CHRISTENSEN SCHWERTDFEGER & SPATH, LLP
550 West "C" Street, Suite 1660
San Diego, CA 92101
Tel. (619) 236-9343
Fax. (619) 236-8307

Attorneys for Plaintiff GRACE E. LA

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE E. LA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDRÁ LEONARD ALLEN; and FOREVER DIAMONDS, a business entity of unknown origin, inclusive,<br><br>  Defendants. | CASE NO. 08 CV 0532WQH WMc<br><br>OBJECTIONS TO EVIDENCE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS FOR LACK OF VENUE OR IN THE ALTERNATIVE TO TRANSFER VENUE AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>Date:  August 11, 2008<br>Time:  11:00 a.m.<br>Judge: Hon. William Q. Hayes<br>Dept.: 4<br><br>ORAL ARGUMENT REQUESTED |

## I.

## INTRODUCTION

Plaintiff GRACE LA ("Ms. La") submits the following objections to evidence in support of her opposition to the motion to dismiss for lack of venue or in the alternative to transfer venue and motion to dismiss for failure to state a claim.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Lee v. City of Los Angeles, (9th Cir 2001) 250 F3d 668, 688. Thus, if the court considers matters outside the pleadings, it must treat the motion as one for summary judgment. See Federal Rule of Civil Procedure 12(b), 56. The pleadings include any properly submitted attachments. Wan v.

