

1  Charles B. Christensen, Esq. (SBN 56728)
   Sean D. Schwerdtfeger, Esq. (SBN 179521)
2  Anna R. Salusky, Esq. (SBN 222484)
   CHRISTENSEN SCHWERDTFEGER & SPATH LLP
3  550 West "C" Street, Suite 1660
   San Diego, CA 92101
4  Tel.:   (619) 236-9343
   Fax:    (619) 236-8307
5
   Attorneys for Plaintiff GRACE E. LA
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10
   GRACE E. LA,                          )  **CASE NO. 08 CV 0532WQH WMc**
11                                        )
              Plaintiff,                  )  **REQUEST FOR JUDICIAL**
12                                        )  **NOTICE IN SUPPORT OF**
              v.                          )  **OPPOSITION TO MOTION TO**
13                                        )  **DISMISS FOR LACK OF VENUE**
   ANDRÁ LEONARD ALLEN; and FOREVER       )  **OR IN THE ALTERNATIVE TO**
14 DIAMONDS, a business entity of unknown origin, )  **TRANSFER VENUE AND**
   inclusive,                            )  **MOTION TO DISMISS FOR**
15                                        )  **FAILURE TO STATE A CLAIM**
              Defendants.                 )
16                                        )  Date:   August 11 ,2008
                                          )  Time:   11:00 a.m.
17                                        )  Judge:  Hon. William Q. Hayes
                                          )  Dept.:  4
18 _____ )

19         Plaintiff GRACE E. LA hereby request notice of the following exhibits, pursuant to Federal

20  Rule of Evidence, Rule 201(b) [A judicially noticed fact must be one not subject to reasonable

21  dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or

22  (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be

23  reasonably questioned.]; Fed. R. Evid., R. 201(d) [A court shall take judicial notice if requested by

24  a party and supplied with the necessary information.]; <u>Schweitzer v. Scott</u>, 469 F. Supp. 1017

25  (C.D.Cal. 1979) [Court is empowered to take judicial notice of court files and records].) There is

26  "ample authority... which recognizes matters of public record, including court records in related or

27  underlying cases which have a direct relation to the matter at issue, may be looked to when ruling

28  on a 12(b)(6) Motion to Dismiss." <u>Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>,102 F.3d

1  1524, 1537 (9th Cir. 1996).  Reversed on other grounds 523 U.S.26 [118 S. Ct. 956] (1998); cites to

2  Shaw v. Hahn, 56 F.3d 1128, 1130 (9th Cir.1995) ; see also United States ex rel. Robinson Rancheria

3  Citizens Council v. Born, 91 F.2d 244, 248 (9th Cir. 1991).

4      EXHIBIT 1:   First Amended Complaint ("FAC") filed in the above-captioned action.

5      EXHIBIT 2:   CACI Jury Instruction 1900 "Intentional Misrepresentation".

6  Respectfully Submitted,

7  Dated: July 28, 2008                      CHRISTENSEN SCHWERDTFEGER
                                      & SPATH LLP

8

9

10                       Charles B. Christensen, Esq.

11                       Sean D. Schwerdtfeger, Esq.

12                       Anna R. Salusky, Esq.
                     Attorneys for Plaintiff GRACE E. LA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT NO. 1

1  Charles B. Christensen, Esq. (SBN 56728)
   Sean D. Schwerdtfeger, Esq. (SBN 179521)
2  Anna R. Salusky, Esq. (SBN 222484)
   CHRISTENSEN SCHWERTDFEGER & SPATH, LLP
3  550 West "C" Street, Suite 1660
   San Diego, CA  92101
4  Tel. (619) 236-9343
   Fax. (619) 236-8307
5
6  Attorneys for Plaintiff GRACE E. LA
7
8                    UNITED STATE DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA
10 GRACE E. LA,                    )  CASE NO.: 08 CV 0532WQH WMc
                                   )
11            Plaintiff,           )  FIRST AMENDED COMPLAINT FOR:
                                   )
12            v.                   )  (1)   Violation of the Securities Act of 1933
                                   )        [15 U.S.C. §§ 77a, et seq.] and the
13 ANDRÁ LEONARD ALLEN; and        )        Securities Exchange Act of 1934 [15
   FOREVER DIAMONDS, a business entity )    U.S.C. §§ 78j, et seq.];
14 of unknown origin, inclusive,   )  (2)   Breach of Contract;
                                   )  (3)   Account Stated;
15            Defendants.          )  (4)   Intentional  Misrepresentation;
                                   )  (5)   Negligent Misrepresentation;
16                                 )  (6)   Material Misrepresentation Securities
                                   )        Transaction in Violation of California
17                                 )        Corporation Code §§ 25000 et seq.;
                                   )  (7)   Rescission based on Sale of Securities
18                                 )        in Violation of Qualification
                                   )        Requirements;
19                                 )  (8)   Rescission of Sale of Securities For
                                   )        Acting as an Unlicensed Broker-
20                                 )        Dealer;
                                   )  (9)   Accounting;
21                                 )  (10)  Breach of Fiduciary Duty; and
                                   )  (11)  Declaratory Relief.
22                                 )
23 _____)  [DEMAND FOR JURY TRIAL]
24                    INTRODUCTORY ALLEGATIONS
25     Plaintiff GRACE LA requests a jury trial pursuant to Federal Rule of Civil Procedure, Rule
26 38 and San Diego Cal. Civ. LR 5.1(j.3):
27 ///
28 ///

1    Plaintiff, GRACE LA, alleges as follows:

2       1.    Plaintiff GRACE E. LA (hereinafter "Plaintiff"), an individual, is a citizen of the city

3    of San Diego, state of California.

4       2.    Defendant ANDRÁ LEONARD ALLEN (hereinafter "ALLEN"), is an individual,

5    who is a citizen of the state of Texas.

6       3.    Defendant FOREVER DIAMONDS, a business entity of unknown origin, is a citizen

7    of Nevada, with its principal place of business in the state of Nevada.

8       4.    This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action

9    between citizens of different states, in which the amount in controversy, exclusive of interest and

10   costs, exceeds the amount of Seventy Five Thousand and No/100 Dollars ($75,000.00).

11      5.    This Court has original jurisdiction pursuant to:

12          a.    Plaintiff's claim for relief arises under federal statutory law, specifically the

13               Securities Act of 1933 ("SA") [15 U.S.C. §§ 77a, et seq.]; and the Security

14               Exchange Act of 1934 [15 U.S.C. §§ 78j, et seq.]

15          b.    the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

16      6.    Plaintiff's remaining claims against Defendants for Breach of Contract, Account

17   Stated, Intentional Misrepresentation, Negligent Misrepresentation, Rescission of Sale of Security

18   Induced by Seller's Misrepresentation or Omission of Material Fact, Violation of Nevada Revised

19   Code § 90.660 and Declaratory relief are related to Plaintiff's claim under the SA, to the extent that

20   the claims form part of the same case under Article III of the United States Constitution.

