1  Timothy P. Dillon, Esq. (SBN 190839)
2  Nadya Y. Spivack, Esq. (SBN 222595)
   Dillon & Gerardi, APC
3  4660 La Jolla Village Drive
   Suite 775
4  San Diego, CA 92122
   Telephone: (858) 587-1800
5  Facsimile: (858) 587-2587

6  Attorneys for Defendants, Andra Allen and Forever Diamonds

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 GRACE E. LA,                                 ) **Case No.:  08 CV 0532WQH WMc**
                                                )
12              Plaintiff,                      ) **REPLY BRIEF IN SUPPORT OF**
                                                ) **DEFENDANTS' MOTION TO DISMISS**
13 v.                                           )
                                                ) DATE: August 11, 2008
14 ANDRA LEONARD ALLEN;                         ) TIME: 11:00 A.M.
   FOREVER DIAMONDS, a business entity of       ) DEPT: 4
15 unknown origin, and DOES 1 through 50,       ) JUDGE: Honorable William Q. Hayes
   inclusive,                                   )
16                                              )
                                                )
17              Defendants.                     )

Plaintiff's First Amended Complaint ("FAC") seeks to do exactly what Congress sought to prevent when drafting 1391(a) and (b) – force the Defendant into a venue where he has absolutely no basis for litigation. In fact, Plaintiff's FAC makes clear that all contacts between Plaintiff and Defendant occurred in *Texas (or San Jose)* including: Defendants' alleged statements to Plaintiff; Plaintiff's wiring of the money to Defendant; Plaintiff's request for documents relating to the alleged investment, <u>*and Defendant's breach of the agreemente*</u> (See FAC ¶45). Plaintiff's sole fact for asserting venue in the Southern District is her attorney's phone call from San Diego to Texas demanding return of Plaintiff's money. If Plaintiff can create an appropriate forum for venue by making a phone call before filing her lawsuit, it stands the entire concept of venue on its head. Plaintiff has simply failed to establish venue in the Southern District.

With regard to Plaintiff's remaining causes of action, Plaintiff fails to oppose many of Defendants' arguments regard to securities fraud, account stated and fraud and Defendant requests that this Court dismiss Plaintiff's First, Second, Third, Fourth, Sixth and Seventh Causes of Action with prejudice.

**I.**

**PLAINTIFF CANNOT ESTABLISH VENUE IN THE SOUTHERN DISTRICT**

**A.    Evidence Outside the Complaint is Allowed to be Used in a 12(b)(3) Motion for Lack of Venue.** In determining a Motion to Dismiss under 12(b)(3) for lack of venue, the Court need not accept the pleadings as true and may properly consider facts outside of the pleadings. *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). In the case at hand, the Court should ignore Plaintiff's objections with regard to their applicability relating to venue. The Declaration of Andra Allen and the attached evidence can be validly considered by the court when determining where the substantial acts and alleged omissions occurred when determining venue, especially where Plaintiff's own FAC fails to provide a substantial basis for venue in this district.

**B.    No Substantial Part of the Events or Omissions Took Place in the Southern District.** Once an objection to venue has been raised, the <u>plaintiff</u> has the burden of showing that venue is proper. *PI, Inc. v. Quality Products, Inc.,* 907 F.Suoo.752, 757 (S.D. NY 1995). The law is clear and unambiguous that only those events and omissions *that directly give rise to the claim* are

relevant ("only those acts and omissions that have a close nexus to the wrong"). *Jenkins v. Brick Co. v. Bremer,* 321 F.3d 1366 (11th Cir. 2003) [holding that in suit to enforce employee's covenant not to compete, court should look to the place the contract was negotiated and executed, and place of performance and breach and sales meetings, training and seminars elsewhere did *not* have a close nexus to the claim]; *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 356 (2nd Cir. 2005).

