Timothy P. Dillon, Esq. (SBN 190839)
Nadya Y. Spivack, Esq. (SBN 222595)
Dillon & Gerardi, APC
4660 La Jolla Village Drive
Suite 775
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

Attorneys for Plaintiffs, Andra Allen and Forever Diamonds

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRACE E. LA, | Case No.: 08 CV 0532WQH WMc |
| Plaintiff, | **REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS** |
| v. | DATE: August 11, 2008 |
| ANDRA LEONARD ALLEN; FOREVER DIAMONDS, a business entity of unknown origin, and DOES 1 through 50, inclusive, | TIME: 11:00 A.M.<br>DEPT: 4<br>JUDGE: Honorable William Q. Hayes |
| Defendants. | |

Defendant, Andra Allen dba Forever Diamonds ("Defendant"), replies to Plaintiff's Objections to Evidence In Support of Opposition to Motion to Dismiss for lack of Venue, or in the Alternative Transfer Venue and Motion to Dismiss for Failure to State a Claim.

Notably, Plaintiff fails to object to the three exhibits and Request for Judicial Notice by Defendant such that the documentary evidence submitted by Defendant is admissible. With regard to Plaintiff's remaining objections, Defendant finds her objections baseless as shown below:

Motion 1:21-22; Decl. Allen, 2:1-2: These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996).

Motion 1:22-23: These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d

1  320,324 (9th Cir. 1996). These statements have foundation since Allen is the owner and dba to
2  Forever Diamonds. Similarly, these statements are relevant since they assist in establishing venue.

3  Motion 1:23-24; Decl. Allen 2:2-3: These statements are used to establish proper venue and
4  should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
5  *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). These statements have foundation since Allen is the owner and
6  dba to Forever Diamonds. Similarly, these statements are relevant since they assist in establishing
7  venue.

8  Motion 1:24-25; Decl. Allen 2:3-5: These statements are used to establish proper venue and
9  should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
10 *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). These statements have foundation since Allen is the owner and
11 dba to Forever Diamonds. Similarly, these statements are relevant since they assist in establishing
12 venue.

13 Motion 1:25-26; Decl. Allen 2:13-14: These statements are used to establish proper venue and
14 should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
15 *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). These statements have foundation since Allen is the owner and
16 dba to Forever Diamonds. Similarly, these statements are relevant since they assist in establishing
17 venue.

18 Motion 2:1-3; Decl. Allen 2:15-18: These statements are used to establish proper venue and
19 should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
20 *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). These statements have foundation since Allen is the owner and
21 dba to Forever Diamonds. Similarly, these statements are relevant since they assist in establishing
22 venue.

23 Motion 2:3-7; Decl. Allen 2:19-21: These statements are used to establish proper venue and
24 should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
25 *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). Moreover, these statements are not hearsay because they do not
26 seek to prove the truth of the matter asserted. Instead, it establishes a basis for the parties' relationship
27 and thus falls outside the hearsay rule. FRE 801(c). These statements have foundation since Allen
28 was a participant in Plaintiff's relationship with Allen. Similarly, these statements are relevant since

1 | they assist in establishing venue.

2 |       <u>Motion 2:8-9; Decl. Allen 3:4-5:</u>  These statements are used to establish proper venue and
3 | should be admitted for purposes of determining venue.  FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
4 | *S.A.,* 87 F.3d 320,324 (9th Cir. 1996).  Moreover, these statements are not hearsay because they do not
5 | seek to prove the truth of the matter asserted.  Instead, it establishes a basis for the parties' relationship
6 | and thus falls outside the hearsay rule.  FRE 801(c).  This statement is relevant in establishing venue to
7 | show that Defendant was in Texas at the time the parties' relationship broke off and Plaintiff
8 | demanded a return of her money.

9 |       <u>Motion 2:12-14; Decl. Allen 3:10-13:</u>  These statements are used to establish proper venue and
10 | should be admitted for purposes of determining venue.  FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
11 | *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). Moreover, these statements are not hearsay because they do not
12 | seek to prove the truth of the matter asserted.  Instead, it establishes a basis for Plaintiff's alleged
13 | investment and thus falls outside the hearsay rule.  FRE 801(c).  This statement is relevant in that it
14 | assists in establishing that Plaintiff's claims were entirely grounded in venue other then the Southern
15 | District.

16 |       <u>Motion 2:14-15:</u>  These statements are used to establish proper venue and should be admitted
17 | for purposes of determining venue.  FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d
18 | 320,324 (9th Cir. 1996).

19 |       <u>Motion 2:15-16; Decl. Allen 3:14-16:</u>  These statements are used to establish proper venue and
20 | should be admitted for purposes of determining venue.  FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
21 | *S.A.,* 87 F.3d 320,324 (9th Cir. 1996).  Moreover, these statements are not hearsay because they do not
22 | seek to prove the truth of the matter asserted.  Instead, it establishes a basis for the parties' relationship
23 | and thus falls outside the hearsay rule.  FRE 801(c).

24 |       <u>Motion 2:16-17; Decl. Allen 3:16-17:</u>  These statements are used to establish proper venue and
25 | should be admitted for purposes of determining venue.  FRCP 12(b)(3); *Argueta v. Banco Maxicano,*
26 | *S.A.,* 87 F.3d 320,324 (9th Cir. 1996). Moreover, these statements are not hearsay because they do not
27 | seek to prove the truth of the matter asserted.  Instead, it establishes a basis for Plaintiff's alleged
28 | investment and thus falls outside the hearsay rule.  FRE 801(c).  This statement is relevant in that it

3
REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS

1  assists in establishing that Plaintiff's claims were entirely grounded in venue other then the Southern District.

<u>Motion 2:20; Decl. Allen 3:22:</u> These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). ).

<u>Motion 2:20-22; Decl. Allen 3:22-24:</u> These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). Moreover, these statements are not hearsay because they do not seek to prove the truth of the matter asserted. Instead, it establishes a basis for Plaintiff's alleged investment and thus falls outside the hearsay rule. FRE 801(c). This statement has foundation since Allen is the owner and dba to Forever Diamonds.

<u>Motion 2:22:</u> These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). This statement has foundation since Allen is the owner and dba to Forever Diamonds such that he has knowledge as to how many times, if any, Plaintiff purchased securities in Forever Diamonds.

<u>Motion 22:23-24; Decl. Allen27-28:</u> These statements are used to establish proper venue and should be admitted for purposes of determining venue. FRCP 12(b)(3); *Argueta v. Banco Maxicano, S.A.,* 87 F.3d 320,324 (9th Cir. 1996). Moreover, these statements are not hearsay because they do not seek to prove the truth of the matter asserted. Instead, it establishes a lack of venue in the Southern District and thus falls outside the hearsay rule. FRE 801(c). This statement has foundation since Plaintiff informed Allen that she was moving to San Diego.

Dated: August 4, 2008                                  Respectfully Submitted,

<u>Timothy P. Dillon, Esq.</u>
E-mail: tdillon@dillongerardi.com
Attorney for Defendants, Andra Allen and Forever Diamonds