1  Commercial Recovery Sys., Inc. (ND Cal 2005) 369 F Supp2d 1158, 1161.

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Allen is a wholesale jeweler who operates a sole proprietorship in Las Vegas, Nevada called Forever Diamonds." (Motion, 1:21-22; Decl. Allen, 2:1-2) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, the pleadings do not mention that Allen operates a sole proprietorship in Las Vegas, Nevada called Forever Diamonds. Instead, the first amended complaint ("FAC") states that Forever Diamonds is a business entity of unknown origin. For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>,(9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><u>Relevance</u> - Forever Diamonds' market base has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Forever Diamonds is a single showroom catering to high priced buyers in Las Vegas." (Motion, 1:22-23) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, the FAC does not plead that Forever Diamonds is a single showroom catering to high priced buyers in Las Vegas. To the contrary, the FAC pleads that Allen, on behalf of Forever Diamonds, solicited customers in California by handing out business cards to members of the public. (FAC, 3:18-20) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>,(9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><br><u>Relevance</u> - Forever Diamonds' market base has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud.<br><br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation as to whether Forever Diamonds is in fact a single showroom catering to high priced buyers in Las Vegas. No supporting evidence is offered. Notably, no mention of these facts are included in the declaration of Defendant Allen. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Forever Diamonds does not have a website, and does not advertize outside of Las Vegas, Nevada." (Motion, 1:23-24; Decl. Allen, 2:2-3) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, the FAC does not plead whether Forever Diamonds maintains a website or advertizes outside of Las Vegas. To the contrary, the FAC pleads that Allen, on behalf of Forever Diamonds, solicited customers in California by handing out business cards to members of the public. (FAC, 3:18-20)  For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See Concha v. London, (9th Cir. 1995) 62 F.3d 1493, 1500, cert. dismissed, 116 S.Ct. 1710 (1996). <u>Relevance</u> - Forever Diamonds' advertising practices have no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud. <u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation as to whether Forever Diamonds currently maintains or ever maintained a website and whether it currently or ever advertized outside of Las Vegas. In fact the FAC alleges that Allen solicited business on behalf of Forever Diamonds from people in California by passing out business cards. (FAC, 3:18-20) |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Forever Diamonds' only out of state customers are customers who contacted Forever Diamonds in Nevada." (Motion, 1:24-25; Decl. Allen 2:3-5) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). The FAC does not support this statement. In fact, the FAC clearly states that Defendant Allen solicited customers on behalf of Forever Diamonds in California, while Allen lived in San Jose. (FAC, 3:18-20) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>,(9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><u>Relevance</u> - Forever Diamonds' customer base has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud.<br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation as to whether Forever Diamonds' only out of state customers are customers who contacted Forever Diamonds in Nevada. In fact the FAC alleges that Allen solicited business on behalf of Forever Diamonds from people in California while he lived in San Jose. (FAC, 3:18-20) |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Because Forever Diamonds is a sole proprietorship, Allen has never sold or attempted to sell shares in Forever Diamonds.". (Motion, 1:25-26; Decl. Allen, 2:13-14) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). In fact, the FAC specifically pleads that Allen, on behalf of Forever Diamonds solicited Ms. La to purchase an ownership interest in Forever Diamonds. For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>, (9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996). |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| In or around June of 2005, Allen moved to San Jose, CA. Allen continued to maintain customers in Las Vegas for a period of time, but those customer contacts and relationships dwindled over time. At this point in time, almost no business was conducted through Forever Diamonds. (Motion, 2:1-3; Decl. Allen, 2:15-18) | Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here the FAC alleges no facts relating to customer contacts and relationships dwindling over time. Furthermore, the FAC makes no mention of the allegation that at this point in time, almost no business was conducted through Forever Diamonds. In fact, the FAC alleges that Defendant Allen informed Ms. La investing in Forever Diamonds would be a sound investment decision and she would begin to see a profit by July 2007 and then January 2008. (FAC, 4:7-11) The FAC also states that Defendant Allen solicited customers on behalf of Forever Diamonds in California, while Allen lived in San Jose. (FAC, 3:18-20) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See Concha v. London, (9th Cir. 1995) 62 F.3d 1493, 1500, cert. dismissed, 116 S.Ct. 1710 (1996). Lacks Foundation and Calls for Speculation - These statements lack foundation and call for speculation. Relevance - Forever Diamonds' level of business has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| In early 2006, Allen met La. At the time, both La and Allen were in the process of separating from their respective spouses and an intimate relationship ensued. La and Allen's tumultuous relationship lasted several months. Between January and October 2006, La broke up and got back together with Allen on numerous occasions. (Motion, 2:3-7; Decl. Allen, 2:19-21) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). None of these statements are included in the FAC and none of these statements are subject to judicial notice for the purpose of this motion. Therefore, the court should not consider them in ruling on Defendants' motion to dismiss.<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted... Therefore, it is inadmissible hearsay.<br><u>Relevance</u> - The status of the respective marriages of Defendant Allen and Ms. La have and any personal relationship between the two have no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud.<br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Shortly after Allen moved to Texas, La asked Allen to move to Texas with him. Allen refused." (Motion; 2:8-9; Decl. Allen 3:4-5) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). This statement is not included in the FAC and is not subject to judicial notice for the purpose of this motion. Therefore, the court should not consider it in ruling on Defendants' motion to dismiss.<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted, that La asked Allen to move to Texas with him. The declarant is Ms. La and is repeated as a hearsay statement by Defendant Allen. Therefore, it is inadmissible hearsay.<br><u>Relevance</u> - This statement has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud.<br><u>Lacks Foundation and Calls for Speculation</u> - This statement lacks foundation and calls for speculation. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| In December 2006, as part of her divorce negotiations with her husband, La and her husband sold their home in San Jose, California. La and her husband. La and her husband split the equity in the house and La's portion was approximately $200,000.00. (Motion, 2:12-14; Decl. Allen, 3:10-13) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). None of these statements are included in the FAC and they are not subject to judicial notice for the purpose of this motion. Therefore, the court should not consider them in ruling on Defendants' motion to dismiss.<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. Mr. Allen offers the statement for the truth of the matter asserted, based upon his information and belief. Therefore, it is inadmissible hearsay.<br><u>Relevance</u> - Whether Ms. La received proceeds from a divorce settlement has no relevance as to whether Ms. La has stated sufficient facts to support a cause of action against Defendants for securities fraud, account stated or common law fraud or whether venue is proper in the Southern District of California.<br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation as to whether Forever Diamonds is a sole proprietorship. Defendant Allen makes these statements in his declaration, "upon information and belief". No judicially noticeable material is offered to support these statements. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "On or about February 3, 2007, La called Allen and told him that she was giving him $105,000." (Motion 2:14-15) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). This statement is not included in the FAC and is not subject to judicial notice for the purpose of this motion. To the contrary, the FAC alleges that defendant Allen solicited the money from Ms. La for the purpose of investing it in Forever Diamonds. (FAC, 9:4-8) Furthermore, this statement is not supported by Defendant Allen's declaration. For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>, (9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted, that Ms. La called Allen to tell him she was giving him $105,000.00. No exceptions to the hearsay rule apply. Therefore, it is inadmissible hearsay.<br><u>Lacks Foundation and Calls for Speculation</u> - This statement lacks foundation and calls for speculation. Notably, Defendant Allen's declaration does not contain this statement.<br><u>Relevance</u> - This statement has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud. |

11
Objections to Evidence in Support of Opposition to Motion to Dismiss for Lack of Venue, or in the Alternative, to Transfer Venue and Motion to Dismiss for Failure to State a Claim