21   Supplemental jurisdiction over the claims for Breach of Contract, Account Stated, Intentional

22   Misrepresentation, Negligent Misrepresentation, Rescission of Sale of Security Induced by Seller's

23   Misrepresentation or Omission of Material Fact, Violation of Nevada Revised Code § 90.660 and

24   Declaratory relief are therefore proper under United States Code, Title 28, Section 1367(a).

25      7.    Plaintiff is informed and believes and thereon alleges that at all times herein

26   mentioned, each Defendant was the agent, partner or employee of the other Defendants, and in doing

27   the things and making the representations herein alleged was acting in the course and scope of the

28   agency, partnership or employment, and with the knowledge and consent of its fellow Defendants.

8.    This Court has personal jurisdictions over both Defendants based upon their minium contacts with Plaintiff in the state of California, which is more specifically plead below. Defendants have purposefully directed their activities and consummated a transaction with Plaintiff, a resident and citizen of this forum.    In addition, Defendants have performed acts purposefully availing themselves of the privilege of conducting activities in the forum state, thereby invoking the benefit and protections of this forum's laws. Furthermore, the claims relate to Defendants' forum-related activities.    Therefore, the Court's exercise of jurisdiction comports with fair play and substantial justice.

9.    Venue is proper under 28 U.S.C. § 1391(a)(2) and (b)(2), based upon the fact that a substantial part of the events or omissions giving rise to the claims occurred in this district, as more fully discussed herein.

## FIRST CAUSE OF ACTION

### (Violation of the Securities Act of 1933 and the Securities Exchange Act Against Defendants ALLEN and FOREVER DIAMONDS)

10.    Plaintiff realleges paragraphs 1 through 9, inclusive, as though fully set forth herein.

11.    This claim arises under the Securities Act of 1933 and the Securities Exchange Act of 1934.

12.    From at least October 6, 2006, while ALLEN lived and worked in San Jose, California, he repeatedly solicited business in California on behalf of FOREVER DIAMONDS by handing out business cards to members of the public.    As a result of these solicitations for business, ALLEN, on behalf of FOREVER DIAMONDS, accepted jewelry business, including but not limited to jewelry repair work, from citizens of the state of California.

13.    On or about February 5, 2007, Plaintiff entered into an oral agreement with Defendant ALLEN, who represented that he had the authority to act as an agent for Defendant FOREVER DIAMONDS. Pursuant to the terms of the agreement, Plaintiff agreed to invest a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) in FOREVER DIAMONDS.

14.    Sometime prior to February 5, 2007, Defendant ALLEN made the following misrepresentations of material facts to Plaintiff to induce her to invest in FOREVER DIAMONDS:

a.    ALLEN offered to sell Plaintiff an ownership interest in FOREVER DIAMONDS in exchange for Plaintiff paying him a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00). When ALLEN made these representations on behalf of FOREVER DIAMONDS, he had no intention of ever giving Plaintiff documented proof of her ownership interest in FOREVER DIAMONDS.

b.    Furthermore, ALLEN represented to Plaintiff that investing in FOREVER DIAMONDS would be a sound investment decision for her. ALLEN informed Plaintiff that she would begin to see a profit from her investment by July 2007. ALLEN later told Plaintiff that she would begin to see a profit no later than January 2008. ALLEN's statements to Plaintiff were misleading because when he made them, ALLEN never intended for Plaintiff to realize a profit based upon her investment in FOREVER DIAMONDS.

c.    In addition, when ALLEN solicited Plaintiff to purchase an ownership interest in FOREVER DIAMONDS, he never provided her with a prospectus. ALLEN also failed to inform Plaintiff of her right to review a prospectus. ALLEN failed to disclose Plaintiff's right to review a prospectus and failed to provide her with one because he never intended to give her any profits based upon her investment in FOREVER DIAMONDS.

15.    Defendant ALLEN knowingly made the misrepresentations of material facts, as outlined in Paragraph 14 herein. Defendant ALLEN made these material misrepresentations with the intent to deceive or defraud Plaintiff.

16.    Defendants ALLEN and FOREVER DIAMONDS, for the purpose of executing the scheme and artifice to defraud Plaintiff of her money, transmitted and caused to be transmitted communications by means of wire or telephone in interstate commerce. Such interstate commerce communications by wire or telephone included, without limitation, telephone calls between ALLEN and Plaintiff from at least January 17, 2007 through July 6 ,2007. Approximately one week prior to February 5, 2007, while in Texas, Defendant ALLEN contact Plaintiff in San Jose, California, via

1   telephone, and requested that she wire him One Hundred Five Thousand and No/100 Dollars

2   ($105,000.00) for the purpose of Plaintiff investing in FOREVER DIAMONDS. Thereafter,

3   Plaintiff wired ALLEN the money.

4         17.    As an officer and/or agent of FOREVER DIAMONDS, Defendant ALLEN owed

5   Plaintiff a duty to disclose the truth.

6         18.    ALLEN held himself out to Plaintiff to be a savvy businessman, knowledgeable of

7   the wholesale jewelry business. ALLEN also claimed that he represented Plaintiff's financial

8   interests. Plaintiff reasonably relied upon ALLEN's representations.

9         19.    On February 5, 2007, in reliance upon ALLEN's representations, Plaintiff wired a

10   total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) from her bank account

11   in San Jose, California to ALLEN in Texas.

12         20.    From and after February 5, 2007, Plaintiff made multiple requests to ALLEN for

13   written documentation confirming her ownership interest in FOREVER DIAMONDS. However,

14   to date, Defendants have failed and refused, and continue to fail and refuse to provide Plaintiff with

15   any such documentation.

16         21.    Approximately one week after Plaintiff wired the funds from California to ALLEN's

17   bank account in Texas, Plaintiff spoke to ALLEN by telephone from California, regarding

18   memorializing in writing the terms of her ownership interest in FOREVER DIAMONDS. ALLEN

19   informed Plaintiff that he would consult with his counsel regarding the matter.