What constitutes a "substantial part" of the "events or omissions" involved is a question of federal law. *Commercial Lighting Products, Inc. v. United States Dist.Ct.*, 537 F2d at 1079 [dealing with former venue statute]. The "substantiality" requirement is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Cottman Transmission Systems, Inc. v. Martino,* 36 F.3d 291, 294 (3rd Cir. 1994). The test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim," theoretically a more easily demonstrable circumstance than where a "claim arose." Although the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor. Thus, events or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute. *Id.*

In determining where a "substantial part" of the "events or omissions" occurred, most courts look not to a single triggering event prompting the action, but to the entire sequence of events underlying the claim. *Uffner v. La Reunion Francaise, S.A.,* 244 F.3d 38, 42 (1st Cir. 2001); *First of Mich. Corp. v. Bramlet,* 141 F.3d 260 (1998). What constitutes a substantial part is likely to be determined in light of the purpose of the venue statute: The substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit. *Lamont v. Haig,* 590 F.2d 1124, 1134 (D.C. Cir. 1978); *Myers v. Bennett Law Offices,* 238 F.3d 1068, 1076 (9th Cir. 2001). Protecting defendant from being haled into court in a remote forum is a relevant consideration. Therefore, Congress' reference to "events or omissions giving rise to the claim" requires courts to focus on relevant activities of the defendant, not the plaintiff. *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995). For example, where a Plaintiff sues in New York for breach of contract arising from

merger plan that had been drafted, executed, performed and allegedly breached in Florida, the Court held that the fact that some of the negotiations took place in New York did *not* provide a basis for venue in that State. *PI, Inc. v. Quality Products, Inc.,* 907 F.Supp. 752, 758 (S.D. NY 1995).

Similar to *PI, Inc.,* Plaintiff fails to allege facts that indicate San Diego has a substantial nexus to Plaintiff's claims. Plaintiff unambiguously states that: Defendant made his "alleged statements" to Plaintiff in *San Jose* (FAC ¶¶12, 41); Plaintiff and Defendant entered into an alleged oral agreement regarding the sale of securities in Forever Diamonds in *San Jose* (FAC ¶¶13, 41-43); that Plaintiff wired her "investment" from *San Jose* to Texas (FAC ¶¶16-19, 41-43, 46); Plaintiff asked for documents relating to the transaction in *San Jose* (FAC ¶¶20-21); Allen flew from Texas to *San Jose* to have a meeting with Plaintiff (FAC ¶22); and most importantly, Plaintiff's FAC admits that <u>Defendants' breached their obligations to Plaintiff while Plaintiff was in *San Jose*</u> (FAC ¶¶45-46)[1]. Plaintiff's also alleges that she made two loans to Defendant in the amount of $500 each, in November 2006 (FAC ¶41) and June 2007 (FAC ¶41) – both from *San Jose*. As such, Plaintiff's FAC makes clear that the entire contract, alleged issuance of securities, and request for documents relating to those theories occurred in *San Jose*. Plaintiff's sole allegations relating to San Diego stems from the "penultimate act" of *Plaintiff's own attorney* making phone calls to Defendant presumably only after Plaintiff entertained litigation in the Southern District (FAC ¶¶24-25).

Plaintiff's cite to *Meyers v. Bennett Law Office,* 238 F.3d 1068, 1075-1076 (9th Cir. 2001) is inapplicable in this case. In *Meyers,* a Utah Defendant allegedly violated the Fair Credit Reporting Act in obtaining credit reports on Nevada Plaintiffs. The Court held that venue was proper in Nevada because that it where the invasion of privacy occurred, which was a "substantial part of the events" giving rise to the claim. *Id.* at 1076. Likewise, Plaintiff's citation to *Radical Products, Inc. v. Sundays Distribution,* 821 F. Supp. 648 (W.D. Was. 1992) is also improper. In *Radical Products,* the Court held that in a copyright infringement, venue was proper where confusion between products would occur.

---

[1] FAC ¶45 states "on or after February 5, 2007, Defendant ALLEN breached the agreement by receiving funds from Plaintiff totaling . . . $105,000 and failing to invest it on behalf of Plaintiff as he promised." Pursuant to FAC ¶23, Plaintiff moved to San Diego sometime after July 2007. As such, Plaintiff's FAC alleges that Defendant breached the agreement while Plaintiff was in San Jose.