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "When Allen questioned why, La claimed that "because we were going to be together, I might as well." (Motion 2:15-16; Decl. Allen, 3:14-16) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). The FAC does not contain this statement or any facts to support this statement. To the contrary, the FAC clearly states that Ms. La gave the money to Allen for the purpose of investing in Forever Diamonds. (FAC, 9:4-8) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See Concha v. London, (9th Cir. 1995) 62 F.3d 1493, 1500, cert. dismissed, 116 S.Ct. 1710 (1996).<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted... Therefore, it is inadmissible hearsay.<br><u>Relevance</u> - This statement has no relevance as to whether Ms. La states sufficient facts to support a cause of action for securities violations, account stated or common law fraud.<br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Allen insisted that she put the money in a CD; however, La was adamant that Allen take the money." (Motion, 2:16-17; Decl. Allen, 3:16-17) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, no such facts are alleged in the FAC. To the contrary, the FAC alleges that Allen offered to invest Seventy Five Thousand and No/100 Dollars on behalf of Ms. La in certificates of deposit in Texas, claiming that she would earn a higher interest rate than if she invested the funds in California. (FAC, 9:9-12) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>,(9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted, that La was adamant that Allen take the money. Therefore, it is inadmissible hearsay.<br><u>Lacks Foundation and Calls for Speculation</u> - This statement lacks foundation and calls for speculation. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "At all times, Allen understood La's payments to be gifts." (Motion, 2:20; Decl. Allen, 3:22) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, no such facts are alleged in the FAC. To the contrary, the FAC alleges that Allen offered to invest Seventy Five Thousand and No/100 Dollars on behalf of Ms. La in certificates of deposit in Texas, claiming that she would earn a higher interest rate than if she invested the funds in California. (FAC, 9:9-12) The FAC also alleges that Ms. La entered into an oral agreement with Defendant Allen, giving him One Hundred Five Thousand and No/100 Dollars ($105,000.00) to invest in Forever Diamonds. (FAC, 9:9-12) The FAC further alleges that Ms. La loaned Defendant Allen a total sum of One Thousand and No/100 Dollars when he was short on money. (FAC, 8:28-9:3) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See Concha v. London, (9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996). <u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation. |

Objections to Evidence in Support of Opposition to Motion to Dismiss for Lack of Venue, or in the Alternative, to Transfer Venue and Motion to Dismiss for Failure to State a Claim

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "The parties never discussed repayment terms, interest on the money, or stock in a company which was never authorized to issue stock." (Motion, 2:20-22; Decl. Allen; 3:22-24) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, the FAC clearly states that Allen requested the Ms. La wire him One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of investing in Forever Diamonds. (FAC, 5:1-2). The FAC also states that Allen informed Ms. La when she would begin to realize a profit from her investment. (FAC, 4:8-11) The FAC also alleges that Allen represented to Ms. La that he could assist her in earning a higher interest rate of certificates of deposit in Texas than in California. (FAC, 9:9:12). For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London</u>,(9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996).<br><u>Inadmissible Hearsay</u> - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered for the truth of the matter asserted regarding what the "parties" discussed, on of the parties being Ms. La. Therefore, the statements are inadmissible hearsay, to the extent that they reflect upon what Ms. La stated.<br><u>Lacks Foundation and Calls for Speculation</u> - This statement lacks foundation and calls for speculation. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "Since that time Plaintiff has not provided Allen or Forever Diamonds with additional funds." (Motion, 2:22) | <u>Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss</u> - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, the FAC alleges that on or about November 14, 2006 and again on or about June 29, 2007, Ms. La provided Allen with two separate loans, totaling One Thousand and No/100 Dollars ($1,000.00). (FAC, 8:27-9:3) For the purpose of this motion, the court must accept the allegations in the FAC as true and construe them in the most favorable light to the plaintiff. See <u>Concha v. London,</u> (9th Cir. 1995) 62 F.3d 1493, 1500, <u>cert. dismissed,</u> 116 S.Ct. 1710 (1996).<br><u>Relevance</u> - Forever Diamonds' market base and advertizing practices have no relevance to whether Allen solicited Ms. La to purchase an interest in Forever Diamonds or whether Allen offered to invest Ms. La's money in certificates of deposit in Texas, representing that she would earn a higher interest rate than in California.<br><u>Lacks Foundation and Calls for Speculation</u> - These statements lack foundation and call for speculation. Notably, Defendant Allen's declaration does not support this statement. No other evidence is offered in support of this statement. |

| EVIDENCE: | BASIS FOR OBJECTION: |
|---|---|
| "In or about July 2007, La reconciled with her husband and moved to San Diego from San Jose." (Motion 22:23-24; Decl. Allen 3:27-28) | Material Beyond the Pleadings May Not Be Considered in Ruling on a Motion to Dismiss - As a general rule a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure, 12(b)(6). Here, no such information is plead in the FAC.<br><br>Inadmissible Hearsay - Statement, other than one made by the declarant, while testifying in a hearing, offered in evidence to prove the truth of the matter asserted. Here, Defendants support this statement with the declaration of Mr. Allen. The statement is offered by Allen for the truth of the matter asserted, that Ms. La reconciled with her husband in July 2007 and moved to San Diego. Therefore, it is inadmissible hearsay.<br><br>Relevance - Whether Ms. La reconciled with her husband has no relevance as to whether Ms. La has stated sufficient facts to support a cause of action against Defendants for securities fraud, account stated and fraud or whether venue is proper in the Southern District of California.<br><br>Lacks Foundation and Calls for Speculation - This statement lacks foundation and calls for speculation. |
| END | |

Dated: July 28, 2008

Respectfully Submitted,

CHRISTENSEN SCHWERDTFEGER
& SPATH LLP

By: _____
Charles B. Christensen, Esq.
Sean D. Schwerdtfeger, Esq.
Anna R. Salusky, Esq.
Attorneys for Plaintiff GRACE LA

Objections to Evidence in Support of Opposition to Motion to Dismiss for Lack of Venue, or in the Alternative, to Transfer Venue and Motion to Dismiss for Failure to State a Claim