20         22.    Subsequently, on or about March 2007, ALLEN flew to California and contacted

21   Plaintiff. During their discussion, Plaintiff revisited the issue of memorializing in writing the terms

22   of her ownership interest in FOREVER DIAMONDS. ALLEN informed Plaintiff that he had spoken

23   to his counsel and determined that it would be very complicated. Instead ALLEN recommended that

24   Plaintiff trust him and that the agreement would not be reduced to a writing. Plaintiff trusted

25   ALLEN to represent her best interests and took his advice. Based upon ALLEN's representations,

26   Plaintiff did not consult with any other financial advisors, attorneys or accountants.

27         23.    Thereafter, on or about July 2007, Plaintiff contacted ALLEN via e-mail, from

28   California, to inform him that she was moving from San Jose to San Diego. On or about August

1    2007, Plaintiff again e-mailed ALLEN, requesting information about her ownership interest in

2    FOREVER DIAMONDS. On or about August 2007, ALLEN responded via telephone and e-mail

3    but refused to provide Plaintiff with the requested information.

4        24.    On or about September 2007 ALLEN telephoned Plaintiff in San Diego, California.

5    During the discussion, ALLEN informed Plaintiff that he would not return the One Hundred Five

6    Thousand and NO/100 Dollars ($105,000.00) investment in FOREVER DIAMONDS, unless

7    Plaintiff agreed to meet with him in person. Plaintiff stated that she did not want to meet in person.

8    Subsequently, ALLEN called Plaintiff via telephone, in San Diego, California, several more times,

9    stating that he intended to come to San Diego to meet with her regarding the investment.

10       25.    On or about December 20, 2007, Plaintiff's counsel of record, Charles B. Christensen,

11   mailed ALLEN a letter from San Diego, California, to FOREVER DIAMOND's principal place of

12   business in Las Vegas, Nevada, demanding repayment of the monies that ALLEN purportedly

13   invested on Plaintiff's behalf.

14       26.    Thereafter, on two (2) separate occasions, ALLEN contacted Plaintiff's counsel by

15   telephone, in San Diego, California, and stated he would not return the money to Plaintiff.

16       27.    To date, Defendants have failed and refused, and continue to fail and refuse to provide

17   Plaintiff with any written documentation relating to her ownership interest in FOREVER

18   DIAMONDS and refuse to return Plaintiff's money.

19       28.    As a direct and proximate result of the conduct by Defendants ALLEN and

20   FOREVER DIAMONDS, Plaintiff has been damaged in a total sum of One Hundred Five Thousand

21   and No/100 Dollars ($105,000.00), plus interest at the legally permissible rate, from and after

22   February 5, 2007.

### COUNT ONE

**(Violation of 15 U.S.C. § 77e Against Defendants FOREVER DIAMONDS and ALLEN)**

25       29.    Plaintiff realleges paragraphs 1 through 28, inclusive, as though fully set forth herein.

26       30.    Defendants violated 15 U.S.C. §77e, subdivision (b)(2), which states, "It shall be

27   unlawful for any person, directly or indirectly, to carry or cause to be carried through he mails or in

28   interstate commerce any such security for the purpose or sale or for delivery after sale, unless

1   accompanied or preceded by a prospectus that meets the requirements of subsection (a) of section

2   10 [15 U.S.C. § 77j(a)]."

3       31.   15 U.S.C. § 77b, subdivision (a)(1) defined a security to include in pertinent part,

4   "any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness,

5   certificate of interest or **participation in any profit-sharing agreement**..." [emphasis supplied]

6       32.   15 U.S.C. § 77b, subd. (a)(7) defines "interstate commerce" as "trade or commerce

7   in securities or any transportation or communication relating thereto among the several States or

8   between the District of Columbia or any Territory of the United States and any State or other

9   Territory, or between any foreign country and any State, Territory, or the District of Columbia, or

10  within the District of Columbia."

11      33.   Defendant ALLEN directly caused Plaintiff to send through interstate commerce the

12  sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), for the purpose of obtaining

13  an interest in FOREVER DIAMONDS. When ALLEN solicited and subsequently caused Plaintiff

14  to wire him the money across interstate lines for the purpose of investing in FOREVER

15  DIAMONDS, ALLEN failed to provide a prospectus to Plaintiff.  To date, ALLEN has failed to

16  provide Plaintiff with a prospectus.

17                      **COUNT TWO**

18  **(Violation of 15 U.S.C. § 77l Against Defendants FOREVER DIAMONDS and ALLEN)**

19      34.   Plaintiff realleges paragraphs 1 through 33, inclusive, as though fully set forth herein.

20      35.   Defendants violated 15 U.S.C. § 77l, which states in pertinent part, "any person who,

21  (1) offers or sells a security in violation of section 5 [15 U.S.C. § 77e], or (2) offers or sells a security

22  (whether or not exempted by the provisions of section 3 [15 U.S.C. § 77c], other than paragraphs

23  (2) and (14) of subsection (a) thereof), by the use of any means or instruments of transportation or

24  communication in interstate commerce or of the mails, by means of a prospectus or oral

25  communication, which includes an untrue statement of a material fact or omits to state a material fact

26  necessary in order to make the statements. in light of the circumstances under which they were made,

27  not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain

28  the burden of proof that he did not know, and in the exercise of reasonable care could not have

1  known, of such untruth or omission, shall be liable, subject to subsection (b) to the person

2  purchasing such security from him, who may sue either at law or in equity in any court of competent

3  jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount

4  of any income received thereon, upon the tender of such security, or for damages if he no longer

5  owns the security."

6      36.    Defendant ALLEN offered to sell an ownership interest in FOREVER DIAMONDS

7  to Plaintiff by means of interstate commerce and oral communication, using untrue statements of

8  material fact and omissions, as plead in paragraphs 13 through 15.

9      37.    At the time that Defendant ALLEN made the untrue statements of material facts and

10  omissions, Plaintiff reasonably relied upon them and tendered a sum of One Hundred Five Thousand

11  and No/100 Dollars ($105,000.00) for the purpose of investing in FOREVER DIAMONDS.

12  Plaintiff did not know, and in the exercise of reasonable care, could not have known that ALLEN's

13  statements were untrue when he made them.

14      38.    To date, Plaintiff has received no income from the consideration that she paid for an

15  interest in FOREVER DIAMONDS.  Defendants ALLEN and FOREVER DIAMONDS owe

16  Plaintiff the consideration of One Hundred Five Thousand and No/100 Dollars ($105,000.00), with

17  interest thereon, from February 5, 2007.

18      39.    Plaintiff's pendent state claims include breach of contract; account stated; intentional

19  misrepresentation; negligent misrepresentation; material misrepresentation in securities transaction

20  in violation of California Corporation Code §§ 25000 et seq., particularly §§ 25401, 24501, 24503,

21  24504 et seq.; rescission based on sale of securities in violation of qualification requirements;

22  accounting; breach of fiduciary duty and declaratory relief.

23                    **SECOND CAUSE OF ACTION**

24          **(Pendent Claim - Breach of Contract Against All Defendants)**

25      40.    Plaintiff realleges paragraphs 1 through 9 and 12 through 13, inclusive, as though

26  fully set forth herein.