1    The facts alleged in this instant matter are inapposite to both *Meyers* and *Radical Products*. Here, all acts between Plaintiff and Defendant in *San Jose*. Plaintiff and Defendant had conversations relating to the alleged investment in *San Jose*; Plaintiff made the investment in *San Jose*, Plaintiff requested documents relating to her investment while she was in *San Jose;* and Defendant breached the contract while in *San Jose*. Finally, Plaintiff's assertion that she discovered Defendant's breach while in San Diego (FAC ¶¶24-25) directly contradicts statements made by Plaintiff that Defendant breached the agreement while in San Jose upon acceptance of Plaintiff's funds (FAC ¶45). Plaintiff does not and cannot meet her burden of proof to establish venue in the Southern District and Plaintiff's Complaint in its entirety must be dismissed.

**C.    Plaintiff Does not Have Venue over Defendants Under the Securities Exchange Act of 1934.** Under the Securities Exchange Act of 1934 venue is proper in any district where any act or transaction constituting the violation occurred or where the defendant is found or is an inhabitant or transacts business. 15 U.S.C. §78v; 15 USC §78aa. The transaction need not be crucial, nor need the fraudulent scheme be hatched in the forum district, <u>but the jurisdictional act cannot be trivial and must be of material importance to consummation of the scheme</u>. *Hilgeman v. National Ins Co of America,* 547 F.2d 298, 301 (5th Cir. 1977). The special venue provisions of 15 U.S.C. §78aa are held to *supplement*, not replace, the general venue statute, 28 U.S.C. §1391.

Plaintiff claims that venue exists because Defendant telephone Plaintiff in San Diego and allegedly requested that they meet in person. (FAC ¶¶25-25). This statement is merely a continuation of the parties' previously relationship and Plaintiff's alleged investment, all of which, including Defendants alleged breach (FAC ¶45), occurred in *San Jose*, *Texas and/or Nevada*. As stated above, any conversation between Plaintiff and Defendant in San Diego was <u>not</u> of material importance to Plaintiff's alleged investment and bore no relationship to the transaction. Finally, Plaintiff's attempt to use phone calls between her attorney and Defendant are merely a red herring which have no relevance whatsoever to venue in the Southern District.

**D.    The Court Must Dismiss Plaintiff's FAC** In determining whether to transfer the case to a forum where venue is improper, the court must consider the basic equities of the case, including the following: (1) judicial economy and whether another action would necessarily be filed,

4                    Case Number: 08CV0532WQH WMc
REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

(2) the bar of the statute of limitations and whether, because of the statute of limitations, dismissal is overly harsh; and (3) the relative justice imposed on plaintiff and defendant. *Goldlaw, Inc. v. Heiman,* 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed. 2d 39 (1962); *King v. Russell,* 963 F.2d 1301, 1304-1305 (9th Cir. 1992). It is not in the interests of justice to transfer an action that was obviously or deliberately filed in the wrong court (e.g., where there was no personal jurisdiction over defendant). The interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing in the wrong court, and thereby imposed substantial unnecessary costs on both defendant and the judicial system. *Nicholas v. G.D. Searle & Co.,* 991 F.2d 1195, 1201 (4th Cir, 1993); *Dubin v. United States,* 380 F.2d 813, 816, fn.5 (5th Cir. 1967). Plaintiff's own admission that Defendant breached the contract while in San Jose (FAC ¶45) is substantial justification that Plaintiff purposefully filed her FAC in the wrong court in an effort to force Defendant to incur significant legal fees. In addition, the remaining allegations in Plaintiff's FAC do not support any nexus between the San Diego and the parties' agreement. As such, this Court should dismiss Plaintiff's FAC in its entirety.