27      41.    On or about November 14, 2006, Plaintiff entered into an oral agreement with

28  Defendant ALLEN, whereby she agreed to loan him Five Hundred and No/100 Dollars ($500.00)

1  as a personal loan. Thereafter, on or about June 29, 2007, Plaintiff entered into an oral agreement

2  with Defendant ALLEN, whereby she agreed to loan him an additional sum of Five Hundred and

3  No/100 Dollars ($500.00).

4        42.    On or about February 5, 2007, Plaintiff entered into an oral agreement with Defendant

5  ALLEN, whereby she agreed to and contemporaneously tendered to him One Hundred Five

6  Thousand and No/100 Dollars ($105,000.00) for the purpose of investing it in FOREVER

7  DIAMONDS. ALLEN represented himself as an agent of FOREVER DIAMOND when he formed

8  this agreement.

9        43.    On or about February 26, 2007, Plaintiff entered into an oral agreement with

10  Defendant ALLEN, whereby she agreed to and contemporaneously tendered to him Seventy Five

11  Thousand and No/100 Dollars ($75,000.00) for the purpose of investing it in certificate of deposit

12  on Plaintiff's behalf, in Texas.

13        44.    Plaintiff has performed all terms and conditions of the agreement that she was

14  obligated to perform.

15        45.    On or after February 5, 2007, Defendant ALLEN breached the agreement by receiving

16  funds from Plaintiff totaling One Hundred Five Thousand and No/100 Dollars ($105,000.00) and

17  failing to invest it on behalf of Plaintiff as he promised. Plaintiff is informed and believes and

18  thereon alleges that Defendant ALLEN failed to deposit the funds with FOREVER DIAMONDS;

19  failed to invest the funds on Plaintiff's behalf; and failed to inform Plaintiff of the whereabouts of

20  her money despite repeated inquiries.

21        46.    On or about February 26, 2007, Defendant ALLEN further breached the agreement

22  by receiving funds from Plaintiff totaling Seventy Five Thousand and No/100 Dollars ($75,000.00)

23  and failing to invest it on behalf of Plaintiff as he promised. Plaintiff is informed and believes and

24  thereon alleges that Defendant ALLEN failed to deposit the funds in a certificate of deposit; failed

25  to invest the funds on Plaintiff's behalf; and failed to inform Plaintiff of the whereabouts of her

26  money despite repeated inquiries.

27        47.    On or about July 28, 2007, and afterward, Plaintiff made repeated oral and written

28  demands to Defendant ALLEN to reimburse her for the two (2) personal loans that she tendered to

1  ALLEN, totaling One Thousand and No/100 Dollars ($1,000.00). Defendant ALLEN failed and

2  refused, and continues to fail and refuse to repay the loan amount to Plaintiff.

3        48.    As a direct and proximate result of the breaches by Defendant ALLEN, acting as the

4  agent of FOREVER DIAMONDS, Plaintiff has been damaged in a total sum in excess of One

5  Hundred Five and No/100 Dollars ($105,000.00).

6        49.    As a further direct and proximate result of the breaches by Defendant ALLEN,

7  Plaintiff has been damaged in an additional total sum of Seventy Six Thousand and No/100 Dollars

8  ($76,000.00), plus interest at the legally permissible rate per annum from and after February 26,

9  2007.

10                      **THIRD CAUSE OF ACTION**

11        **(Pendent Claim - Account Stated As Against Defendant ALLEN)**

12        50.    Plaintiff realleges paragraphs 1 through 9, 12 through 13 and 40 through 49, inclusive,

13  as though fully set forth herein.

14        51.    On or about July 28, 2007, an account was stated in writing by and between Plaintiff

15  and Defendant ALLEN and on such statement a balance of One Hundred Eighty One Thousand and

16  No/100 Dollars ($181,000.00) was found due to Plaintiff from Defendant ALLEN, at San Diego,

17  California.

18        52.    Although demanded by Plaintiff from Defendant, no portion of the owed sum as been

19  repaid.

20        53.    There is now due, owing, and unpaid from Defendant to Plaintiff the sum of One

21  Hundred Eighty One Thousand and No/100 Dollars ($181,000.00), together with interest thereon at

22  the rate of seven percent (7%) per annum, from and after February 26, 2007.

23        54.    Plaintiff has incurred attorneys' fees in connection with this matter, in an amount to

24  be determined at trial, which fees Plaintiff is entitled to recover from Defendant pursuant to

25  California Civil Code § 1717.5.

26                    **FOURTH CAUSE OF ACTION**

27        **(Pendent Claim - Intentional Misrepresentation As Against Defendant ALLEN)**

28        55.    Plaintiff realleges paragraphs 1 through 9, 12 through 13 and 40 through 54, inclusive,

1    inclusive, as though fully set forth herein.

2        56.    On or about February 5, 2007, Defendant ALLEN made the following representations

3    to Plaintiff:

4            a.    Defendant ALLEN stated that he was knowledgeable in the jewelry business;

5            b.    Defendant ALLEN stated that held an ownership interest in a company called

6                FOREVER DIAMONDS, located in Carson City, Nevada;

7            c.    Defendant ALLEN offered Plaintiff an interest in FOREVER DIAMONDS

8                if she gave him a total sum of One Hundred Five Thousand and No/100

9                Dollars ($105,000.00);

10           d.    Defendant ALLEN agreed to invest the money in FOREVER DIAMONDS

11               on Plaintiff's behalf; and

12           e.    Defendant ALLEN informed Plaintiff that she would begin to see a profit

13               from her investment by July 2007. ALLEN later told Plaintiff that she would

14               be gin to see a profit no later than January 2008. IN reality, when ALLEN

15               made these representations to Plaintiff, he never intended for Plaintiff to

16               realize a profit from her investment in FOREVER DIAMONDS.

17       57.    Thereafter, on or about February 26, 2007, Defendant ALLEN made the following

18    representations to Plaintiff:

19           a.    ALLEN stated that he was knowledgeable in investing money for other

20               persons;

21           b.    ALLEN claimed that he researched interest rates for certificates of deposit in

22               both California and Texas. ALLEN further informed Plaintiff that she would

23               earn a higher interest rate by investing her money in certificates of deposit in

24               Texas than if she invested in certificates of deposit in California; and

25           c.    ALLEN offered to invest money in certificates of deposit and other

26               investment instruments on Plaintiff's behalf in the state of Texas if she gave

27               him a total sum of Seventy Five Thousand and No/100 Dollars ($75,000.00).