**E.   Alternatively, Defendants Request that the Court Transfer the Action to the United States District of Nevada or the United States District Court of Western Texas.**

Defendants would stipulate to venue in Nevada or Western Texas should Plaintiff refile her claim. Where venue is proper, the court may transfer to another district for the convenience of the parties and witnesses in the interest if justice. 28 U.S.C. §1404(a). An action may be transferred only to a district in which it could have been brought. 28 U.S.C. §1406(a). This is interpreted to mean that the proposed transferee court must have: (1) subject matter jurisdiction, (2) proper venue, and (3) defendants must be subject to personal jurisdiction and be amenable to service of process in that district. *Shapiro v. Bonanza Hotel Co.,* 185 F.2d 777, 780 [interpreting language in 18 U.S.C. §1404(a); *American Standard Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (WD MO 1980).

Here, it would appear that the majority of witnesses are located in Las Vegas, where Forever Diamonds is located. The Forever Diamonds showroom is in Las Vegas, and any business documents relating to Forever Diamonds are maintained in Las Vegas. Alternatively, Defendants request that the Court transfer venue to Texas, where Allen resides and maintains documents relating

to the gifts transferred from La to him, including receipts of the wire transfers. Alternatively, if the Court is inclined to allow Plaintiff to maintain her action in the Southern District, Defendant requests that the Court allow the parties to conduct discovery related to venue in the Southern District.

## II.

## PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR SECURITIES FRAUD

**1. Plaintiff Has Failed to Meet the Heightened Pleading Requirements in Alleging Securities Fraud.** Plaintiff's opposition completely fails to address Defendants' arguments relating to fraud and scienter. Instead Plaintiff focuses on the definition of "security" without regard to federally mandated pleading requirements.

  A. <u>Fraud.</u>  Plaintiff misstates the elements to plead a cause of action for securities fraud. Rule 9(b) states that "a party must state with particularity the circumstances constituting fraud or mistake," allegations of fraud must be specific enough to give a defendant notice of the particular misconduct which is alleged to constitute the fraud charged so that it can defend against the charge and not just deny that it has done anything wrong. *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001); FRCP Rule 9(b); *Smith v. Allstate Ins. Co.,* 160 F. Supp.2d 1150, 1152 (S.D. Cal. 2001). Plaintiff cannot satisfy this second requirement by "simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question was false when it was made." *Id.* at 1153. Here Plaintiff merely states that Defendant's "material misstatements were made with the intent to deceive…" (FAC ¶15). Like *Smith,* such statements do not rise to the pleading requirement for fraud and must be dismissed with prejudice.

  B. <u>Scienter.</u>  A claim for securities fraud must also be in compliance with Private Securities Litigation Reform Act of 1995 ("PSLRA") Under the PSLRA (and the 1933 Act), a complaint must: (a) specify each statement or commission alleged to have been misleading (i.e., the content of each allegedly fraudulent statement or omission); (b) state when and where the statement was made; (c) identify the speaker and what the person obtained thereby; and (d) explain the reason or reasons why the statement or omission was misleading. 15 U.S.C. §78u-4(b)(1). Further, the complaint must allege a level of scienter, i.e., "state with particularity facts giving rise to a strong

inference that the defendant acted with the required state of mind." 15 U.S.C. §78u-4(b)(2). Thus the complaint must allege that the defendant made false or misleading statements either intentionally or with deliberate recklessness or, if the challenged representation is a forward looking statement, with actual knowledge that the statement was false or misleading, *i.e.,* the defendant's intention to deceive, manipulate, or defraud. 15 U.S.C. §78u-5(c)(1)(B)(i); *Ranconi v. Larkin,* 253 F.3d 423 (9th Cir. 2001); *In re Silicon Graphics Securities Litigation,* 183 F. 3d 970 (9th Cir. 1999). <u>"With particularity" means that Plaintiff must provide "in great detail, all the relevant facts forming the basis of her belief."</u> *In re Silicon Graphics Inc. Secur. Litig.,* 183 F.3d 970, 985 (9th Cir. 1999). Facts establishing only motive and opportunity or circumstantial evidence of simple recklessness are insufficient to crease a strong inference of deliberate recklessness. *Id.* at 979.