28    ///

58.    In addition, on two separate occasions, Defendant ALLEN made the following representations to Plaintiff:

        a.    On or about November 14 ,2006, Defendant stated that he was short on cash and agreed to repay Plaintiff if she loaned him a total sum of Five Hundred and No/100 Dollars ($500.00);

        b.    Thereafter, on or about June 29, 2007, Defendant again stated that he was short on cash and agreed to repay Plaintiff if she loaned him an additional sum of Five Hundred and No/100 Dollars ($500.00).

59.    The representations made by Defendant ALLEN were in fact false in that he never intended to repay Plaintiff for each loan.

60.    When Defendant ALLEN made these representations, he knew them to be false and made these representations with the intent to deceive, defraud and induce Plaintiff to act in reliance of these representations in the manner hereinafter alleged.

61.    Plaintiff, at the time these representations were made by Defendant, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations, and believed them to be true. In reliance on these representations, Plaintiff was induced to and did give Defendant One Hundred Eighty Thousand and No/100 Dollars ($180,000.00) to invest on her behalf, plus One Thousand and No/100 Dollars ($1,000.00) as a personal loan, to be repaid to Plaintiff. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Defendant ALLEN's representations was justified because ALLEN held himself out as a financial advisor, investor and knowledgeable entrepreneur.

62.    As a proximate result of the fraudulent conduct of Defendant ALLEN as herein alleged, Plaintiff was induced to give Defendant ALLEN a total sum of One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00). However, Plaintiff has received no documentation that any sum of money was ever invested with FOREVER DIAMONDS, on Plaintiff's behalf. In addition, Plaintiff has received no documentation that Defendant ALLEN ever opened any certificates of deposit or investment accounts on her behalf. Furthermore, despite repeated demands for reimbursement of the One Thousand and No/100 Dollars ($1,000.00) that Plaintiff loaned

1  Defendant, he has failed and refused, and continues to fail and refuse to repay any portion of the loan

2  and now claims that it was a gift. Based upon the foregoing, Plaintiff has been damaged in a sum

3  of One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00), plus interest at the legally

4  permissible rate per annum.

5       63.    The aforementioned conduct of Defendant ALLEN was an intentional

6  misrepresentation, deceit, or concealment of a material fact known to the Defendant with the

7  intention on the part of the Defendant of thereby depriving Plaintiff of property or legal rights or

8  otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust

9  hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and

10  punitive damages.

11                        **FIFTH CAUSE OF ACTION**

12     **(Pendent Claim - Negligent Misrepresentation As Against Defendant ALLEN)**

13       64.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58 and 61,

14  inclusive, as though fully set forth herein.

15       65.    When Defendant ALLEN made these representations, he had no reasonable ground

16  for believing them to be true. Plaintiff is informed and believes and thereon alleges that ALLEN

17  never invested the sums he received from Plaintiff as promised but instead kept the money for his

18  own personal use.

19       66.    Defendant ALLEN made these representations with the intention of inducing Plaintiff

20  to act in reliance on these representations in the manner alleged, or with the expectation that Plaintiff

21  would so act.

22                        **SIXTH CAUSE OF ACTION**

23    **(Pendent Claim -Rescission Based Upon Misrepresentation in Violation of California**

24    **Corporation Code §§ 25401, 24501, 24503, 24504,  As Against Defendants FOREVER**

25                   **DIAMONDS and ALLEN)**

26       67.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 64

27  through 66, inclusive, as though fully set forth herein.

28  ///

1    68.    Pursuant to California Corporation Code § 25401, "It is unlawful for any person to

2  offer or sell a security in this state... by means of any written or oral communication which includes

3  an untrue statement of a material fact or omits to state a material fact necessary in order to make the

4  statements made, in the light of the circumstances under which they were made, not misleading."

5    69.    California Corporation Code § 25019 defines a security in pertinent part as, "any note;

6  stock; treasury stock; membership in an incorporated or unincorporated association; bond; debenture;

7  **evidence of indebtedness**; certificate of interest or **participation in any profit-sharing**

8  **agreement**;... or any certificate of interest or participation in, temporary or interim certificate for,

9  receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. **All of**

10  **the foregoing are securities whether or not evidenced by a written document**. [Emphasis

11  supplied].

12    70.    On or about February 5, 2008, ALLEN, who represented that he had the authority to

13  act as the agent for FOREVER DIAMONDS, offered to sell and sold a interest in FOREVER

14  DIAMONDS to Plaintiff in the state of California, by means of oral communication that included

15  an untrue statement of material fact to Plaintiff that she would secure and ownership interest in

16  FOREVER DIAMONDS and earn a lucrative return on her investments.

17    71.    The statements made by ALLEN were untrue as alleged in paragraph 56, subdivision

18  (a) through (e).

19    72.    As a result of the material misrepresentations made by ALLEN, Plaintiff is entitled

20  to rescind the above-described purchase.

21    73.    Plaintiff before entry of judgment will tender to Defendants the security of the above-

22  described security interest as purchased from Defendants and on which to date Plaintiff has received

23  no income.

24    **SEVENTH CAUSE OF ACTION**

25    **(Pendent Claim -Rescission Based Upon Sale of Securities in Violation of Qualification**

26    **Requirements As Against Defendants FOREVER DIAMONDS and ALLEN)**

27    74.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 67

28  through 73, inclusive, as though fully set forth herein.

75.    On or about February 5, 2007, Defendant ALLEN, on behalf of FOREVER DIMAONDS, offered and sold to Plaintiff a secured interest in FOREVER DIAMONDS for a total price of One Hundred Five Thousand and No/100 Dollars ($105,000.00). Defendant ALLEN acted as a broker-dealer, engaged in the trading of such security interest in FOREVER DIAMONDS. Defendant ALLEN represented that FOREVER DIAMONDS was the issuer of the security interest.

76.    This sale constituted an issuer transaction by FOREVER DIAMONDS in that it, was part of an offering for capitalization purposes.  Nevertheless, at the time of Plaintiff's purchase of the security interest in FOREVER DIAMONDS from Defendant ALLEN, the sale was subject to qualification, was not exempt from qualification, and was not and to date of this complaint has not been, qualified as any kind of securities transaction with the Commissioner of Corporations.

77.    As a result of the above-described acts, Defendant ALLEN is liable to Plaintiff, who is entitled to, and hereby does, rescind the above-described purchase.  Plaintiff before entry of judgment will tender to Defendants ALLEN and FOREVER DIAMONDS security of the above-described interest as purchased from Defendant and on which to date Plaintiff has received no income.

78.    As a result of the above-described acts, defendant is liable to plaintiff, who has been damaged in the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), which is the value of the consideration that Plaintiff transferred to Defendant ALLEN.