At best, Plaintiff's scienter allegations describe negligent conduct. Her allegations that Defendants' statements were made with the intent to deceive (FAC ¶15) and that she would realize a profit (FAC ¶14(b)) fails to allege with any particularity with which the statute requires such as: what facts form the basis of Plaintiff's belief that the statements were deceptive; what facts show Defendants' state of mind; and what facts show Defendant's motive or intent. Plaintiff cannot and does not identify what the "investment" is, whether stock, a partnership interest or otherwise. Plaintiff fails to identify the amount of "equity" she was "purchasing" with her alleged investment. Plaintiff makes no specific statements with regard to time. Plaintiff fails to state where the alleged fraudulent statements were made and the context in which they were made to her. Plaintiff provides no specificity as to the actual content of the statements other then Defendant offered to sell Plaintiff "an ownership interest" in Forever Diamonds, that Defendant represented the investment to be "sound", and that Plaintiff would earn a profit (FAC ¶14(b) and (c)). Plaintiff does not provide any information with regard to the amount of "shares" she was to receive, the percentage of equity interest she was entitled to receive or the nature of the investment she made in Forever Diamonds. It is wholly unclear from Plaintiff's Complaint exactly the terms were for Plaintiff's alleged investment. What is clear is that Congress sought to prevent Plaintiff's vague allegations as stated to constitute a cause of action for securities fraud. As such, this Court must dismiss Plaintiff's first cause of action with prejudice.

**2. Plaintiff Has Failed to Allege a Violation of Section 10b and Rule 10b-5 Promulgated Thereunder.** Plaintiff fails to address any allegations in Defendants' Motion related to alleged violations of Rule 10b-5. Under a Rule 10b-5 allegation Plaintiff must affirmatively plead: (1) that defendants made a material misrepresentation or omission; (2) **the misrepresentation was in connection with the purchase or sale of a security**; (3) that the misrepresentation caused plaintiff's loss; (4) that plaintiff justifiably relied on the misrepresentation or omission; (5) that defendants acted with scienter; and (6) that plaintiff suffered damages. Each of these elements must be plead with particularity. *In re Zoran Corp. Derivative Litigation,* 511 F.Supp.2d 986 (N.D. Cal. 2007); *In re Pixar Securities Litigation,* 450 F.Supp.2d 1096 (N.D. Cal. 2006); *In re Daou Sys., Inc. Securities Litigation,* 411 F.3d 1006, 1014 (9th Cir. 2005).

In the case at hand, Plaintiff's allegations at best rise to the level of a loan. The crux of Plaintiff's securities fraud claim is that Plaintiff provided Defendant with $105,000 of funds in exchange for what she was told would be an "investment" in Forever Diamonds and a $75,000 payment for a Texas Certificate of Deposit (FAC ¶¶12-15). Plaintiff never received proof of the investments and thus claims she was defrauded (FAC ¶¶14-15). Noticeably Plaintiff's FAC miserably fails to make allegations that a group of people invested in Forever Diamonds or that her alleged "investment" was nothing more then a simple loan.

While Plaintiff correctly cites 16 U.S.C. §77a in the definition of security, Plaintiff fails to address the subsequent court cases which analyze this statute and determine on a motion to dismiss whether the Plaintiff in fact invested in a "security". See *John v. Blackstock,* 664 F.Supp. 1426 (1987) and *Blackstock* court cited *Blue Chip Stamps v. Manor Drugs,* 421 U.S. 723, 732, 95 S.Ct. 1917, 1924, 44 L.Ed.2d 539 (1975). Plaintiff failed to adequately plead that the alleged fraud was in connection with the "purchase or sale" of a security. Plaintiff never actually purchased a "security" from Defendant and was never transferred any "shares" or ownership of stock. Indeed no such "shares" ever existed since Forever Diamonds was Allen's dba (see Defendant's Request for Judicial Notice Ex. "B" filed concurrently with Defendant's Motion to Dismiss).