COUNT ONE

**(Pendent Claim - Joint and Several Liability of Offering Principal As Against Defendant**

**FOREVER DIAMONDS)**

79.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 67 through 78, inclusive, as though fully set forth herein.

80.    Defendant FOREVER DIAMONDS was, at the time of the acts alleged herein, the person on whose behalf the offering of the herein described sale of securities to Plaintiff was made.

///

///

///

1

## COUNT TWO

2

### (Pendent Claim - Joint and Several Liability of Management Principal As Against

3

### Defendant ALLEN)

4        81.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 67

5    through 80, inclusive, as though fully set forth herein.

6        82.    Defendant ALLEN was, at the time of the acts alleged herein, a person who, directly

7    or indirectly, controlled FOREVER DIAMONDS in that he claimed to own the largest ownership

8    interest of the business and claimed to be a principal member of the management of FOREVER

9    DIAMONDS in that he performed the functions of president of the business.

10

## EIGHTH CAUSE OF ACTION

11

### (Pendent Claim - Rescission of Sale of Securities For Acting as an Unlicensed Broker-

12

### Dealer in Violation of California Corporation Code § 25210 et seq. and/or California

13

### Corporation Code § 25230 et seq., as Against Defendant ALLEN)

14        83.    Plaintiff realleges paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 67

15    through 80, inclusive, as though fully set forth herein.

16        84.    At the time of sale and purchase, defendant was required to be licensed as a broker-

17    dealer, but had not applied for and secured from the Commissioner of Corporations a certificate

18    under California Corporations Code § 25200 authorizing defendant to act in that capacity.

19        85.    As a result of the above-described acts, ALLEN is liable to plaintiff, who is entitled

20    to, and hereby does, rescind the above-described purchase. Plaintiff will tender before entry of

21    judgment to defendant her ownership interest in FOREVER DIAMONDS.

22

## NINTH CAUSE OF ACTION

23

### (Pendent Claim - Accounting As Against Defendant ALLEN)

24        86.    Plaintiff realleges Paragraphs 1 through 9, 12 through 13, 40 through 58, 61 and 67

25    through 84, inclusive, as though fully set forth herein.

26    ///

27    ///

28    ///

87.    On or about February 5, 2007, in San Diego County, California, Plaintiff and Defendant entered into an oral agreement whereby Defendant undertook the sole charge and management of Plaintiff's One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of investing the funds in FOREVER DIAMONDS.

88.    Thereafter, on or about February 26, 2007, in San Diego County, California, Plaintiff and Defendant entered into an oral agreement whereby Defendant undertook the sole charge and management of Plaintiff's Seventy Five Thousand and No/100 Dollars ($75,000.00) for the purpose of investing the funds in certificates of deposit and other investment instruments in Texas.

89.    Defendant ALLEN's obligations under the agreement included the duty to care for and protect, in all particulars, the Plaintiff's financial interests in connection with the investments; to provide periodic statements of accounts of all moneys from the investment activities; and to pay over to Plaintiff all money received.

90.    Between February 5, 2007 and February 26 ,2007, in the course of the aforementioned charge and management, Defendant ALLEN received One Hundred Eighty Thousand and No/100 Dollars ($180,000.00) from Plaintiff. Defendant agreed to invest the monies on Plaintiff's behalf in a company called FOREVER DIAMONDS and in certificates of deposit and other investment instruments in Texas.

91.    The amount of money due from Defendant ALLEN to Plaintiff is unknown to Plaintiff and cannot be ascertained without an accounting of the investment funds. Plaintiff is informed and believes and thereon alleges that the amount owed, however, exceeds the sum of One Hundred Eighty Thousand and No/100 Dollars ($180,000.00).

92.    On or about July 28, 2007, Plaintiff demanded that Defendant ALLEN account for the One Hundred Eighty Thousand and No/100 Dollars ($180,000.00), and pay the amount found due to Plaintiff; but Defendant has failed and refused, and continues to fail and refuse, to render the accounting and pay Plaintiff.

///

///

///

## TENTH CAUSE OF ACTION

### (Pendent Claim - Breach of Fiduciary Duty As Against Defendant ALLEN)

93.     Plaintiff realleges Paragraphs 1 through 92, inclusive, as though fully set forth herein.

94.     Defendant ALLEN agent breached his fiduciary duty to Plaintiff as alleged in paragraphs 12 through 28, 41 through 49, 55 through 58 and 65 through 66.

95.     As the result of Defendant ALLEN's breach of fiduciary duty, Plaintiff has been damaged in the sum of One Hundred Eighty One Thousand and No/100 Dollars ($181,000.00) in that:

         a.     Plaintiff tendered a total sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00) to ALLEN for the purpose of obtaining an ownership interest in FOREVER DIAMONDS, with the promise from ALLEN that she would begin enjoy profits no later than January 2008.  To date, she has received no profits and no documentation of her ownership interest in the business, despite repeated demands;

         b.     Plaintiff tendered Seventy Five Thousand and No/100 Dollars ($75,000.00) to ALLEN, who promised to invest the money in certificates of deposit and other investment instruments on Plaintiff's behalf; to date, Plaintiff has received no written evidence that this occurred; and

         c.     Plaintiff loaned ALLEN a total sum of One Thousand and No/100 Dollars ($1,000.00), which ALLEN promised to repay.  To date, despite repeated demands, ALLEN has failed and refused to repay the loan to Plaintiff.

96.     Defendant ALLEN used his position as Plaintiff's agent to obtain a secret profit by:

         a.     accepting One Hundred Five Thousand and No/100 Dollars ($105,000.00) for the purpose of investing the monies with FOREVER DIAMONDS on behalf of Plaintiff but failing to provide Plaintiff with any written evidence of her ownership interest in the business;

         b.     accepting Seventy Five Thousand and No/100 Dollars ($75,000.00) from Plaintiff for the purpose of investing the money in certificates of deposit and

1        other investment instruments on Plaintiff's behalf, without providing her with

2        any evidence of such investment; instead, Plaintiff is informed and believes

3        that ALLEN misappropriated these funds for his own use; and

4        c.    accepting a loan from Plaintiff totaling One Thousand and No/100 Dollars

5        ($1,000.00) without paying the loan back.

6      97.    Defendant's retention of secret profits damaged plaintiff in the total sum of One

7 Hundred Eighty One Thousand and No/100 Dollars ($181,000.00).

## ELEVENTH CAUSE OF ACTION

### (Pendent Claim - Declaratory Relief As Against Defendant ALLEN)

10      98.    Plaintiff realleges Paragraphs 1 through 97, inclusive, as though fully set forth herein.

11      99.    Plaintiff is informed and believes and thereon alleges that Defendant ALLEN will

12 deny his respective obligations, representations and duties owed to Plaintiff as previously alleged

13 herein.