**3. Claims under California Corporations Code (Sixth, Seventh, and Eighth Causes of Action).** California's statutory definition of security is similar to federal law. See *Cal. Corps.*

*Code* §25019; *People v. Frederick,* 142 Cal.App.4th 400, 413 (2006).  Because Plaintiff cannot prove that Defendants sold her a "security", Plaintiff's sixth and seventh causes of action must also be dismissed with prejudice.

### III.

### PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR ACCOUNT STATED

Plaintiff correctly identifies that "any bill may be the subject of an account stated." *Trafton v. Youngblood,* 69 Cal.2d 17 (1968).  For an account stated to exist, there must be a debt from one party to the other at the time of the *statement*, a balance must then be determined and agreed to be the correct sum owing from the debtor to the creditor, and the debtor must expressly or impliedly promise to pay to the creditor the amount determined to be owing. *Maggio, Inc. v. Neal,* 196 Cal.App.3d 745 (1987).  An account stated is equally established by a *statement* from the debtor assenting to and acknowledging the agreed amount of the debt to the creditor.  *Truestone, Inc. v. Simi West Industrial Park II,* 163 Cal.App.3d 715 (1984).

And therein lies Plaintiff's deficiencies in this cause of action – she has produced no statement or bill.  In fact, Plaintiff cannot and has not produced a single document identifying any transaction, nonetheless, a series of transactions between Plaintiff and Defendant.  Plaintiff's unilateral proclamation that she "lent" Defendant money to invest is not sufficient to form the basis for an account stated.  Furthermore, her failure to submit a copy of the account causes this cause of action to fail.  As such, the Court must dismiss this cause of action with prejudice.

### IV.

### PLAINTIFF FAILS TO STATE A CLAIM FOR MISREPRESENTATION/FRAUD

As state herein above, claims of fraud must be stated with particularity.  FRCP, 9(b) requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.  FRCP 9(b) *In re Suprema Specialties, Inc. Securities Litigation,* 438 F.3d 256 (2006); *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (9th Cir. 1990); *Arnold & Assoc., Inc. v. Misys Healthcare Systems,* 275 F.

Supp.2d 1013, 1028 (D AZ 2003).[2] Allegations that are vague or conclusory are insufficient to satisfy the particularity required by Rule 9(b). *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989); *Hayduk v. Lanna,* 775 F.2d 441, 444 (1st Cir. 1985). Plaintiffs vaguely alleges Defendant made representations regarding his knowledge of the jewelry business and that if Plaintiff invested in Forever Diamonds that she would realize a profit by January 2008. (FAC ¶¶56-58). Plaintiff then conclusively alleges such statements were false. (FAC ¶¶59-60). Noticeably Plaintiff is missing the detail required by Rule 9(b) relating to where the conversations were made and the manner in which the statements were made. Such statements do not provide the level of detail necessary to plead fraud. *Ouaknine v. MacFarlane,* 897 F.2d 75 (2nd Cir. 1990).

Additionally, much of the statements alleged by Plaintiff are inactionable as mere opinions. Statements of opinion are not generally actionable in fraud. *Bulgo v. Munoz,* 853 F.2d 710 (9th Cir. 1998). Actionable misrepresentations must relate to fact and cannot be based on expression of opinion or prediction. *Id.* Allegations regarding Defendant's statements relating to "soundness" of the investment and Defendant's "knowledge" of investments are not actionable statements.

## V.

## **CONCLUSION**

In conclusion, Defendants, Andra Allen dba Forever Diamonds, requests that this Court dismiss Plaintiff's First Amended Complaint in its entirety for improper venue, or in the alternative, dismiss with prejudice Plaintiff's first, third, fourth, sixth and seventh causes of action.

Dated: August 4, 2008               Respectfully Submitted,

                                    s/Timothy P. Dillon, Esq.
                                    E-mail: tdillon@dillongerardi.com
                                    Attorney for Defendants,
                                    Forever Diamonds

---

[2] Plaintiff cites to CACI No. 1900 for an instruction in fraud. While such instructions are helpful in assisting the trier of fact consider each of the elements of fraud, the CACI does not specifically address noticed pleading requirements under FRCP 9(b).