14      100.    Plaintiff desires a judicial determination of her rights and responsibilities vis-à-vis

15 those of Defendant ALLEN as alleged herein.  Plaintiff further desires a judicial declaration that

16 Defendant ALLEN has an affirmative obligation under the contract account for monies had and

17 received and respond in damages for the misappropriation of funds, which he agreed to invest on

18 Plaintiff's behalf.

19      101.    A judicial determination is necessary and appropriate at this time under the

20 circumstances in order that Plaintiff may ascertain her rights and duties and to avoid a multiplicity

21 of lawsuits.

22      **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them as

23 follows:

24 FIRST CAUSE OF ACTION:

25      1.    For compensatory damages according to proof, plus interest, as allowed by law;

26      2.    For punitive damages according to proof;

27      3.    For costs of suit herein; and

28      4.    For reasonable attorneys' fees, according to proof; and

1    5.    For such other and further relief as the Court may deem proper.

2    SECOND CAUSE OF ACTION:

3    1.    For damages according to proof;

4    2.    For interest on said damages at the maximum legal rate, from February 5, 2007;

5    3.    For costs of suit herein; and

6    4.    For such other and further relief as the Court may deem proper.

7    THIRD CAUSE OF ACTION:

8    1.    For the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00);

9    2.    For interest on said damages at the maximum legal rate, from February 5, 2007;

10    3.    For attorneys' fees in an amount to be determined at trial;

11    4.    For costs of suit herein incurred; and

12    5.    For such other and further relief as the Court may deem proper.

13    FOURTH CAUSE OF ACTION:

14    1.    For damages according to proof;

15    2.    For interest on said damages at the maximum legal rate, from February 26, 2007;

16    3.    For punitive damages in an amount appropriate to punish Defendants and to deter

17    others from engaging in similar misconduct;

18    4.    For costs of suit herein; and

19    5.    For such other and further relief as the Court may deem proper.

20    FIFTH CAUSE OF ACTION:

21    1.    For damages according to proof;

22    2.    For interest on said damages at the maximum legal rate, from February 26, 2007;

23    3.    For punitive damages in an amount appropriate to punish Defendant and to deter

24    others from engaging in similar misconduct;

25    4.    For costs of suit herein; and

26    5.    For such other and further relief as the Court may deem proper.

27    ///

28    ///

SIXTH CAUSE OF ACTION:

1.    Rescinding the sale of the securities and ordering Defendants ALLEN and FOREVER DIAMONDS to pay to Plaintiff the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), the consideration paid of the securities, pursuant to California Corporation Code § 25501;

2.    For interest on the original consideration at the legal rate from February 5, 2007;

3.    For costs of the suit herein incurred; and

4.    For such other and further relief as the Court may deem proper.

SEVENTH CAUSE OF ACTION:

1.    Rescinding the sale of the securities and ordering Defendants ALLEN and FOREVER DIAMONDS to pay to Plaintiff the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00), the consideration paid of the securities;

2.    For interest on the original consideration at the legal rate from February 5, 2007;

3.    For costs of the suit herein incurred; and

4.    For such other and further relief as the Court may deem proper.

EIGHTH CAUSE OF ACTION:

1.    The consideration paid for the security interest in FOREVER DIAMONDS, in the sum of One Hundred Five Thousand and No/100 Dollars ($105,000.00);

2.    For interest on the original consideration at the legal rate from February 5, 2007;

3.    Reasonable attorneys' fees, pursuant to California Corporation Code § 25501.5(b);

4.    For costs of the suit herein incurred;

5.    Because Defendant ALLEN caused injury or damage to Plaintiff as a result of performing services for which a license was required under Corporation Code § 25210, et seq. and/or Corporation Code § 25230 et seq., Plaintiff is entitled to treble damages as provided in Code of Civil Procedure § 1029.8; and

6.    For such other and further relief as the Court may deem proper.

NINTH CAUSE OF ACTION:

1.    For an accounting between Plaintiff and Defendant;

1    2.    For interest on said damages at the maximum legal rate, from February 5, 2007;

2    3.    For costs of the suit herein; and

3    4.    For such other and further relief as the Court may deem proper.

4    TENTH CAUSE OF ACTION:

5    1.    For damages in the sum of One Hundred Eighty One Thousand and No/100 Dollars

6    ($181,000.00);

7    2.    For recover of Defendant's secret profits, according to proof;

8    3.    For interest on said damages at the maximum legal rate, from February 5, 2007;

9    4.    For costs of the suit; and

10    5.    For such other and further relief as the Court may deem proper.

11    ELEVENTH CAUSE OF ACTION:

12    1.    For a judicial determination that Defendant must account for monies had

13        and received;

14    2.    For a judicial determination that Defendant must respond in damages for the

15    misappropriation of funds, which he agreed to invest on Plaintiff's behalf; and

16    3.    For such other and further relief as the Court may deem proper.

17    Dated: May 30, 2008            Respectfully Submitted,

18                        CHRISTENSEN SCHWERTDFEGER
                        & SPATH LLP
19
20        By: _____
                        Charles B. Christensen, Esq.
21                        Sean D. Schwerdtfeger, Esq.
                        Anna R. Salusky, Esq.
22                        Attorneys for Plaintiff GRACE E. LA

23

24

25

26

27

28

**GRACE LA v. ANDRÁ LEONARD ALLEN; and FOREVER DIAMONDS, a business entity of unknown origin**
**Case No. 08 CV 0532WQH WMc**

**PROOF OF SERVICE BY FAX, MAIL, PERSON, ELECTRONIC TRANSMISSION**

I am employed by CHRISTENSEN SCHWERDTFEGER & SPATH LLP which is in the County of San Diego, State of California . I am over 18 and not a party to the within action. My business address is 550 West "C" Street, Suite 1660, San Diego, California 92101.

On **May 30, 2007**, I served the foregoing document(s) described as:

1.   **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

**Timothy P. Dillon, Esq.**
**Dillon & Gerardi APC**
**4660 La Jolla Village Drive, Suite 775**
**San Diego, CA, 92122**
tdillon@dillongerardi.com

*(Counsel for Defendants FOREVER DIAMONDS and ANDRÁ ALLEN)*

| | | |
|---|---|---|
| ___ | MAIL | I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection in the United States Postal Service the same day as it is placed for collection. |
| **XXX** | ELECTRONIC | I caused to be served through the electronic filing procedures used on the CM/ECF system, in compliance with the Federal Rules of Civil Procedure. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 30, 2007

s/Anna R. Salusky

_____
Anna R. Salusky

# EXHIBIT NO. 2

1-1900 CACI 1900

1 of 1 DOCUMENT

Judicial Council of California Civil Jury Instructions (CACI)
© 2008 by the Judicial Council of California. All rights reserved. No copyright is claimed by the Judicial Council of California to the Table of Contents, Table of Statutes, Table of Cases, Index, or Table of Related Instructions.
© 2008, Matthew Bender & Company, Inc., a member of the Lexis Nexis Group. No copyright is claimed by Matthew Bender & Company to the jury instructions, Verdict Forms, Directions for Use, Sources and Authority, User's Guide, Life Expectancy Tables, or Disposition Table.

Series 1900 FRAUD OR DECEIT

*1-1900 CACI 1900*

## 1900 Intentional Misrepresentation

---

[ *Name of plaintiff* ] claims that [ *name of defendant* ] made a false representation that harmed [him/her/it]. To establish this claim, [ *name of plaintiff* ] must prove all of the following:

    1. That [ *name of defendant* ] represented to [ *name of plaintiff* ] that an important fact was true;

    2. That [ *name of defendant* ]'s representation was false;

    3. That [ *name of defendant* ] knew that the representation was false when [he/she] made it, or that [he/she] made the representation recklessly and without regard for its truth;

    4. That [ *name of defendant* ] intended that [ *name of plaintiff* ] rely on the representation;

    5. That [ *name of plaintiff* ] reasonably relied on [ *name of defendant* ]'s representation;

    6. That [ *name of plaintiff* ] was harmed; and

    7. That [ *name of plaintiff* ]'s reliance on [ *name of defendant* ]'s representation was a substantial factor in causing [his/her/its] harm.

---

*New September 2003*

### Directions for Use

If it is disputed that a representation was made, the jury should be instructed that "a representation may be made orally, in writing, or by nonverbal conduct."

### Sources and Authority

- "Fraud" and "deceit" are defined in *Civil Code sections 1572*, *1709*, and *1710*. Courts appear to refer to the terms interchangeably, though technically "fraud" applies to only contract actions.

- *Civil Code section 1709* defines "deceit" generally: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

- *Civil Code section 1710* specifies four kinds of deceit. This instruction applies to the first:

1-1900 CACI 1900

A deceit, within the meaning of [section 1709], is either:
1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true [intentional misrepresentation of fact];

2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true [negligent misrepresentation of fact];

3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact [concealment or suppression of fact]; or,

4. A promise, made without any intention of performing it [promissory fraud].

● *Civil Code section 1572*, dealing specifically with fraud in the making of contracts, restates these definitions in slightly differing language, with the addition of a fifth kind of deceit, described generally as "[a]ny other act fitted to deceive." Fraud in the context of contract formation is covered by other instructions.

● The tort of deceit or fraud requires: " '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' " ( *Engalla v. Permanente Medical Group, Inc. (1997) 15 Cal.4th 951, 974 [64 Cal.Rptr.2d 843, 938 P.2d 903]* , internal quotation marks omitted; see also *Molko v. Holy Spirit Ass'n (1988) 46 Cal.3d 1092, 1108 [252 Cal.Rptr. 122, 762 P.2d 46]* .)

● Sometimes this tort is stated with four elements instead of five: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." ( *Service by Medallion, Inc. v. Clorox Co. (1996) 44 Cal.App.4th 1807, 1816 [52 Cal.Rptr.2d 650]* .)

● The representation must ordinarily be an affirmation of fact, as opposed to an opinion. Under the *Restatement Second of Torts section 538A*, a representation is an opinion "if it expresses only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment." Opinions are addressed in *CACI No. 1904, Opinions as Statements of Fact.*

● "Puffing," or sales talk, is generally considered opinion, unless it involves a representation of product safety. ( *Hauter v. Zogarts (1975) 14 Cal.3d 104, 112 [120 Cal.Rptr. 681, 534 P.2d 377]* .)

● "Fraud is an intentional tort; it is the element of fraudulent intent, or intent to deceive, that distinguishes it from actionable negligent misrepresentation and from nonactionable innocent misrepresentation. It is the element of intent which makes fraud actionable, irrespective of any contractual or fiduciary duty one party might owe to the other." ( *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith (1998) 68 Cal.App.4th 445, 482 [80 Cal.Rptr.2d 329]* , internal citations omitted.)

● "A misrepresentation need not be oral; it may be implied by conduct." ( *Thrifty-Tel, Inc. v. Bezenek (1996) 46 Cal.App.4th 1559, 1567 [54 Cal.Rptr.2d 468]* , internal citations omitted.)

● " '[F]alse representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.' " ( *Engalla, supra, 15 Cal.4th at p. 974* , quoting *Yellow Creek Logging Corp. v. Dare (1963) 216 Cal.App.2d 50, 55 [30 Cal.Rptr. 629]* .)

● "Actual reliance occurs when a misrepresentation is " 'an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' " and when, absent such representation, " 'he would not, in all reasonable probability, have entered into the contract or other transaction.' " 'It is not ... necessary that [a plaintiff's] reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant or decisive factor in influencing his conduct. ... It is enough that the representation has played a substantial part, and so has been a substantial factor, in influencing his decision.' " ( *Engalla, supra, 15 Cal.4th at pp. 976-977* , internal citations omitted.)

1-1900 CACI 1900

- "Justifiable reliance is an essential element of a claim for fraudulent misrepresentation, and the reasonableness of the reliance is ordinarily a question of fact." ( *Guido v. Koopman (1991) 1 Cal.App.4th 837, 843 [2 Cal.Rptr.2d 437]* internal citations omitted.)

- "A 'complete causal relationship' between the fraud or deceit and the plaintiff's damages is required. ... Causation requires proof that the defendant's conduct was a " 'substantial factor' " in bringing about the harm to the plaintiff." ( *Williams v. Wraxall (1995) 33 Cal.App.4th 120, 132 [39 Cal.Rptr.2d 658]* , internal citations omitted.)

- "In order to recover for fraud, as in any other tort, the plaintiff must plead and prove the 'detriment proximately caused' by the defendant's tortious conduct. Deception without resulting loss is not actionable fraud." ( *Service by Medallion, Inc., supra, 44 Cal.App.4th at p. 1818* , internal citations omitted.)

**Secondary Sources**

5 Witkin, Summary of California Law (10th ed. 2005) Torts, §§ 243, 767-817, 821, 822, 826

3 Levy et al., *California Torts, Ch. 40, Fraud and Deceit and Other Business Torts, §§ 40.02, 40.05* (Matthew Bender)

23 California Forms of Pleading and Practice, Ch. 269, *Fraud and Deceit*  (Matthew Bender)

10 California Points and Authorities, Ch. 105, *Fraud and Deceit*  (Matthew Bender)

2 California Civil Practice: Torts (Thomson West) § 22:12